# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

In re:                                            Case No. 6:07-bk-00761-ABB
                                                        Chapter 11

LOUIS J. PEARLMAN,

                Debtor.       /

## CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER
## AUTHORIZING RULE 2004 EXAMINATIONS AND DISCOVERY

      The Chapter 11 Trustee, Soneet R. Kapila (the "Trustee"), moves this Court, pursuant to Rule 2004, *Federal Rules of Bankruptcy Procedure* ("Rule 2004"), to enter an order authorizing the Trustee to conduct necessary Rule 2004 examinations and related discovery. In support, the Trustee respectfully states as follows:

      1.     On March 1, 2007 (the "Petition Date"), Tatonka Capital Corporation, Integra Bank, National Association, American Bank of St. Paul, and First National Bank & Trust Company of Williston (collectively, the "Petitioning Creditors") initiated this proceeding by filing against Louis J. Pearlman (the "Debtor") an involuntary petition under Chapter 11 of the United Stated Bankruptcy Code.

      2.     On March 8, 2007, the Petitioning Creditors filed an emergency motion for appointment of a Chapter 11 trustee (Dkt. No. 5; the "Emergency Motion"). As set forth in the Emergency Motion, upon information and belief, the Debtor has been involved in one of the largest "ponzi" schemes in the State of Florida.

      3.     Subsequently, on March 16, 2007, this Court entered its Order Directing the Appointment of Chapter 11 Trustee (Dkt. No. 24).

{O1138981;2}

4. On March 27, 2007, the Trustee received from the office of the United State Trustee notification of his appointment as Chapter 11 Trustee in this proceeding.

5. On March 30, 2007, this Court entered its order approving the Trustee's appointment (Dkt. No. 46).

6. On April 5, 2007, the Court entered its Order for Relief Under Chapter 11 (Dkt. No. 60).

7. Pursuant to Section 1106 of the Bankruptcy Code, the Trustee is required, among other things, to "investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business and any other matter relevant to the case or to the formulation of a plan." 11 U.S.C. § 1106(a)(3).

8. After reviewing the facts and legal issues in this case, the Trustee has determined that he will need to obtain discovery from various persons and entities to enable him to discharge his statutory duties and powers, including, but not limited to, his duty to investigate the acts, conduct, assets, liabilities, and financial condition of the debtor.

9. In order to locate and recover assets of the estate, including money and real and personal property, the Trustee will need to depose various persons, including representatives of financial and lending institutions, persons claiming ownership interests in assets of the estate, and various other third parties. To this end, the Trustee anticipates that it will be necessary to conduct numerous Rule 2004 examinations and issue multiple subpoenas.

10.     Pursuant to, *inter alia*, Rule 2004, the Trustee seeks authority to engage in discovery, including, without limitation, conducting Rule 2004 examinations of, and issuing subpoenas to, various third parties, as the Trustee deems necessary and appropriate in order to perform his statutory duties (collectively, the "Discovery").

11.     The Trustee has determined that there is an urgent need to engage in the Discovery in order to obtain critical information regarding the assets of the Debtor's estate. Moreover, the Trustee is concerned that estate assets may be dissipated if he does not proceed to conduct the Discovery immediately.

12.     While the Trustee recognizes that the general practice of this Court is to file a motion for authority to conduct a Rule 2004 examination, the Trustee seeks authority to engage in any Discovery that he deems necessary and appropriate to carry out his statutory duties without the need for further orders of this Court. This process will enable the Trustee to engage in the necessary Discovery immediately.

13.     Should this Court grant this motion, the Trustee further requests that any third party objecting to the Discovery, including the issuance of a notice for Rule 2004 examination or a subpoena, be required to file its objection with this Court within ten (10) days after service of any such Discovery, failing which any such objection shall be deemed waived.

WHEREFORE, the Trustee respectfully requests that this Court enter the attached order authorizing the Trustee to engage in Discovery, including conducting Rule 2004 examinations of, and issuing subpoenas to, third parties, as the Trustee deems necessary

and appropriate to discharge his statutory duties without the need for further Court order, and granting such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    /s/ Denise D. Dell-Powell
    Denise D. Dell-Powell, Esq.
    Florida Bar No. 0890472
    **AKERMAN SENTERFITT**
    420 South Orange Avenue, 12th Floor
    Post Office Box 231 (32802-0231)
    Orlando, FL 32801-4904
    Phone: (407) 423-4000
    Fax: (407) 843-6610

    **Attorneys for Soneet R. Kapila**
    **Chapter 11 Trustee**

**CERTIFICATE OF SERVICE**

      I hereby certify that I caused the foregoing motion to be served electronically on the 11th day of April, 2007, or by United States Mail, postage prepaid, on the 12th day of April, 2007, to: (a) Louis J. Pearlman, Chaine du Lac, 12488 Park Avenue, Windermere, FL 34786; (b) the United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL 32801; (c) First National Bank and Trust Co. of Williston c/o Raymond V. Miller, Esquire, Gunster Yoakley & Stewart, P.A., 2 South Biscayne Boulevard, Suite 3400, Miami, FL 33131; (d) Tatonka Capital Corporation c/o Derek F. Meek, Esquire, Robert B. Rubin, Esquire, and Marc P. Solomon, Esquire, Burr & Forman LLP, 3100 SouthTrust Tower, 420 North 20th Street, Birmingham, AL 35203 and Richard B. Webber, II, Esquire, Zimmerman Kiser & Sutcliffe, P.A., 315 East Robinson Street, Suite 600, Orlando, FL 32801; (e) American Bank of St. Paul c/o William P. Wassweiler, Esquire, Rider Bennett LLP, 33 South Sixth Street, Suite 4900, Minneapolis, MN 55402; (f) Integra Bank c/o Lawrence E. Rifken, Esquire, McGuire Woods LLP, 1750 Tysons Blvd., Suite 1800, McLean, VA 22102; (g) those parties listed on the mailing matrix.

                                                                          /s/ Denise D. Dell-Powell
                                                                          Denise D. Dell-Powell

{O1138981;2}