UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re:<br><br>LOUIS J. PEARLMAN, et al.<br><br>Debtors. | Case No.: 6:07-BK-00761-ABB<br><br>Chapter 11<br><br>Jointly Administered |

**ORDER CLARIFYING REQUIREMENT TO PROVIDE ACCESS TO CONFIDENTIAL INFORMATION OR TO PRIVILEGED INFORMATION**

Upon the Motion[1] filed by the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned case, the Court has reviewed the Motion and finds that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and (d) notice of the Motion was sufficient under the circumstances. The Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. No Committee appointed in this case shall be authorized or required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Confidential

---

[1] Capitalized terms used herein that are not otherwise defined shall have the meanings set forth in the Motion.

84984-001\DOCS_NY:13084.5

Information[2] of the Debtors or the Chapter 11 Trustee to any creditor it represents, except as provided below.

       3.     No Committee shall be authorized or required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Privileged Information[3] to any creditor it represents, except as provided below. Nonetheless, any Committee appointed shall be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information is not Confidential Information, and (b) the relevant privilege is held and controlled solely by the Committee.

       4.     The Committee shall implement the following protocol for providing access to information for creditors ("Creditor Information Protocol") in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code. The Committee shall, until the earliest to occur of (i) dissolution of the Committee, (ii) dismissal or conversion of the Debtors' chapter 11 cases, and (iii) a further order of the Court, prepare and provide periodic reports as is appropriate under the circumstances and no less frequently than every thirty (30) days to holders of claims

---

[2] For purposes of this Order, the term "Confidential Information" shall mean all non-public documents, agreements, records, reports, data, appraisals, interpretations, audit reports, and all other non-public information, written, visual or oral regardless of how transmitted, concerning the Debtors' financial condition or performance, the Debtors' business operations, including, without limitation, any and all information relating to the valuation of the Debtors and/or their assets, or the sale of the Debtors' assets, or actual or potential causes of action belonging to the Debtors' estates or the Chapter 11 Trustee, provided to the Receiving Parties by the Debtors or the Chapter 11 Trustee, and prepared by, or on behalf of, or furnished by, or on behalf of, the Debtors or the Chapter 11 Trustee (whether or not marked confidential), or any other materials provided to the receiving parties by or on behalf of the Debtors or the Chapter 11 Trustee, as well as derivations, summaries, and analyses of Confidential Information prepared by or on behalf of any of the receiving parties to the extent that Confidential Information is included, incorporated, conveyed or referenced therein.

[3] For the purposes of this Order, the term "Privileged Information" shall mean any information subject to the attorney-client or some other state, federal, or other jurisdictional law privilege or protection (including attorney work product), whether such privilege or protection is solely controlled by the Committee or is a joint privilege with the Chapter 11 Trustee or some other party.

described in section 1102(b)(3) of the Code (the "Committee Reports") that provide, without limit:

    (a)    general information concerning the Debtors' chapter 11 cases of Trans Continental Airlines, Inc. (the "Chapter 11 Case") and any related cases, including case dockets, access to docket filings, and general information concerning significant parties in the cases;

    (b)    a summary of recent public proceedings, public events and public financial information;

    (c)    highlights of significant Debtors' public events in the chapter 11 cases;

    (d)    a calendar with upcoming significant public events in the Debtors' chapter 11 cases; and

    (e)    press releases (if any) issued by each of the Committee and the Chapter 11 Trustee, and relevant news articles of interest regarding the Debtors' chapter 11 cases.

The Committee shall post the Committee Reports on the case website maintained by the Chapter 11 Trustee at www.pearlmantranscon.com. Further, in fulfillment of its obligation to solicit and receive comments from general unsecured creditors as set forth in subsection 1102(b)(3)(B), the Committee's website information page(s) shall include contact information for the Committee's counsel, including an email address to allow unsecured creditors to send questions and comments in connection with the case.

5. <u>Privileged and Confidential Information.</u> The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "Entity"): (i) without further order of the Court, Confidential Information; or (ii) Privileged Information.

6. Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding or other litigation shall not be governed by the terms of this Order but, rather, by any order governing such discovery.

7. The Chapter 11 Trustee is authorized to assist the Committee in identifying any Confidential Information concerning the Debtors that is provided by the Chapter 11 Trustee or his agents and professionals, or by any third party, to the Committee, its agents and professionals.

