**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

**LOUIS J. PEARLMAN,** *et al.,*                    **CASE NO.: 6:07-bk-00761-ABB**
                                                    **CHAPTER 11**
        **Debtor.**                                 **(Jointly Administered)**
_____/

**ORDER ON AMENDED MOTION OF SONEET R. KAPILA,**
**CHAPTER 11 TRUSTEE, FOR ORDER APPROVING**
**(I) CASE MANAGEMENT PROCEDURES; (II) DISCOVERY PROTOCOL;**
**(III) OMNIBUS HEARING DATES; (IV) NOTICE PROCEDURES;**
**(V) PROCEDURES FOR DISPOSITIVE MOTIONS;**
**(VI) CERTAIN TRIAL PROCEDURES; AND (VII) OTHER RELIEF**

THIS CAUSE came on for consideration before the Court on January 7, 2010, at 10:00 a.m., on the Amended Motion of Soneet R. Kapila, Chapter 11 Trustee, for an Order Approving (I) Case Management Procedures; (II) Discovery Protocol; (III) Omnibus Hearing Dates; (IV) Notice Procedures; (V) Procedures for Dispositive Motions; (VI) Certain Trial Procedures; and (VII) Other Relief (Dkt. No. 2734) (the "Motion") filed by Plaintiff, Soneet R. Kapila ("Trustee"), as the Chapter 11 Trustee for the Bankruptcy Estate of Louis J. Pearlman in Case No. 6:07-bk-00761-ABB, and having considered the relief requested in the Motion, it is

**ORDERED:**

1.      The hearing on the Motion is **CONTINUED** until March 11, 2010, at 10:00 a.m.

2.      Within twenty-four (24) business hours of receipt of a request by a Defendant during the Initial Discovery Period, Trustee shall provide that Defendant with a copy of the index (the "Index") of documents referenced in paragraph 18.a. of the Motion.

3.      Defendants in the EISA Cases[1], TCTS Stock Cases, Vendor Cases, and Other Cases, shall have twenty-one (21) days from the date of this Order (the "Initial Discovery Period") to serve document requests on Trustee.  To the extent possible, the document requests should identify, by box number from the Index, the box or boxes in which the Defendants believe that documents may be located responsive to their document request.  The parties are directed to cooperate in the identifying of boxes that might have responsive information as per the request for production.  Each request should have a box number or numbers associated with it, and in a separately numbered paragraph, at the end of the Request for Production, a listing of each box that the Defendant wishes to have "pulled" to review for documents.

4.      The failure to submit a written request for documents during the Initial Discovery Period may be treated as a waiver of any right to require the Trustee to pay all or any portion of the cost of "pulling" any boxes from the location where such documents are stored, should the Court determine that the Trustee should pay all or a portion of costs of "pulling" documents responsive to such requests.

5.      No further discovery is permitted at this time.

6.      After expiration of the Initial Discovery Period, Trustee shall have fourteen (14) days to file and serve any statement with the Court outlining its position with respect to a procedure or mechanism for production of documents, as well as the allocation of costs to be incurred therewith, in response to document requests served during the Initial Discovery Period.

7.      The Court will address the issue of costs as well as all other matters in the Motion at the March 11th hearing.

---

[1] Defined terms from the Motion are incorporated into this Order.

8.      Conferences prescribed by Rule 26(f), Federal Rules of Civil Procedure, incorporated by Rule 7026, Federal Rules of Bankruptcy Procedure, are waived with respect to document requests to be served during the Initial Discovery Period.

9.      At the March 11th hearing, the Court will hold a status conference, for scheduling purposes only, with respect to the pending motions to dismiss in the Adversary Proceedings.

10.     Service of this Order shall be made on all parties by the Trustee.  The Trustee shall file a Certificate of Service with the Court.

DONE AND ORDERED on January 22, 2010.


_____
ARTHUR B. BRISKMAN
UNITED STATES BANKRUPTCY JUDGE


Copies furnished to:

James E. Foster, Esq. and
Samual A. Miller, Esq.
Akerman Senterfitt
420 S. Orange Ave., Suite 1200
Orlando, FL 32801
james.foster@akerman.com
samual.miller@akerman.com