WILLIAM H. LASSITER, JR.
CLARK H. TIDWELL
RANDLE S. DAVIS †
JORDAN S. KELLER
G. MILLER HOGAN, II

OF COUNSEL:
HENRY E. HILDEBRAND, III



JENNIFER A. LAWSON
ELIZABETH RYDER SYKES
JOHN OVERTON BELCHER
THOMAS D. RUTH ††
ABIGALE L. PIERCE
JASON L. TURNER †††

† ALSO LICENSED IN MISSISSIPPI
†† ALSO LICENSED IN KENTUCKY
††† ALSO LICENSED IN FLORIDA

May 22, 2007

Michael I. Goldberg
Akerman Senterfitt
Las Olas Centre II
350 East Las Olas Boulevard
Suite 1600
Ft. Lauderdale, FL 33301-2229
*VIA EMAIL*

Re: **My Client:** Backstreet Boys and its affiliated entities
    **Your Clients:** Soneet R. Kapila, Trustee (Trans-Continental entities)

Dear Michael:

This letter is in response to Mr. Kapila's email to me dated May 18, 2007. There are two issues that I wish to address: (1) the issue of confidential documents, and (2) ownership of any and all Backstreet Boys merchandise (CDs, photos, clothing, etc.).

As I have noted on multiple occasions, there are presumably numerous documents from prior litigation that are within Trans-Continental's possession. These documents are protected by a Confidentiality Agreement and Stipulated Protective Order, which Trans-Continental, Mr. Pearlman, and the Backstreet Boys entered into in 2003. I have enclosed a copy of this Order for your review. As such, since your client is unable to provide an inventory of said items, I am requesting that you allow myself and Clay Townsend, co-counsel for various Backstreet Boys matters, immediate access to the location of the documents to prevent them from any disclosure.

The second issue pertains to Mr. Kapila's question as to whether or not the Backstreet Boys are claiming any "special rights" to personal property/merchandise. Pursuant to prior settlement agreements that Louis J. Pearlman and various Trans-Continental entities entered into with Backstreet Boys and its affiliated entities, please accept this as formal notice that the Backstreet Boys and its affiliated entities hereby assert ownership over any and all merchandise that relates to the Backstreet Boys (e.g., CDs, photographs, clothing, and any other merchandise of any kind). The said settlement agreements resulted in Trans-Continental's and Pearlman's relinquishment of all ownership in the various Backstreet Boys entities. As such, all property rights that Pearlman and/or Trans-Continental had as a result of corporate ownership was transferred to the Backstreet Boys and its entities. Therefore, your client, as trustee for Trans-Continental Records, Inc. and Louis J. Pearlman, does not have the right to sell any of these items. I request that any such items be returned to the Backstreet Boys at my address.

150 FOURTH AVENUE NORTH ♦ ONE NASHVILLE PLACE ♦ SUITE 1850 ♦ NASHVILLE, TENNESSEE
TELEPHONE (615) 259-9344 ♦ FAX (615) 242-4214 ♦ www.lassiterlaw.com



EXHIBIT A

      Please let me know your client's intentions on providing immediate access to secure the confidential records, which are protected by Judge Roche's Order. If access is denied, which may result in disclosure of said documents in violation of the Order, I will have no choice but to file an emergency motion with the Court to have the Order enforced to protect my clients' rights.

      I look forward to hearing from you very soon. Should you have any questions, please do not hesitate to contact my office.

Sincerely,

Jason L. Turner

JLT/jl
Enclosure (Stipulated Protective Order)

cc:    Clay Townsend, Esq.
       Denise Dell-Powell, Esq.
       Jordan S. Keller, Esq.