

## AGREEMENT

Agreement dated as of the ___ day of December 2000 ("Agreement"), by and among

Louis J. Pearlman ("Pearlman"), Trans Continental Records, Inc., a Florida corporation ("Trans

Continental"), the individual members of the music group professionally known as the

Backstreet Boys (the "Group"), to wit, Nickolas Carter ("Carter"), Howard Dorough

("Dorough"), Brian Thomas Littrell ("Littrell"), Alexander J. McLean ("McLean") and Kevin

Richardson ("Richardson") (sometimes collectively referred to herein as the "Members of the

Group"), Backstreet Productions, Inc., a Delaware corporation ("BPI"), Backstreet Boys, Inc, a

Delaware corporation ("BBI"), and KBNHA Enterprises, Inc., a Delaware corporation

("KBNHA"), all such parties referred to hereinabove are sometimes collectively referred to

herein as the "Parties."  Pearlman and Trans Continental are sometimes collectively referred to

herein as the "Pearlman Parties."  Carter, Dorough, Littrell, McLean, Richardson, BPI, BBI and

KBNHA are sometimes collectively referred to herein as the "Backstreet Parties."

WHEREAS, the Parties (other than KBNHA) heretofore entered into a Settlement

Agreement dated as of October 1, 1998, setting forth various rights and obligations between and

among them (the "1998 Settlement Agreement"), which agreement was amended by subsequent

agreement dated as of March 24, 1999 (the "1999 Amendment");



671163_7

**LTH364**

WHEREAS, the 1998 Settlement Agreement, the 1999 Amendment and the Settlement and Termination Agreement are sometimes collectively referred to herein as the "Settlement Agreements";

WHEREAS, BPI, BBI and KBNHA are the companies through which all of the commercial activities of the Group have been conducted;

WHEREAS, Pearlman is a shareholder of BPI, BBI and KBNHA and Pearlman and Trans Continental have certain entitlements pursuant to the Settlement Agreements;



671163_7

**LTH365**



WHEREAS, the Parties desire to amicably resolve their disputes pursuant to the terms and conditions herein;

NOW, THEREFORE, in consideration of the mutual promises and covenants hereinafter contained, and other good and valuable consideration, the receipt and legal sufficiency of which is hereby acknowledged, the Parties agree, as follows:

1.    **Reaffirmation of Settlement Agreements**.  Each of the Parties acknowledges and reaffirms that the Settlement Agreements are lawful, valid and binding

671163_7

**LTH366**

agreements which were duly entered into and are enforceable in accordance with their terms.  All defenses to the validity and enforceability of the Settlement Agreements which were or could have been asserted by the Backstreet Parties are hereby irrevocably waived, relinquished and withdrawn.  Except as specifically modified and amended herein, all terms and provisions of the Settlement Agreements are ratified and remain in full force and effect.



671163_7

**LTH367**



671163_7

**LTH368**



3.      **Deliveries Upon Execution**.  Immediately following the full execution and delivery of this Agreement and the receipt of the payment set forth in Paragraph 2(a) hereof, the Pearlman Parties, on the one hand, and the Backstreet Parties, on the other hand, shall direct their respective counsel to enter into and exchange for filing the following stipulations with respect to the Pending Litigation:

671163_7

LTH369



4.    **Deliveries Upon Full Payment**.  Upon and in consideration of the full

and timely payment as set forth in Paragraphs 2(a), 2(b), 2(c) and 2(e) hereof, the following shall

unconditionally occur:

(a)    Pearlman shall convey, transfer and assign to the Backstreet Parties

all of his right, title and interest in his stock in BPI, BBI and KBNHA, free and clear of all liens,

claims, and encumbrances by executing and delivering a stock transfer and assignment

agreement in the form annexed hereto as Exhibit "G";

(b)    Pearlman shall execute and deliver to the Backstreet Parties letters

of resignation with respect to BPI, BBI and KBNHA in the form annexed hereto as Exhibit "H";



**LTH370**



671163_7

**LTH371**



671163_7

**LTH372**



671163_7

**LTH373**

671163_7

**LTH374**



671163_7

**LTH375**



671163_7

**LTH376**



671163_7

**LTH377**



11.   **Confidentiality.**  The Parties, together with their respective officers, employees, agents, attorneys and representatives shall maintain the confidentiality of this Agreement and the terms thereof, except that a party may disclose the terms of this Agreement (a) to his or its attorneys and accountants; (b) to third parties with whom any party hereto has commercial dealings and have a "need to know" the specific terms hereof; (c) to the extent necessary to implement or enforce the terms of this Agreement; (d) as to facts publicly available; and (e) pursuant to an order issued by any court of competent jurisdiction or a lawfully issued subpoena or as required by law, and then only after taking such steps, on prior written notice to each of the Parties, as are reasonable and necessary to preserve confidentiality. 

