UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 6:07-bk-00761-KSJ |
| | ) | Chapter 7 |
| LOUIS J. PEARLMAN, *et al.*, | ) | Jointly Administered with |
| | ) | 6:07-bk-00762-KSJ |
| Debtors. | ) | 6:07-bk-00832-KSJ |
| | ) | 6:07-bk-01504-KSJ |
| | ) | 6:07-bk-01505-KSJ |
| | ) | 6:07-bk-01779-KSJ |
| | ) | 6:07-bk-01856-KSJ |
| | ) | 6:07-bk-02431-KSJ |
| | ) | 6:07-bk-02432-KSJ |
| | ) | 6:07-bk-04160-KSJ |
| _____ | ) | 6:07-bk-04161-KSJ |

MEMORANDUM OPINION
GRANTING SUBSTANTIVE CONSOLIDATION
OF THE JOINT DEBTORS' ESTATES

No party, including the Chapter 11 trustee, Soneet Kapila, disputes that substantive consolidation of these jointly administered debtors' estates is merited.[1] The Chapter 11 trustee, however, seeks to limit the scope of the consolidation to preserve his numerous "wrong payor" constructive fraudulent transfer claims asserted in numerous related adversary proceedings. All parties in interest, including the official committee representing the interests of unsecured creditors, either oppose the trustee's request for "partial consolidation" or offer no opinion. The creditors assert that preserving the "wrong payor" claims ignores reality inasmuch as the Debtors always in fact operated as one financial entity, is contrary to the purposes of substantive consolidation, and is not an available equitable remedy. The Court agrees that the trustee's request for partial consolidation is inappropriate, at least in this case,[2] and accordingly will substantively consolidate all Debtor estates for all purposes *nunc pro tunc* to March 1, 2007.

---

[1] The debtors in these jointly administered cases are: Louis J. Pearlman; Louis J. Pearlman Enterprises, Inc.; Louis J. Pearlman Enterprises, LLC; TC Leasing, LLC; Trans Continental Airlines, Inc. ("TCA"), Trans Continental Aviation, Inc.; Trans Continental Management, Inc.; Trans Continental Publishing, Inc.; Trans Continental Records, Inc.; Trans Continental Studios, Inc.; and Trans Continental Television Productions, Inc. (collectively, the "Debtors"). In addition, a related corporation, F. F. Station, LLC ("F.F. Station"), filed a separate voluntary Chapter 11 case on February 20, 2007, case no. 6:07-bk-575-KSJ; however, this case is not jointly administered with the cases of the other Debtors.

[2] The Court declines to opine as to whether less than complete substantive consolidation is available under other circumstances.

To set the procedural stage, on September 22, 2010, the Court ordered all parties in interest who so desired, including any party in any related case or adversary proceeding, to file a motion for substantive consolidation by November 12, 2010.[3] Pursuant to this order, numerous parties filed motions seeking substantive consolidation of either (i) the Debtors only, or (ii) the Debtors *and* certain non-Debtor entities.[4] On December 14, 2010, the Court entered an order directing any party who objects to the pending motions for substantive consolidation to file a written objection by January 21, 2011.[5] No party, other than the Chapter 11 trustee,[6] filed an objection. As such, the Court finds that all parties consent to substantive consolidation of the Debtors for all purposes except, to a limited extent, the Chapter 11 trustee.[7]

Even the Chapter 11 trustee, however, recognizes the need for substantive consolidation due to the inextricably interwoven state of the Debtors' financial affairs and the costs associated with unwinding this financial mess.[8] Rather, he raises[9] a very specific concern about the scope of any substantive consolidation arguing that a complete consolidation would eliminate the trustee's so-called "wrong payor" constructive fraudulent transfer causes of action (the "Avoidance Actions").[10]

---

[3] Doc. No. 3186.

