UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                     Case No. 6:07-bk-00761-KSJ

LOUIS J. PEARLMAN, et al.                  Chapter 11

      Debtors.                       (Substantively Consolidated)
_____/

**CHAPTER 11 TRUSTEE'S OBJECTION TO PROOF OF CLAIMS FILED BY "BACKSTREET BOYS / MICHAEL OPPENHEIM" A/K/A HOWARD DOROUGH, NICKOLAS CARTER, KEVIN RICHARDSON, BRIAN LITRELL, ALEXANDER MCLEAN, BACKSTREET PRODUCTIONS, INC. <u>AND BACKSTREET BOYS, INC.</u>**

**THIS IS AN OBJECTION TO YOUR CLAIM.**

**PLEASE CAREFULLY REVIEW THIS OBJECTION**

**This objection seeks either to disallow or change the amount and/or the status of the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and why disposition of your claim is recommended.**

**Pursuant to Local Rule 2002-4, the Court will consider this Objection to Claim without further notice or hearing unless a party in interest files an objection WITHIN THIRTY (30) DAYS from the date this paper is entered on the docket. If you disagree with the objection or the recommended treatment, you must file a written response WITHIN THIRTY (30) DAYS from the date of service stated in this objection, explaining why your claim should be allowed as presently filed or in an amount other than as recommended by the Trustee, and you must mail a copy to the undersigned attorneys OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.**

{26545147;2}

**Any written response must contain the case name, case number, and must be filed with the Bankruptcy Clerk's Office and a copy mailed to the Trustee's counsel at the following addresses:**

> **Bankruptcy Clerk's Office**
> **United States Bankruptcy Court**
> **Middle District of Florida, Orlando Division**
> **400 W. Washington Street**
> **Orlando, FL 32801**
>
> **Samual A. Miller, Esq.**
> **Akerman Senterfitt**
> **P.O. Box 231**
> **Orlando, FL 32801-0231**

**If you file and serve an objection within the time permitted, the Court may schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

Pursuant to section 502(b) of the Bankruptcy Code, Rule 3007 of the Federal Rules of Bankruptcy Procedure, and Local Rule 3007-1, Soneet R. Kapila, as Chapter 11 Trustee (the "Trustee") for the bankruptcy estate of Louis J. Pearlman ("Pearlman") and each other jointly administered and substantively consolidated bankruptcy estate (collectively, referred to herein as the "Debtors") which includes Trans Continental Records, Inc., Case No. 6:07-bk-00832-KSJ, by and though undersigned counsel, hereby files this objection to Proof of Claim No. 571-1 filed by "Backstreet Boys / Michael Oppenheim" a/k/a Howard Dorough, Nickolas Carter, Kevin Richardson, Brian Littrell, Alexander McLean, Backstreet Productions, Inc. and Backstreet Boys, Inc. (collectively "Claimant") in Louis J. Pearlman case, Case No. 6:07-bk-00761-KSJ, and Claim No.

120-1 filed in Trans Continental Records, Inc. case, Case No. 6:07-bk-00832-KSJ filed by Claimant and in support thereof states:

### BACKGROUND ON CLAIM

1.      On July 23, 2007, Claimant filed the identical proof of claim in the bankruptcy cases of Louis J. Pearlman and Trans Continental Records, Inc. as a $3,451,456.04 unsecured non-priority claim. *See* Claim No. 571-1 filed in the Louis J. Pearlman case and Claim No. 120-1 filed in Trans Continental Records, Inc. case.

### OBJECTION TO CLAIM

2.      As of the date of this Objection, approximately 2700 proofs of claims have been filed against the Debtor estates.  The Trustee has begun the process of conducting a comprehensive review and reconciliation of these claims.   This process included identifying particular claims and categories of proofs of claims that may be targeted for disallowance, reduction and allowance, or reclassification and allowance.

3.      The Trustee objects to Claim No. 571-1 filed in Louis J. Pearlman, Case No. 6:07-bk-00761-KSJ since the claim is duplicative of Claim No. 120-1 filed in the Trans Continental Records, Inc. proceeding.

