UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                                    Case No. 6:07-bk-00761-KSJ

                                                                                Chapter 11
LOUIS J. PEARLMAN, et al.
                                                      /        (Substantively Consolidated)

**BACKSTREET ENTITIES' RESPONSE
IN OPPOSITION OF TRUSTEE'S OBJECTION TO CLAIM**

Howard Dorough, Nickolas Carter, Kevin Richardson, Brian Litrell, Alexander McLean, Backstreet Productions, Inc. and Backstreet Boys, Inc., by and through their counsel, Clay M. Townsend (collectively "Backstreet Entities/ Clay Townsend" or "Claimants") files this response in opposition of the Chapter 11 Trustee's Objection to Claims (the "Objection") (ECF No. 4079), and in support says:

1. The Trustee has objected to the Backstreet Entities' Proof of Claim No. 572-1 which was filed in the underlying action (Louis J. Pearlman case) "since the claim is duplicative of Claim No. 119-1 filed in the Trans Continental Records, Inc. proceeding" (Case No. 6:07-bk-00832-KSJ) ("Trans Continental Records, Inc. case). Objection at ¶ 3.

2. The Trustee further objects to both Proof of Claim No. 572-1 filed in the Louis J. Pearlman case and Proof of Claim No. 119-1 filed in the Trans Continental Records, Inc. case "since the claims are without backup information to allow the Trustee to confirm valid claims for fees and costs." Objection at ¶ 4.

The Allegedly Duplicative Claims

3. On July 25, 2007, the Backstreet Entities/ Clay Townsend filed a Proof of Claim (Claim No. 572-1) in the Louis J. Pearlman case in the amount of $87,728.58 related

to the legal fees and costs in seeking indemnification of a $3,451,456.04 claim, pursuant to a contractual indemnification provision being litigated in the Supreme Court of the State of New York (attached hereto as Exhibit A).

4.  On that same day, the Backstreet Entities/ Clay Townsend also filed an identical Proof of Claim (Claim No. 119-1) in the Trans Continental Records, Inc. case in the amount of $87,728.58 related to the legal fees and costs in seeking indemnification of a $3,451,456.04 claim, pursuant to a contractual indemnification provision being litigated in the Supreme Court of the State of New York (attached hereto as Exhibit B).

5.  Both Claim No. 572-1 and Claim No. 119-1 were filed in their respective cases because the Counter-Plaintiffs (i.e. the Debtors, Louis J. Pearlman and Trans Continental Records, Inc.) were jointly and severally liable, and the filing was prior to the time that the Louis J. Pearlman case and the Trans Continental Records, Inc. case were consolidated.

6.  Further, the Backstreet Entities filed a Proof of Claim (Claim No. 571-1) in the amount of $3,451,456.04 in the Louis J. Pearlman case and a Proof of Claim (Claim No. 120-1) for the same amount in the Trans Continental Records, Inc. case seeking indemnification, pursuant to a contractual indemnification provision, of the Backstreet Entities' claim for defending claims litigated by the Debtor Louis J. Pearlman in the Supreme Court of the State of New York (the proofs of claim are collectively attached hereto as Exhibit C).

7.  The Backstreet Entities' claim for $3,451,456.04 is supported by the Affidavit of Michael Oppenheim in Support of Backstreet Boys and Affiliated Entities' Proof of Claim ("Oppenheim Affidavit") that was filed with both Claim No. Claim No. 571-1 and Claim No.

120-1 on July 25, 2007. A copy of the Oppenheim Affidavit is attached hereto as Exhibit D setting forth supporting "backup information to allow the Trustee to confirm valid claims for indemnification." Objection at ¶ 4. Michael Oppenheim was designated as the Business Manager for the Backstreet Boys, Inc. on March 15, 1999 pursuant to a Special Meeting of the Board of Directors. See Minutes at Resolution ¶¶ 8, 9 attached hereto as Exhibit D1.

8. To the extent that the claim under Claim No. 119-1 is duplicative of Claim No. 572-1, the Claimants will accept payment on one or the other claim for $87,728.58 upon the Court's merger or withdrawal of a claim.

The Allegedly Deficient Backup Information

9. While every prepetition debt becomes discharged under 11 U.S.C. §727, §727(b) makes clear this is "[e]xcept as provided in section 523 of this title[.]" *Zitani v. Reed,* 992 So.2d 403, 408 (Fla. 2d DCA 2008). Further, "a debt is nondischargeable if it is 'for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.' 11 U.S.C. § 523(a)(4)." *Id*.

10. The Backstreet Entities/ Clay Townsend seek to recover on Claim No. 572-1 the amount of pre-petition legal fees and costs incurred beginning in 2005 by Backstreet Entities' counsel in litigating claims, including fraud, against the Debtor, Louis J. Pearlman, in an action that proceeded in New York. A copy of the Claimants' Answer, Affirmative Defenses, and Counterclaims and exhibits are attached hereto as Exhibit E.

11. The attached pleadings together with those filed with the claims provided the "minimal supporting documentation" for evaluation as one of the Backstreet Entities/ Clay Townsend claims in their Counterclaims against the Debtor(s) was for fraud in the inducement. See Exhibit E at p. 23; see also Objection at ¶ 10.