8. <u>Creditor Information Requests.</u> If a creditor (the "Requesting Creditor") submits a written request to the Committee (the "Information Request") for the Committee to disclose information, the Committee shall as soon as practicable, but no more than twenty (20) days after receipt of the Information Request, provide a response to the Information Request (the "Response"). The Response may include provisions for access to the information requested or the reasons the Committee cannot comply with the Information Request. If the Response is to deny the Information Request because the Committee believes the Information Request implicates Confidential Information or Privileged Information that need not be disclosed

pursuant to the terms of this Order or otherwise under section 1102 (b)(3)(A) of the Bankruptcy Code, or that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be served and the hearing on such motion shall be noticed and scheduled. The Committee shall not object to any Requesting Creditor's request to participate in any such hearing by telephone conference. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's Information Request that the Committee deems to be Confidential Information or Privileged Information. Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an *in camera* review of any information specifically responsive to the Requesting Creditor's Information Request that the Committee claims is Confidential Information or Privileged Information.

        9. In its Response to an Information Request for access to Confidential Information, the Committee shall consider whether: (a) the Requesting Creditor is willing to agree to reasonable confidentiality and trading restrictions; and (b) under the particular facts, such agreement and any information-screening process that it implements will reasonably protect the confidentiality of such information; provided, however, that if the Committee elects to provide access to Confidential Information on the basis of such confidentiality and trading

restrictions, the Committee shall have no responsibility for the Requesting Creditor's compliance with, or liability for violation of, applicable securities or other laws. To the extent such Confidential Information was provided to the Committee by the Chapter 11 Trustee or any of his representatives, before providing such Confidential Information to a Requesting Creditor, the Committee shall (i) consult with the Chapter 11 Trustee, and (ii) obtain the Chapter 11 Trustee's consent to the distribution of such Confidential Information and the implementation of procedures to ensure that the confidentiality of such information is maintained. Any disputes with respect to this paragraph shall be resolved as provided in the preceding paragraph, and, to the extent applicable, the next paragraph.

10. <u>Release of Confidential Information of Third Parties</u>. In addition, if the Information Request implicates Confidential Information of the Debtor, the Chapter 11 Trustee, or any other Entity, and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may make a demand (the "Demand") for the benefit of the Debtor's creditors: (a) if the Confidential Information is information of the Debtors or the Chapter 11 Trustee, by submitting a written request, each captioned as a "Committee Information Demand," to counsel for the Chapter 11 Trustee, stating that such information will be disclosed in the manner described in the Demand unless the Chapter 11 Trustee objects to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor and the Chapter 11 Trustee may schedule a hearing with the Court seeking a ruling with respect to the Demand under section 704(a)(7) of the Bankruptcy

Code or otherwise, and, unless the matter is resolved consensually among the Committee, the Requesting Creditor and the Chapter 11 Trustee, the Committee shall not be required to disclose such information until further order of the Court after such a hearing; and (b) if the Confidential Information is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to the Chapter 11 Trustee's counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity objects to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, such Entity and the Chapter 11 Trustee may schedule a hearing with the Court seeking a ruling with respect to the Demand, and, unless the matter is resolved consensually among the Committee, the Requesting Creditor and the objecting Entity, the Committee will not be required to disclose such information until further order of the Court after such a hearing.

11. Nothing in this Order requires the Committee to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

12.  Nothing in this Order shall expand, restrict, affirm, or deny the right or obligation, if any, of the Committee to provide access, or not to provide access, to any information of the Debtors or the Chapter 11 Trustee to any party except as explicitly provided herein.

13.  This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: __September 27__, 2007

_____
Honorable Arthur B. Briskman

Copies furnished to the parties on the annexed Service List.