671163_7

**LTH378**

671163_7

**LTH379**



-17-

**LTH380**



671163_7

**LTH381**



16.    **Attorneys' Fees and Costs.**  In the event that any Party commences an

action or proceeding against any other Party to enforce any material provision of this Agreement

or the Settlement Agreements, the prevailing party shall be entitled to recover all costs, expenses

and reasonable attorneys' fees, whether or not such action is brought to judgment and whether

671163_7

**LTH382**

such costs, expenses and reasonable attorneys' fee are incurred before or after the filing of any such action.  Notwithstanding the foregoing, this provision shall not apply to claims asserted pursuant to Paragraphs 6(d) or 7 hereo, except to the extent that attorneys' fees may be awarded under law.



671163_7

**LTH383**



19.    **No Presumption**.  The Parties agree that the terms and provisions of this Agreement are the result of negotiations between the Parties and/or their counsel, and that this Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or their counsel participated in the drafting of this Agreement.

20.    **Legal Representation**.  Each of the Parties represent and warrant to the other that he or it has had full opportunity to obtain, and has in fact obtained, the advice of his or its own competent legal counsel with respect to this Agreement and the transactions contemplated hereby and that this Agreement was entered into voluntarily with the advice of their counsel and without coercion, duress or threats by any Party or Party's representatives at any time in connection with the negotiation of its terms.

21.    **No Oral Modifications**.  This Agreement may not be changed, altered, or modified except in writing signed by each of the Parties whose rights or interest is affected thereby.  This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by each of the Parties to be charged.

671163_7

**LTH384**



24.    **Further Assurances**.  The Parties agree to execute any additional documents or instruments reasonably necessary to give effect to this Agreement and to all terms contained in this Agreement and the Exhibits hereto, which Exhibits are made a part hereof.

25.    **Counterparts; Facsimile Signatures.**  This Agreement may be signed in counterparts and shall become effective as if executed in a single, complete document upon its execution by all parties.  Facsimile signatures of the undersigned parties will have the same force and effect as original signatures.

IN WITNESS WHEREOF, the undersigned have executed this Amendment as of the date indicated on the first page hereof.

BACKSTREET-PRODUCTIONS, INC.

By: _____
   Name: KEVIN RICHARDSON
   Title: CHAIRMAN

BACKSTREET BOYS, INC.

By: _____
   Name: KEVIN RICHARDSON
   Title: CHAIRMAN

671163_7

LTH385

KBNHA ENTERPRISES, INC.

By: _____
Name: KEVIN RICHARDSON
Title: CHAIRMAN

_____
NICKOLAS CARTER

_____
HOWARD DOROUGH

_____
BRIAN THOMAS LITTRELL

_____
ALEXANDER J. MCLEAN

_____
KEVIN RICHARDSON

TRANS CONTINENTAL RECORDS, INC.

By: _____
    Name: Louis J. Pearlman
    Title:  President

_____
LOUIS J. PEARLMAN

671163_7

**LTH386**

KBNHA ENTERPRISES, INC.

By: _____
   Name:
   Title:


_____

NICKOLAS CARTER


_____

HOWARD DOROUGH


_____

BRIAN THOMAS LITTRELL


_____

ALEXANDER J. MCLEAN


_____

KEVIN RICHARDSON


TRANS CONTINENTAL RECORDS, INC.

By: _____
   Name: Louis J. Pearlman
   Title:  President


_____

LOUIS J. PEARLMAN

**LTH387**

**List of Exhibits**



Exhibit "G" – stock transfer agreement

Exhibit "H" – letters of resignation with respect to BPI, BBI and KBNHA



671163_7

**LTH388**