[4] Motions for Substantive Consolidation were filed by World Fuel Services (Doc. No. 3245); Jet Aviation Associates, Ltd. and Midcoast Aviation Associates, Ltd. (Doc. No. 3246); Privatesky Aviation Services, Inc. (Doc. No. 3250); U.S. Bancorp Equipment Finances, Inc. (Doc. No. 3253); Just Jets Services, Inc. (Doc. Nos. 3265, 3266, and 3267); James Keenan (Doc. No. 3269); Nejame, Lafay, Jancha, Ahmed, Barker, Joshi & Bartolone, PA (Doc. No. 3271); C.E. Avionics, Inc. (Doc. No. 3272); First International Bank and Trust (Doc. No. 3273); Jeffrey Paul Kranzdorf (Doc. No. 3276); DeBeaubien, Knight, Simmons, Mantzaris & Neal, LLP (Doc. No. 3277); Fifth Third Bank (Doc. No. 3278); Barrett, Chapman & Ruta, P.A. (Doc. No. 3279); Rosen Centre, Inc. (Doc. No. 3281); Foley & Lardner, LLP (Doc. No. 484 in the case of F.F. Station); Willis Group Holdings, Ltd. (Doc. No. 3284); Bank Joint Defense Group/ Integra Bank (Doc. No. 3285); Optical Experts Manufacturing, Inc. (Doc. No. 3286); and the Official Committee of Unsecured Creditors (Doc. No. 3289). In addition, various parties have filed pleadings joining and supporting the other parties' requests for substantive consolidation: Share Force One, LLC and Joshua James Perrotta (Doc. No. 3268, joining in the motion filed by C.E. Avionics, Inc., Doc. No. 3272); Tatonka Capital Corporation (Doc. No. 3270, joining in the motion filed by World Fuel Services, Doc. No. 3245); Deltamax Freight System Corporation and Watksy, Martinez & Company, CPA's, P.A. (Doc. No. 3274 and 3275, joining in motions Doc. Nos. 3245, 3246, and 3250); and Ray Coudriet Builder, Inc. (Doc. No. 3293, joining in all pending motions for substantive consolidation).

[5] Doc. No. 3330.

[6] Doc. No. 3365.

[7] The trustee also argues the Court lacks jurisdiction to consolidate *non*-Debtor entities with the Debtors' estates and that, even if jurisdiction exists, the procedural difficulties and administrative costs posit against non-Debtor consolidation. The Court has deferred ruling on this portion of the parties' request to substantively consolidate the Debtors' estates with numerous non-Debtor entities. A non-evidentiary, pre-trial conference on this issue (and the related portions of the parties' motions for substantive consolidation) is set for 2 p.m. on October 27, 2011. Nothing contained in this Memorandum Opinion is intended to resolve the issue of whether non-Debtor consolidation is appropriate or not.

[8] The trustee admitted the need for substantive consolidation in open court on September 16, 2010, and again on September 24, 2010, in his Sur-Reply in Opposition to Bank Joint Defense Group's Test Case No. 2 Motion to Dismiss (Doc. No. 18 in 6:09-ap-715-KSJ).

[9] Doc. No. 3365.

[10] Under 11 U.S.C. § 548(a)(1)(B) a trustee may avoid a transfer of any interest of the debtor in property if the debtor (i) received less than a reasonably equivalent value in exchange for such transfer, and (ii) was insolvent on the date of such transfer or became insolvent as a result thereof, (iii) was operating its business with unreasonably small amount of capital, (iv) intended to incur debts beyond the debtor's ability to repay such debts, or (v) made such transfer for the benefit of an insider. This is known as a constructive fraudulent transfer action because the debtor's intent to defraud creditors is presumed by the presence of these factors. The trustee has initiated hundreds of adversary proceedings against banks, vendors, and investors relying on this theory of constructive fraud.

In general, these claims allege one joint debtor made transfers in repayment of another joint debtor's preexisting debts; thus, the paying entity arguably received no value in exchange for its payment, one of the crucial prongs of a constructive fraudulent transfer claim. If the Debtors' estates are substantively consolidated, the assets and liabilities of one Debtor become the assets and liabilities of all joint Debtors. The "wrong payor" scenario then would disappear upon substantive consolidation because what matters is that the *consolidated* estate, not the particular paying entity, received value in exchange for the transfer, and the consolidated estate received a reduction in principal and interest in exchange for the loan repayment. The trustee therefore requests that any substantive consolidation order preserve these constructive fraud claims raised in the Avoidance Actions.