4.      The Trustee also objects to Claim No. 571-1 filed in the Louis J. Pearlman case and Claim No. 120-1 filed in Trans Continental Records, Inc. case since the claims are without backup information to allow the Trustee to confirm valid claims for indemnification.

5.      Disallowance of the claim will enable the Trustee to maintain a claims register that more accurately reflects valid claims pending against the Debtors' estates.

6.    Accordingly, the Trustee requests that the Court enter an order disallowing the claim.

7.    In the event that any of the identified claims are not disallowed in accordance with this Objection, the Trustee reserves the right to object to such claim on other grounds at a later date.

### LEGAL AUTHORITY IN SUPPORT OF THE RELIEF REQUESTED

8.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See Jacks v. Wells Fargo Bank, N.A. (In re Jacks)*, 642 F.3d 1323, 1333 (11th Cir. 2011); *In re Oneida, Ltd.,* 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Rockefeller Ctr. Props.,* 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

9.    Section 502(b)(1) of the Bankruptcy Code provides, in pertinent part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor or property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1); *see also In re Taylor,* 363 B.R. 303, 311 (Bankr. M.D. Fla. 2007).  Claims may be objected to and disallowed for, among other reasons, duplicating other claims. *See, e.g., In re Consolidated FGH Liquidating Trust*, Case No. 01-52173, 2006 WL 2818802, at *2 n. 4 (Bankr. S.D. Miss. Sept. 29, 2006).

10.    As this Court has previously explained, "[t]he rules rightfully require creditors to attach minimal supporting documentation for their claims so that a debtor can evaluate their validity without discovery or extraordinary expense." In re Taylor, 363

B.R. 303, 308 (Bankr. M.D. Fla. 2007) (citations omitted).  As further explained in the In

re Taylor opinion:

> As Judge Briskman held in In re Sandifer, 318 B.R. 609,
> 611 (Bankr. M.D. Fla. 2004), Bankruptcy Rule 3001(c) is
> designed to provide the debtor with "fair notice of the
> conduct, transaction, and occurrences that form the basis of
> the claim."  In many cases, the supporting documentation
> may be limited; however, in every case where the claim is
> based on a writing, some documentation is needed.
> Attaching supporting documentation is a mandatory
> prerequisite to establishing a claim's *prima facie* validity.

Id. at 308.

11.    Claim No. 571-1 and Claim No. 120-1 do not include documents or

information (e.g., contract, purchase order, invoice, etc.) to support a claim for

indemnification.

12.    Without such support and information, Trustee is simply in no position to

examine the validity of the claims.  Absent any evidentiary basis, Trustee has no real

option but to object to the claims.

**WHEREFORE**, the Trustee respectfully requests this Court to enter an Order (i)

sustaining the Trustee's objection to the claims; (ii) disallowing the claims and (iii)

granting any additional relief the Court deems appropriate.

Dated this 17th day of June 2013.

Respectfully submitted,

**AKERMAN SENTERFITT**

*/s/ Samual A. Miller*
Samual A. Miller
Florida Bar No. 0034991

420 South Orange Avenue, Suite 1200
Post Office Box 231
Orlando, Florida 32802-0231
Phone: (407) 423-4000
Facsimile: (407) 843-6610
E-mail:  samual.miller@akerman.com

and

Michael I. Goldberg, Esquire
Florida Bar No.: 886602
Las Olas Centre II, Suite 1600
350 East Las Olas Blvd.
Ft. Lauderdale, FL 33301-2229
Phone:  (954) 463-2700
Fax: (954) 463-2224
E-mail:
michael.goldberg@akerman.com

Counsel for Soneet R. Kapila, as Chapter 11
Trustee

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on June 17, 2013, electronically by all parties having appeared electronically in this case and by U.S. Mail on the following parties:

Clay M. Townsend, Esq.
Morgan & Morgan, P.A.
20 N. Orange Ave.
Suite 1600
Orlando, FL 32801

*/s/ Samual A. Miller*
Samual A. Miller, Esq.