12. The settlement agreements that provide the evidentiary basis for the contractual indemnification of Claimants' claims contained confidentiality provisions and were originally filed under seal with the Supreme Court of New York as exhibits to the Backstreet Boys' Counterclaims. These confidentiality issues are now moot as the Ninth Judicial Circuit in and for Orange County, Florida (Judge Renee Roche) unsealed all of the records in a related action. See <u>Carter v. Conde Nast Publications</u>, 983 So.2d 23 (Fla. 5th DCA 2008). True and correct copies of these exhibits, including the settlement agreements attached to the Backstreet Boys' Counterclaims, are attached hereto as composite Exhibit F to provide further evidentiary basis for the Claimants' claims. Certified, true and correct copies of the settlement agreements have been ordered from the New York Supreme Court as these agreements were originally filed under seal, and will be filed and/or served on the Trustee upon Claimants' receipt of the same. Additionally, the Claimants' Counterclaims (see Exhibit E at ¶ 39) were based upon documents entitled "Settlement Transaction" which is attached hereto as Exhibit G.

13. Furthermore, discovery in the action before the New York Supreme Court had completed and the case was moving toward trial on the substantive issues when the Debtor's bankruptcy action was filed imposing the automatic stay in the civil suit.

14. The Backstreet Entities/ Clay Townsend are entitled to an unsecured claim in this case for $87,728.58 pursuant to the Affidavit of Clay M. Townsend in Support of Backstreet Boys and Affiliated Entities' Proof of Claim ("Affidavit") that was filed with both Claim No. 572-1 and Claim No. 119-1 on July 25, 2007. A copy of the Affidavit and supporting cost ledger is attached hereto as Exhibit H setting forth supporting "backup information to allow the Trustee to confirm valid claims for fees and costs."

15. The Claimants reserve the right to supplement this Response with additional evidentiary support if necessary. Claimants are in possession of voluminous documents, pleadings, briefs, depositions, and other materials, which can be filed and/or served on the Trustee, upon request. For example, Claimants attach hereto as Exhibit I, the Affidavit of Martin D. Singer, Esq. of Lavely & Singer, P.A., who acted as counsel for the Backstreet Boys and testified that the intent of the Debtor (Louis J. Pearlman) was to indemnify Claimants (see Exhibit I at ¶¶ 8 – 11).

WHEREFORE, Backstreet Entities/ Clay Townsend respectfully requests that this Court enter an Order: (i) overruling the Trustee's objection; (ii) granting Claimants' Proof of Claim No. 572-1 as an unsecured claim in the amount of $87,728.58; (iii) merging and/or withdrawing Claim No. 119-1 in the Trans Continental Records, Inc. case if indeed this Court finds that such a claim is indeed duplicative of Claim No. 572-1 after reviewing the supporting documentation herein and finds that the Debtors (Louis J. Pearlman and Trans Continental Records, Inc.) are not joint and severally liable; and (iv) for such other and further relief as is just and proper.

Dated: July 16, 2013

                **MORGAN & MORGAN, P.A.**
                *Attorneys for Plaintiff*

                **/s/ Clay M. Townsend**
                Clay M. Townsend (FBN: 363375)
                Keith R. Mitnik (FBN: 436127)
                20 N. Orange Avenue, Ste. 1500
                Orlando, FL  32801
                Phone: (407) 420-1414
                Fax:    (407) 425-8171
                CTownsend@forthepeople.com
                KMitnik@forthepeople.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed on July 16, 2013 through the Court's CM/ECF electronic notification system and served electronically on all parties having appeared electronically in this case, and by U.S. mail on the following parties:

<table>
<tr><td>Bankruptcy Clerk's Office<br>United States Bankruptcy court<br>Middle District of Florida, Orlando Div.<br>400 W. Washington Street<br>Orlando, Florida  32801</td><td>Samuel A. Miller, Esq.<br>Akerman Senterfitt<br>P.O. Box 231<br>Orlando, Florida 32801-0231</td></tr>
</table>

*/s/ Clay M. Townsend*
Clay M. Townsend, Esq.

-7-

# Exhibit Index

| Exhibit No. | Description | Date |
|---|---|---|
| A | Proof of Claim No. 572-1 in Louis J. Pearlman case | 07/25/07 |
| B | Proof of Claim No. 119-1 in the Trans Continental Records case | 07/25/07 |
| C | Composite of Proof of Claim Nos. 571-1 in the Louis J. Pearlman case & Claim No. 120-1 in the Trans Continental Records case | 07/25/07 |
| D | Affidavit of Michael Oppenheim | 07/25/07 |
| D1 | Shareholders' Minutes from Special Meeting of the Backstreet Boys' Board of Directors | 03/15/99 |
| E | Backstreet Boys' Answer, Affirmative Defenses, and Counterclaims with exhibits as filed (minus the sealed Settlement Agreements) | 01/17/06 |
| F | Composite of Settlement Agreements as attached to Backstreet Boys' Answer, Affirmative Defenses, and Counterclaims and supporting documents | 05/28/93 12/19/00 12/21/04 04/15/06 |
| G | Composite of the "Settlement Transaction" agreements | 10/01/98 03/24/99 |
| H | Affidavit of Clay M. Townsend | 07/25/07 |
| I | Affidavit of Martin D. Singer, Esq. | 04/04/06 |