## TCA
## MASTER SERVICE LIST

Trans Continental Airlines Inc.
127 West Church Street, Suite 350
Orlando, FL 32801

Soneet R. Kapila, CPA
Kapila & Company
1000 South Federal Highway, Suite 200
Fort Lauderdale, FL 33316

Denise Dell-Powell, Esq.
Akerman Senterfitt
CNL Center II at City Commons
420 South Orange Avenue, Suite 1200
Orlando, FL 32801-3336

Michael I. Goldberg, Esq.
Akerman Senterfitt
Las Olas Centre II
350 East Las Olas Blvd., Suite 1600
Ft. Lauderdale, FL 33301-2229

Paul J. Battista, Esq.
Genovese Joblove & Battista, P.A.
Bank of America Tower International Place
100 SE 2nd Street, 44th Floor
Miami, FL 33131

Miriam G. Guarez, Esq.
United States Trustee
135 W. Central Blvd., Suite 620
Orlando, FL 32801

First National Bank and Trust Co.
  of Williston
c/o Raymond V. Miller, Esq.
Gunster Yoakley & Stewart, P.A.
2 South Biscayne Boulevard, Suite 3400
Miami, FL 33131

Tatonka Capital Corporation
c/o Derek F. Meek, Esq.,
  Robert B. Rubin, Esq. and
  Marc P. Solomon, Esq.
Burr & Forman LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, AL 35203

Richard B. Webber, II, Esq.
Zimmer Kiser & Sutcliffe, P.A.
315 East Robinson Street, Suite 600
Orlando, FL 32801

American Bank of St. Paul
c/o William P. Wassweiler, Esq.
Rider Bennett LLP
33 South Sixth Street, Suite 4900
Minneapolis, MN 55402

Integra Bank
c/o Lawrence E. Rifken, Esq.
McGuire Woods LLP
1750 Tysons Blvd., Suite 1800
McLean, VA 22102

Jeffrey L. Devine, Esq.
Integra Bank, N.A.
P.O. Box 868
Evansville, IN 47705-0868

Michael Connelly
519 Wexford Drive
Venice, FL 34293

Leonard A. Gravitz
703 Waterview Lane
Tarpon Springs, FL 34689

Roberta D. Jordan
506 Planters Wood Court
Vairico, FL 33594

Donald L. Gaffney, Esq.
Snell & Wilmer, L.L.P.
One Arizona Center
400 East Van Buren
Phoenix, AZ 85004-2202

David D. Mathis
11861 Sedgewick Dr.
Huntley, IL 60142

William P. Wassweiler Esq.
Lindquist & Vennum, PLLP
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Dave Carlson
American Bank of St. Paul
1578 University Avenue W
St. Paul, MN 55104-3908

David B. McAdoo, President
First National Bank & Trust Co.,
  of Williston
P.O. Box 1827
Williston, ND 58802-1827

Rick Nichols
First National Bank & Trust Co.,
  of Williston
P.O. Box 1827
Williston, ND 58802-1827

Robert B. Rubin, Esq.
Burr & Forman LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, AL 35203

Carol Hansen
Tatonka Capital Corporation
1441 18th Street, Ste. 400
Denver, CO 80202

Derek F. Meek, Esq.
Burr & Forman LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, AL 35203

Thorndale Investment Company
c/o Jennifer Chow
330 Spring Street, Apt. 2C
New York, NY 10013

Edwin E. Brooks, Esq.
DrinkerBiddleGardnerCarton
191 North Wacker Drive, Ste. 3700
Chicago, IL 60606-1698

Frederick T. Lowe, Esquire
FREDERICK T. LOWE, ESQ., P.A.
3907 Henderson Blvd., Suite 200
Tampa, FL 33629-5761

Mark S. Guralnick, Esq.
MARK S. GURALNICK
*A Professional Corporation*
Tampa Bay Park, Lake Pointe II, Suite 100
3111 W. Dr. Martin Luther King Jr. Blvd.
Tampa, FL 33607

Michael Weininger
Lupel Weininger LLP
30 North LaSalle Street
Suite 3520
Chicago, IL 60602

Lara Roeske Fernandez
Trenam, Kemker, Scharf, Barkin, Frye,
  O'Neill & Mullis, P.A.
Post Office Box 1102
Tampa, FL 33601-1102

American Bank of St. Paul
c/o Lynn James Hinson, Esq.
Dean, Mead, Egerton, et al.
P.O. Box 2346
Orlando, FL 32802-2346

BANK OF AMERICA, N.A.
c/o Bradley M. Saxton
PO Box 1391
Orlando, FL 32802-1391

Colonial National Mortgage, A Division O
c/o Peter E. Lanning
9204 King Palm Drive
Tampa, FL 33619-1328

Ethan B. Minkin
Snell & Wilmer LLP
One Arizona Center
400 E. Van Buren Street, Suite 1900
Phoenix, AZ 85004-2202