Given the trustee's request for partial consolidation to preserve the constructive fraudulent transfer claims, on February 3, 2011, the Court issued an order establishing a briefing scheduling on this last legal issue impeding the otherwise consensual substantive consolidation of the Debtors' estates.[11] The Court first allowed the trustee to file any additional legal memorandum in support of his position by March 1, 2011. The Court then allowed any party in interest to file a response by March 25, 2011. The Court took the issue of whether to partially or completely substantively consolidate the Debtors' estates under advisement as of March 26, 2011, based on the trustee's related pleadings,[12] the pleadings filed in response to the trustee's supplemental memorandum of law,[13] the various motions for substantive consolidation previously filed,[14] and on the related pleadings involving a similar issue filed in Adversary Proceeding 09-715.[15]

---

[11] Doc. No. 3383.
[12] Doc. Nos. 3365 and 3417.
[13] Doc. Nos. 3432, 3454, 3455, 3456, 3457, and 3458.
[14] See footnote 3, supra.
[15] Doc. Nos. 6, 10, 14, 18, and 26.

The trustee's supplemental memorandum alleges that partial consolidation will avoid two specific harms to creditors.[16] First, he argues partial consolidation will harm creditors by forcing the forfeiture of the trustee's constructive fraudulent transfer claims he values at $37 million. Second, he argues that creditors of Trans Continental Airlines ("TCA") will receive reduced distributions if total consolidation is ordered because more creditors will participate in the general distribution made from the consolidated Debtor's estates.[17]

*No* creditor or party in interest, however, supports the trustee's request for partial consolidation. In fact, each of the six creditors filing formal responses to the trustee's memorandum on partial consolidation,[18] and many of the motions for substantive consolidation, vehemently oppose the concept of partial consolidation, including the official committee of unsecured creditors.[19] The opposing parties argue that, even if partial substantive consolidation is appropriate in certain circumstances,[20] the trustee's attempt to preserve his constructive fraud claims in the Avoidance Actions is an illegitimate use of the concept because it defeats the purposes of substantive consolidation—to recognize that Pearlman ran the Debtors as substantially one entity and to avoid the unnecessary cost of unwinding their inextricably interwoven financial affairs.

Under binding Eleventh Circuit Court of Appeals precedent, substantive consolidation is one of the bankruptcy court's equitable powers arising under Bankruptcy Code §§ 105 and 302(b).[21] A bankruptcy court may order substantive consolidation of debtors' estates upon an evaluation of "whether the economic prejudice of continued debtor separateness outweighs the economic prejudice of consolidation."[22] The proponent of a motion for substantive consolidation must

---

[16] Doc. No. 3417.
[17] Trustee's Affidavit, Doc. No. 3366.
[18] Doc. Nos. 3432, 3454, 3455, 3456, 3457, and 3458.
[19] Doc. No. 3289.
[20] Certain opposing parties also argue the Supreme Court's decision in *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999) implies that bankruptcy courts cannot partially substantively consolidate debtors' estates. They argue, in short, that substantive consolidation is an all or nothing proposition and that this Court lacks the power in equity to partially substantively consolidate the Debtors' estates. Given the holding in this Memorandum Opinion that partial consolidation is not appropriate *in this case*, the Court need not rule on whether it is ever appropriate in any other case or under other circumstances.
[21] *Eastgroup Properties v. Southern Motel Assoc., Ltd.*, 935 F.2d 245 (1991).
[22] *Id.*

demonstrate (i) there is substantial identity between the entities to be consolidated and (ii) consolidation is necessary to avoid some harm or to realize some benefit.[23] Once the prima facie showing of substantial identity and harm or benefit is made, the burden shifts to an objecting creditor to show (1) it has relied on the separate credit of one of the entities to be consolidated and (2) it will be prejudiced by substantive consolidation.[24]

The Eleventh Circuit Court of Appeals has set forth a non-exhaustive list of factors a court may consider to determine whether substantial identity exists.[25] Certain relevant factors include:

   a. The presence or absence of consolidated financial statements;
   b. The unity of interest and ownership between various corporate entities;
   c. The existence of parent and inter-corporate guarantees on loans;
   d. The degree of difficulty in segregating and ascertaining individual assets and liabilities;
   e. The existence of transfers of assets without formal observance of corporate formalities;
   f. The commingling of assets and business functions;
   g. The profitability of consolidation at a single physical location;
   h. The parent owning the majority of the subsidiary's stock; and
   i. The entities having common officers or directors.[26]

No party, including the Chapter 11 trustee, disputes that Pearlman ran the Debtors as substantially the same entity and that there are significant benefits of substantively consolidating the Debtors' estates. The Chapter 11 trustee himself, who has inspected the books and records of the Debtors, admits the extreme difficulty in segregating and ascertaining particular Debtor assets and liabilities because Pearlman ran the Debtors with little regard for corporate formalities and intermingled the Debtors' funds. Indeed, the trustee admits that the costs of discovery and litigation alone on the substantive consolidation issue are prohibitive and favor substantive consolidation.[27]

---

[23] *In re Reider*, 31 F.3d 1102, 1108 (11th Cir. 1994).
[24] *Id.*
[25] *Eastgroup Properties v. Southern Motel Assoc., Ltd.*, 935 F.2d. 245, 249-50 (11th Cir. 1991).
[26] *Id.*
[27] Doc. No. 3365, p. 9.