First International Bank & Trust
c/o Robert F. Higgins, Esq.
215 North Eola Drive
P.O. Box 2809
Orlando, FL 32801

Donald L. Gaffney
c/o Snell & Wilmer L.L.P.
One Arizona Center
400 East Van Buren Street, Suite 1900
Phoenix, AZ 85004-2202

Integra Bank
21 SE Third Street
Evansville, IN 47708

Peter E Lanning
Law Office of Daniel C. Consuegra
9204 King Palm Drive
Tampa, FL 33619

American Bank of St. Paul
1578 University Avenue West
Saint Paul, MN 55104-3908

Carl Ley and Teena Ley
27250 Highseas Lane
Bonita Springs, FL 34135

First National Bank and Trust Co.
 of Williston
22 East 4th Street
Williston, ND 58802

Robert F Higgins
Lowndes, Drosdick, Doster, Kantor & Reed
215 North Eola Drive
Orlando, FL 32801

Internal Revenue Service
Post Office Box 21126
Philadelphia, PA 19114

Michael C Markham
Johnson Pope Bokor Ruppel & Burns LLP
PO Box 1368
Clearwater, FL 33757

Florida Department of Revenue
Bankruptcy Unit
Post Office Box 6668
Tallahassee, FL 32314-6668

Lynn James Hinson
Dean Mead Egerton
Post Office Box 2346
Orlando, FL 32802

Beverly Mathis
11861 Sedgewick Dr
Huntley, IL 60142

Gerard A. McHale
Gerard A McHale Jr PA
1601 Jackson Street
Suite 200
Fort Myers, FL 33901

Marc P Solomon
Burr & Forman LLP
420 North 20th Street
Suite 3100
Birmingham, AL 35230

Richard Blackstone Webber, II
Zimmerman Kiser & Sutcliffe PA
315 East Robinson Street
Suite 600
Orlando, FL 32801

Derek F Meek
Burr & Forman LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, AL 35203

Orange County Tax Collector
Attn: Earl K. Wood
Post Office Box 2551
Orlando, FL 32802

Robert B. Rubin
Burr & Forman LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, AL 35203

United States Trustee - ORL
135 W. Central Blvd., Suite 620
Orlando, FL 32801

Raymond V Miller
Gunster Yoakley & Stewart PA
2 South Biscayne Boulevard
Suite 3400
Miami, FL 33131

Tatonka Capital Corporation
1441 Eighteenth Street
Suite 400
Denver, CO 80202

William P. Wassweiler
Rider Bennett LLP
33 South Sixth Street
Suite 4900
Minneapolis, MN 55402

Andrew M. Brumby
Shutts & Bowen LLP
300 S. Orange Avenue
Suite 1000
Orlando, FL 32801
*Mailing Address:*
Post Office Box 4956
Orlando, FL 32802-4956

Spiro J. Verras, Esq.
Bilirakis Law Group, P.A.
4538 Bartelt Road
Holiday, FL 34690

American Express Bank
c/o Gilbert Weisman
Becket & Lee LLP
POB 3001
Malvern, PA 19355-0701

Backstreet Boys & Affiliated Entities
c/o Jason L. Turner
Lassiter, Tidwell, Davis, Keller, & Hogan
150 Fourth Ave North, Ste 1850
Nashville, TN 37219

Backsteet Boys/Michael Oppenheim
c/o Clay Townsend
Morgan & Morgan PA
20 N. Orange Ave, Ste 1600
Orlando, FL 32801

Baeza Jewelers, LLC
c/o Paul H. McLester, Esq.
100 South Orange Ave, Ste 200
Orlando, Fl 32801

Bank of Bozeman
c/o Thomas O. Ashby, Esq., Stacey Hines, Esq., Zoe R. Wade, Esq.
Baird Holm, LLP
1500 Woodmen Tower
Omaha, NE 68102

The Bank of New York
c/o Keith Appleby
PO Box 1438
Tampa, FL 33601

Belle Harbor Owner's Association, Inc.
c/o Michael J. Brundy, Esq
200 North Pine Ave. Ste A
Oldsmar, FL 34677

Julian Benscher
c/o Andrew M. Brumby, Esq.
PO Box 4956
Orlando, FL 32802-4956

Frances Bogal
Stanley Bogal as Executor of the Estate
of Rae Lehrer, deceased
12 David Drive
Syosset, NY 11791