Moreover, the February 22, 2007, report of Gerard A. McHale, Jr., who was appointed receiver of Debtors TCA, Transcontinental Airlines Travel Service, Inc., Transcontinental Enterprises, LLC, and Louis J. Pearlman (the "Receivership Entities"), in pre-bankruptcy Florida state court proceedings, also supports finding substantial identity amongst the Debtors. The report states, among other things: (i) "money was regularly transferred [from Pearlman's companies] without regard to proper accounting practices or legal formalities;" (ii) "the books and records [of the Receivership Entities] appear to indicate that all Pearlman entities were run as one basic enterprise;" (iii) "The books and records were not segregated by entity and were generally kept together, regardless of legal fictions;" and (iv) "the Receiver has reached the conclusion that [Pearlman's numerous companies were] one intertwined enterprise."[28]

Accordingly, in agreement with every other party in this case, including the trustee, the Court finds that the Debtors operated substantially as one entity and that the estate would benefit greatly from avoiding the costs associated with the quixotic task of trying to sort out the assets and liabilities of the respective estates. Notably, not one creditor challenges substantive consolidation asserting any type of prejudice or reliance on the credit worthiness of any single debtor. The Court therefore finds the proponents of substantive consolidation have made a prima facie showing of substantial debtor identity and a significant benefit to the estate of consolidation.

Only the trustee argues that limited consolidation is appropriate. He says he acts to protect the unsecured creditors from further harm. Yet, he does not explain why, given the opportunity, not one creditor—*not one*—supports his request for partial consolidation to preserve the "wrong payor" constructive fraud claims, even though he maintains that, the Avoidance Actions are the primary source of recovery for unsecured creditors. Regardless, even if the potential recoveries in the Avoidance Actions do constitute a significant source of monies to pay

---

[28] Ex. A to Doc. No. 3285 (among other places).

unsecured creditor claims, the trustee's request for partial consolidation is anathema to the purpose of consolidation.

The idea of partial consolidation has some very limited support in case law, but none within the Eleventh Circuit. The Bankruptcy Court for the Central District of California issued the opinion that has become the touchstone for any discussion of partial consolidation.[29] *Parkway Calabasas* suggested in dicta that bankruptcy courts might order less than complete consolidation of debtors' estates under certain circumstances. The court identified three such possible circumstances: (1) "[w]here, for example, property subject to a security interest would be enlarged by substantive consolidation (e.g. 'all accounts receivable'), the court may qualify the consolidation to protect unsecured creditors," (2) "[w]here property subject to a security interest would disappear, such as stock in a subsidiary to be substantively consolidated with a parent corporation, the secured creditor is entitled to have the security valued and to receive an appropriate priority in a reorganized plan," and (3) where "[a]ppropriate segregation of accounts may be required to give effect to one entity's guaranty of another's debt."[30]

*Parkway Calabasas* moreover held a Chapter 11 trustee could *not* pursue his "wrong payor" constructive fraudulent transfer causes of action after substantive consolidation because the claims were "destroyed" when the debtors' estates were consolidated.[31] In that case, the Chapter 11 trustee apparently realized after consolidation that his wrong payor claims were in jeopardy and sought to retroactively limit the consolidation to allow him to pursue such claims. The court stated: "Substantive consolidation cannot be split up in the manner sought by the trustee. The substantive consolidation has removed the separation between the [creditors of the two debtors' estates]." But *Parkway Calabasas* also concluded that "[i]n short, the result sought by the trustee could be achieved only if substantive consolidation *had been denied*."[32]

---

[29] *Gill v. Sierra Pacific Construction (In re Parkway Calabasas Ltd.)*, 89 B.R. 832, 837-38 (Bankr. C.D. Cal. 1988).
[30] *Id.*
[31] *Id.* at 840.
[32] *Id.* (emphasis added).