Peggy A. Brockman
c/o Spiro J. Verras, Esq.
Bilirakis Law Group, PA
4538 Bartlet Road
Holiday, FL 34690

Colonial National Mortgage
c/o Peter E. Lanning, Esq.
9204 King Palm Drive
Tampa, FL 33619-1328

Peggy G. Cook and Robin L. Cook
c/o Andrea Teves Smith
PO Box 24628
Lakeland, Fl 33802-4628

Countrywide Home Loans, Inc.
c/o Natalie K. Curts, Esq.
3185 South Conway Road, Ste E
Orlando, FL 32812-7315

Frederic J. DiSpigna
Law Office of David J. Stern, PA
801 S. University Drive, Ste 500
Plantation, FL 33324

First National Bank and Trust Co. of
Williston
c/o Richard P. Olson, Esq.
PO Box 1180
Minot, ND 58702-1180

Robert N. Gilbert, Esq.
Carlton Fields, PA
PO Box 150
West Palm Beach, FL 33402

Rhoda Hedrick
c/o R. Eric Rubio, Esq.
510 Vonderburg Dr., Ste 3004
Brandon, FL 33511

Internal Revenue Service
PO Box 35045, Stop 5720
Jacksonville, FL 32202

International Law Group, LLC
P.O. Box 10614
Tampa, FL 33579

Jill E. Kelso, Esq.
Akerman Senterfitt
PO Box 231
Orlando, FL 32802-0231

Donald R. Kirk, Esq.
Fowler White Boggs Banker PA
PO Box 1438
Tampa, FL 33601

Louis J. Pearlman Enterprises, Inc.
c/o Gerard A. McHale, Receiver
1601 Jackson St., Ste 200
Ft. Myers, FL 33901

MB Financial Bank NA
c/o Michael Weininger
Lupel Weininger LLP
30 N LaSalle St., Ste 3520
Chicago, IL 60602

Gerard A. McHale, Receiver
c/o Michael C. Markham, Esq.
Johnson Pope Bokor Ruppel & Burns LLP
PO Box 1368
Clearwater, FL 33757

William Meares
c/o Lara Roeske Fernandez, Esq.
Trenam, Kemker
P.O. Box 1102
Tampa, FL 33601-1102

Ethan B. Minkin
c/o Snell & Wilmer, LLP
400 E. Van Buren Street, ste 1900
Phoenix, AZ 85004-2202

Jay D. Passer
4100 W. Kennedy Blvd., Ste 322
Tampa, FL 33609

Louis J. Pearlman
c/o R. Fletcher Peacock, Esq.
Federal Public Defender
201 S. Orange Ave, Ste 300\
Orlando, FL 32801

Bradley M. Saxton
a/f Bank of America, NA
PO Box 1391
Orlando, FL 32802-1391

Securities and Exchange Commission
Atlanta District Office
Bankruptcy Division
3475 Lenox Road, N.E. Ste 1000
Atlanta, GA 30326-1232

Miriam Suarez
Office of the United States Trustee
135 West Central Blvd., Ste 620
Orlando, FL 32801

J. Andre Tardif
c/o Carol A. Lawson, Esq.
2194 Main Street, Ste J
Dunedin, FL 34698

Trans Continental Airlines, Inc.
127 West Church Street
Ste 350
Orlando, FL 32801

Trans Continental Aviation, Inc.
c/o George E. Mills
PO Box 995
Gotha, FL 34734

United States Trustee – ORL
135 W. Central Blvd., Ste 620
Orlando, FL 32801

Sean Van Der Wilt
c/o Jason L. Turner
Lassiter, Tidwell, Davis Keller & Hogan
150 Fourth Ave North, Ste 1850
Nashville, TN 37219

Robert and Dorothy Walton
7975 58th Ave North #402
St. Petersburg, FL 33709

Washington Mutual Bank
c/o Suzanne E. Gilbert, Esq.
PO Box 1526
Orlando, FL 32802

Washington Mutual Bank
PO Box 44090
Jacksonville, FL 32231

World Fuel Services, Inc.
c/o Edward J. O'Sheehan
200 East Broward Blvd.
National City Center, Ste 2100
Ft. Lauderdale, FL 33301