Although here, unlike *Parkway Calabasas*, the Chapter 11 trustee is seeking to preserve his constructive fraudulent transfer causes of action *before* the debtors' estates are consolidated, the logic of *Parkway Calabasas* makes clear that such partial substantive consolidation is inherently incompatible with the goals of consolidation. Either substantive consolidation is warranted and "wrong payor" claims disappear, or substantive consolidation is not merited. No half-way point rightfully exists.

The Court distinguishes its holding from the cases cited by the trustee by the Eighth and Ninth Circuit Courts of Appeals, respectively.[33] Those courts both upheld a bankruptcy court order partially consolidating debtors' estates that preserved constructive fraudulent transfer claims. But both orders were upheld because in each case the *only* reason for substantively consolidating the respective debtors' estates was to provide funding to *enable* the trustee to bring fraudulent transfer actions. Unlike those cases, the reason for substantively consolidating the Debtors' estates here is that they were run as one financial entity and the cost of unwinding their individual financial affairs is prohibitively expensive and time consuming. Preserving the trustee's Avoidance Actions is certainly *not* the justification for consolidation in this case, and rather is completely contradictory to it.

Indeed, this case presents a perfect illustration of why partial consolidation is inappropriate to preserve "wrong payor" cases. Pearlman ran his Ponzi scheme to deceive his creditors. He created entities with different names but he commingled every entity's assets, monies, and business functions. He failed to observe corporate formalities and apparently ran the whole show as one big company. In reality, the Debtors operated as one single entity, which is exactly what substantive consolidation recognizes. Now, regardless of this reality, the trustee seeks to require creditors to repay monies they received from one of these consolidated Pearlman

---

[33] *In re Bonham*, 229 F.3d 750 (9th Cir. 2000); *First National Bank of El Dorado v. Giller (In re Giller)*, 962 F.2d 796 (8th Cir. 1992).

entities simply because they paid the legitimate debt of another consolidated Pearlman entity. Such partial consolidation is not appropriate.

The creditors understand the impact of total consolidation to their ultimate recovery. They know complete consolidation could reduce the trustee's ultimate recovery from the Avoidance Actions. They know consolidation will result in diluted distributions as lesser monies are spread among more creditors. Yet, they do not object to complete consolidation, instead arguing that the benefits outweigh the prejudice to them.

The Court therefore finds the trustee's paternalistic concerns for the unsecured creditors disingenuous. He cannot on one hand acknowledge the overwhelming reality in this case that substantive consolidation is merited, given Pearlman's *modus operandi*, even if it does (as it will) reduce the ultimate distribution to creditors, but, on the other hand, argue for partial consolidation in an attempt to extract additional monies from legitimate creditors who simply were paid for services rendered or debts outstanding from another one of the Pearlman entities. The Debtors either were operated as one intertwined entity or they were not. The trustee cannot have it both ways.

This is not to say, however, that the Court's order today *automatically* extinguishes *all* of the trustee's "wrong payor" constructive fraud causes of action. Factual issues exist in each Avoidance Action that prevents such a global resolution. For example, some actions, such as the one involving the Bank Joint Defense Group (Adversary Proceeding No. 9-715), raises the issue of a now consolidated Debtor paying the debt of a non-Debtor, non-consolidated entity. Such claims are not affected by the substantive consolidation of the Debtors. This ruling simply consolidates the Debtors' assets and liabilities into one pool for all purposes; the chips, as they say, will fall where they may.

Accordingly, the Court partially grants the pending motions for substantive consolidation and orders the complete substantive consolidation of the Debtors' estates *nunc pro tunc* to March 1, 2007.[34]  The assets and liabilities of each Debtor are consolidated into one estate *for all purposes*.  The trustee is not entitled to any type of partial consolidation to preserve the "wrong payor" claims in the Avoidance Actions.  As to the issues related to the consolidation of non-debtors and the consolidation of F. F. Station, LLC, with these Debtors, a pretrial conference on those remaining substantive consolidation issues is set for **2:00 p.m. on October 27, 2010**.

DONE AND ORDERED in Orlando, Florida, on April 25, 2011.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

All parties

---

[34] March 1, 2007, is the date on which creditors filed involuntary petitions against Pearlman and TCA, and the first petition date of the Debtors.