EXHIBIT F

# GALLOWAY & QUALMANN P.A.

### A T T O R N E Y S   A T   L A W

Firststate Tower, 255 South Orange Avenue, Suite 1590
Orlando, Florida 32801
TEL: 407-425-9787 FAX: 407-425-9084

May 28, 1993

### VIA HAND DELIVERY

Mr. Louis J. Pearlman
Chairman/President/Chief Executive Officer
Airship International Ltd.
7380 Sand Lake Road, Suite 200
Orlando, Florida 32819

Re: Backstreet Boys

Dear Lou:

It was a pleasure to meet with you and Bob recently and we look forward to working with you on the Backstreet Boys musical venture. Enclosed is the Thomson and Thomson Search Report on the name "Backstreet Boys". Also enclosed is their invoice in the amount of $385.00 that you may pay directly.

I have reviewed the report and discussed it with my partner, Chris Qualmann. We believe you should be clear to use the mark as planned both for the group's title and in merchandising. The report revealed some "hits" on the word "Backstreet" as the name of a musical group, a film production company and a record label. There is also a Norwegian musical group called "The Back Street Girls" that has released four albums for the Medicine and Polygram Record labels. Several songs have copyrighted under the title, "Backstreet Boy" and one under the title "Backstreet Boys".

There are no direct conflicts with your group's name, "Backstreet Boys". We recommend that you file for state and federal trademark registration soon and we will be happy to administer that for you. As we discussed, you should immediately affix a small "TM" on your mark for future use as notice of your intent to file for trademark registration.

Regarding Sam Licata's stock in Backstreet Boys, Inc., Chris has attempted on several occasions to contact Joe Licata but to date has been unsuccessful. We will continue to pursue Joe to that issue.

I have reviewed your proposed Employment Agreement, its Exhibit "A", the Stockholders Stock Restriction Agreement and proposed Shareholder's Agreement. We

0001067

Mr. Louis J. Pearlman
May 28, 1993
Page Two
_____

are prepared to prepare new documents and/or revise these originals as discussed.  Please let us know how you would like us to proceed, particularly regarding the proposed new entity and to clear up the remaining claims on Backstreet Boys, Inc.

I hope you had good fortune in your recent New York meetings and I look forward to speaking with you soon.

Sincerely,

Gregory B. Galloway

CC: Bob Fischetti (w/o Encl.)

0001068

Rv tima:12/20/2004 16:06          Rv No :471 P 026

*Law Offices of*
## Melissa M. Trimble, P.A.
*Entertainment, Arts and Sports Law*

57 West Pine Street Suite 300                           Phone 407/425-1211
Orlando FL 32801                                        Fax 407/425-1771

May 17, 1993

Mr. Louis J. Pearlman, President
Backstreet Boys, Inc.
7380 Sand Lake Road, Suite 200
Orlando, FL 32819

Dear Lou:

Enclosed please find copies of correspondence from Sam regarding
his stock and a statement from Sybil regarding what she considers
a reasonable fee for services she rendered on behalf of the
Backstreet Boys and for which she expects payment prior to
relinquishing her stock. Please let me know if you would like to
pursue reincorporating at this time.

Jeanne has requested that I prepare musician contracts; please let
me know whether you prefer that I draft them to be applicable for
(local) tours only or for all purposes (i.e. videos, studio,
recording, all live performances, etc.).

I am currently preparing the guardianship pleadings for each minor
in the band; I will let you know when they are ready to be filed.

I will wait to hear from you on the corporation issue and the
musician contracts before proceeding further.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Melissa M. Trimble
MMT/jmm

6402 Oakdell Drive
Tampa, FL 32614
May 12, 1993

Ms. Melissa M. Trimble, P.A.
57 West Pine Street
Suite 300
Orlando, FL 32801

Dear Ms. Trimble:

In response to your letter dated April 29, 1993, I would like to clarify my position on the Backstreet Boys, Inc. stock to ensure there is no misunderstanding.

I have not agreed to voluntarily relinquish the Backstreet Boys, Inc. stock until the current severance package negotiations between the Backstreet Boys, Inc. and me are complete. I am currently awaiting a response from Mr. Bob Fachette as to the status.

Upon finalization of these negotiations, I will notify you of my position.

Sincerely,

Sam Licata

Sam Licata

, 051293

000026
Trimble Docs Produced
6/02/05

## AGREEMENT

Agreement dated as of the 14 day of December 2000 ("Agreement"), by and among Louis J. Pearlman ("Pearlman"), Trans Continental Records, Inc., a Florida corporation ("Trans Continental"), the individual members of the music group professionally known as the Backstreet Boys (the "Group"), to wit, Nickolas Carter ("Carter"), Howard Dorough ("Dorough"), Brian Thomas Littrell ("Littrell"), Alexander J. McLean ("McLean") and Kevin Richardson ("Richardson") (sometimes collectively referred to herein as the "Members of the Group"), Backstreet Productions, Inc., a Delaware corporation ("BPI"), Backstreet Boys, Inc, a Delaware corporation ("BBI"), and KBNHA Enterprises, Inc., a Delaware corporation ("KBNHA"), all such parties referred to hereinabove are sometimes collectively referred to herein as the "Parties." Pearlman and Trans Continental are sometimes collectively referred to herein as the "Pearlman Parties." Carter, Dorough, Littrell, McLean, Richardson, BPI, BBI and KBNHA are sometimes collectively referred to herein as the "Backstreet Parties."

WHEREAS, the Parties (other than KBNHA) heretofore entered into a Settlement Agreement dated as of October 1, 1998, setting forth various rights and obligations between and among them (the "1998 Settlement Agreement"), which agreement was amended by subsequent agreement dated as of March 24, 1999 (the "1999 Amendment");

WHEREAS, the Parties (other than KBNHA), Johnny Wright and Backstreet Management, Inc. ("BMI") heretofore entered into an agreement, dated as of October 1, 1998, which, inter alia, terminated a certain management agreement dated as of September 17, 1993 (the "Settlement and Termination Agreement");

671163_7

J&GPC-01906(TANZY)
CONFIDENTIAL

WHEREAS, the 1998 Settlement Agreement, the 1999 Amendment and the Settlement and Termination Agreement are sometimes collectively referred to herein as the "Settlement Agreements";

WHEREAS, BPI, BBI and KBNHA are the companies through which all of the commercial activities of the Group have been conducted;

WHEREAS, Pearlman is a shareholder of BPI, BBI and KBNHA and Pearlman and Trans Continental have certain entitlements pursuant to the Settlement Agreements;

WHEREAS, various disputes have arisen and certain actions and proceedings have been commenced ("Pending Litigation"), as follows:

(a)     an arbitration entitled "Louis J. Pearlman and Trans Continental Records, Inc. v. Nickolas Carter, Howard Dorough, Brian Thomas Littrell, Alexander J. McLean and Kevin Richardson, Backstreet Boys, Inc. and Backstreet Productions, Inc.", pending with the American Arbitration Association in New York, New York, Case No. 13E-140-01089-99 (the "New York Arbitration");

(b)     an action pending in the Supreme Court of the State of New York in and for the County of New York entitled "Louis J. Pearlman and Trans Continental Records, Inc. v. Nickolas Carter, Howard Dorough, Brian Thomas Littrell, Alexander J. McLean and Kevin Richardson", bearing Civil Action Index No. 605613/99 (the "New York Action");

(c)     an administrative proceeding before the California Labor Commissioner entitled "Nickolas Carter, Howard Dorough, Brian Thomas Littrell, Alexander J.

671163_7

J&GPC-01907(TANZY)
CONFIDENTIAL

McLean and Kevin Richardson v. Louis J. Pearlman, Backstreet Management, Inc., Backstreet Productions, Inc., Backstreet Boys, Inc., Trans Continental Records, Inc., and Does 1-50", pending with the California Labor Commissioner, Case No. TAC-40-99 (the "California Labor Commissioner Proceeding");

       (d)    an action pending in the Supreme Court of the State of New York in and for the County of New York entitled "Louis J. Pearlman and Trans Continental Records, Inc. v. Gudvi, Chapnick & Oppenheim, Inc." (the "Gudvi Firm"), Civil Action No. 600814/2000, (the "Gudvi Action"); and

       (e)    an action pending in the Ninth Judicial Circuit Court in and for Orange County Florida entitled "Brian Thomas Littrell, Howard D. Dorough, Alexander J. McLean and Kevin Richardson (p/k/a Backstreet Boys) v. Wright Stuff Productions, Inc. and Donna Wright, et al, "Civil Action No. 97-8163, which action, inter alia, includes certain claims asserted by and against Donna Wright and Wright Stuff Productions, Inc. (collectively, the "D. Wright Parties") and various other claims (the "Florida Action");

    WHEREAS, the Parties desire to amicably resolve their disputes pursuant to the terms and conditions herein;

    NOW, THEREFORE, in consideration of the mutual promises and covenants hereinafter contained, and other good and valuable consideration, the receipt and legal sufficiency of which is hereby acknowledged, the Parties agree, as follows:

    1.    __Reaffirmation of Settlement Agreements__. Each of the Parties acknowledges and reaffirms that the Settlement Agreements are lawful, valid and binding

-3-

671163_7

J&GPC-01908(TANZY)
CONFIDENTIAL

McLean and Kevin Richardson v. Louis J. Pearlman, Backstreet Management, Inc., Backstreet Productions, Inc., Backstreet Boys, Inc., Trans Continental Records, Inc., and Does 1-50", pending with the California Labor Commissioner, Case No. TAC-40-99 (the "California Labor Commissioner Proceeding");

(d) an action pending in the Supreme Court of the State of New York in and for the County of New York entitled "Louis J. Pearlman and Trans Continental Records, Inc. v. Gudvi, Chapnick & Oppenheim, Inc." (the "Gudvi Firm"), Civil Action No. 600814/2000, (the "Gudvi Action"); and

(e) an action pending in the Ninth Judicial Circuit Court in and for Orange County Florida entitled "Brian Thomas Littrell, Howard D. Dorough, Alexander J. McLean and Kevin Richardson (p/k/a Backstreet Boys) v. Wright Stuff Productions, Inc. and Donna Wright, et al, "Civil Action No. 97-8163, which action, inter alia, includes certain claims asserted by and against Donna Wright and Wright Stuff Productions, Inc. (collectively, the "D. Wright Parties") and various other claims (the "Florida Action");

WHEREAS, the Parties desire to amicably resolve their disputes pursuant to the terms and conditions herein;

NOW, THEREFORE, in consideration of the mutual promises and covenants hereinafter contained, and other good and valuable consideration, the receipt and legal sufficiency of which is hereby acknowledged, the Parties agree, as follows:

1.    __Reaffirmation of Settlement Agreements__. Each of the Parties acknowledges and reaffirms that the Settlement Agreements are lawful, valid and binding

-3-

671163_7

J&GPC-01908(TANZY)
CONFIDENTIAL

agreements which were duly entered into and are enforceable in accordance with their terms. All defenses to the validity and enforceability of the Settlement Agreements which were or could have been asserted by the Backstreet Parties are hereby irrevocably waived, relinquished and withdrawn. Except as specifically modified and amended herein, all terms and provisions of the Settlement Agreements are ratified and remain in full force and effect.

      2.    **Payments Due**. The Backstreet Parties shall cause the Pearlman Parties to be paid the sum of Twenty-Nine Million, Five Hundred Thousand Dollars ($29,500,000.00) as follows:

      (a)    the Backstreet Parties shall cause the Pearlman Parties to be paid the sum of Fifteen Million Dollars ($15,000,000.00), within two (2) business days after the full execution and delivery of this Agreement. Such payment shall be made by wire transfer of immediately available funds to the account of Parker Chapin LLP at Chase Manhattan Bank, ABA No. 021000021, Account No. 967956900;

      (b)    the Backstreet Parties shall cause the Pearlman Parties to be paid the sum of Seven Million Dollars ($7,000,000.00), on or before January 3, 2001, by wire transfer of immediately available funds to the account of Parker Chapin LLP at Chase Manhattan Bank, ABA No. 021000021, Account No. 967956900, which obligation shall be evidenced by a promissory note in the form annexed hereto as Exhibit "A", to be executed and delivered to counsel for the Pearlman Parties simultaneous with the full execution and delivery of this Agreement.

      (c)    the Backstreet Parties shall cause the Pearlman Parties to be paid the sum of Seven Million Five Hundred Thousand Dollars ($7,500,000.00), on or before February 15, 2001, by wire transfer of immediately available funds to the account of Parker Chapin LLP at Chase Manhattan Bank, ABA No. 021000021, Account No. 967956900, which

671163_7

J&GPC-01909(TANZY)
CONFIDENTIAL

obligation shall be evidenced by a promissory note in the form annexed hereto as <u>Exhibit "B"</u>, to be executed and delivered to counsel for the Pearlman Parties simultaneous with the full execution and delivery of this Agreement.

      (d)     The Backstreet Parties shall not have or exercise any right of setoff, abatement or reduction with respect to the amounts due pursuant to Paragraphs 2(b) and 2(c) herein.

      (e)     In the event the Backstreet Parties fail to pay to the Pearlman Parties the payments set forth either in Paragraphs 2(b) or 2(c) herein on the due date, then the Pearlman Parties shall give written notice to the Backstreet Parties of said default in the manner provided for giving notice as set forth in Paragraph 19 hereof. The Backstreet Parties shall then have ten (10) days after receipt of the written notice within which to cure the default. If payment is received in the account of Parker Chapin, LLP as provided in Paragraphs 2(b) and 2(c), within the ten (10) day cure period then the Backstreet Parties shall be deemed to have made the payment set forth in Paragraphs 2(b) or 2(c), as the case may be, on a timely basis.

      (f)     After the Backstreet Parties make the payment in accordance with Paragraph 2(a) herein, seven million five hundred thousand ($7,500,000) dollars of said payment shall be deemed to have been paid to Trans Continental and the Backstreet Parties shall at that point have no further obligations (financial or otherwise) to Trans Continental pursuant to the terms of the Settlement Agreements and shall have no further financial obligations to Trans Continental under this Agreement.

      (g)     In the event that the Backstreet Parties pay the Pearlman Parties the payments set forth in Paragraphs 2(a), 2(b) and 2(c) (on a timely basis as provided in Paragraph 2(e)), then the Backstreet Parties shall have no further financial obligations to the

671163_7

J&GPC-01910(TANZY)
CONFIDENTIAL

Pearlman Parties under the Settlement Agreements and under this Agreement (except obligations which may be applicable or continuing pursuant to Paragraph 6, 7, 11, 12, 14 and 17 hereof).

(h)     In the event the Backstreet Parties fail to pay the Pearlman Parties the payment set forth in Paragraphs 2(b) and 2(c) herein and fail to cure the default within the cure period as provided in Paragraph 2(e) herein, then: (i) the Backstreet Parties shall continue to be required to comply with their obligations to Pearlman as provided in the Settlement Agreement; (ii) the $15,000,000 payment provided under Paragraph 2(a), as herein allocated, shall be treated as a non-refundable credit against any monies that would otherwise be due to Pearlman and Trans Continental under the Settlement Agreements, and (iii) the Pearlman Parties shall, in addition to their other rights and remedies under this Agreement and the Settlement Agreements, be entitled to seek enforcement of the promissory notes evidencing such obligations, less any amounts paid thereunder, and any sums collected shall be treated as a non-refundable credit against any monies that may be due to the Pearlman Parties under the Settlement Agreements.

3.     **Deliveries Upon Execution**.  Immediately following the full execution and delivery of this Agreement and the receipt of the payment set forth in Paragraph 2(a) hereof, the Pearlman Parties, on the one hand, and the Backstreet Parties, on the other hand, shall direct their respective counsel to enter into and exchange for filing the following stipulations with respect to the Pending Litigation:

(a)     a consent judgment with respect to the New York Action, in the form annexed hereto as Exhibit "C";

(b)     a stipulation, in the form annexed hereto as Exhibit "D", dismissing the California Labor Commissioner Proceeding, with prejudice and without costs to any Party;

-6-

J&GPC-01911(TANZY)
CONFIDENTIAL

(c)     a stipulation, in the form annexed hereto as <u>Exhibit "E"</u>, dismissing the Gudvi Action, without prejudice and without costs to any Party; and

(d)     a stipulation, in the form annexed hereto as <u>Exhibit "F"</u>, dropping the Pearlman Parties from the Fourth Amended Complaint in the Florida Action in the manner specified therein.

4.     <u>**Deliveries Upon Full Payment**</u>.  Upon and in consideration of the full and timely payment as set forth in Paragraphs 2(a), 2(b), 2(c) and 2(e) hereof, the following shall unconditionally occur:

(a)     Pearlman shall convey, transfer and assign to the Backstreet Parties all of his right, title and interest in his stock in BPI, BBI and KBNHA, free and clear of all liens, claims, and encumbrances by executing and delivering a stock transfer and assignment agreement in the form annexed hereto as <u>Exhibit "G"</u>;

(b)     Pearlman shall execute and deliver to the Backstreet Parties letters of resignation with respect to BPI, BBI and KBNHA in the form annexed hereto as <u>Exhibit "H"</u>;

(c)     Upon and in consideration of a release in favor of the Pearlman Parties from the Gudvi Firm in the form annexed hereto as <u>Exhibit "I"</u>, the Pearlman Parties shall deliver a release in favor of the Gudvi Firm in the form annexed hereto as <u>Exhibit "J"</u>; and

(d)     Upon and in consideration of a release in favor of the Pearlman Parties from The Firm, LLC in the form annexed hereto as <u>Exhibit "K"</u>, the Pearlman Parties shall deliver a release in favor of The Firm, LLC in the form annexed hereto as <u>Exhibit "L"</u>.

5.     <u>**New York Arbitration**</u>.  With respect to the New York Arbitration, the Parties shall cooperate with each other to continue the proceedings in the arbitration until after February 28, 2001.  Upon the full and timely payment as set forth in Paragraphs 2(a), 2(b), 2(c)

671163_7

J&GPC-01912(TANZY)
CONFIDENTIAL

and 2(e) hereof, the Parties shall direct their counsel to enter into a stipulation, in the form

annexed hereto as Exhibit "M", dismissing the proceeding with prejudice, and each side shall

bear their requisite share of any unpaid arbitration fees or costs, and the Backstreet Parties shall

deliver to counsel for the Pearlman Parties all transcripts of the proceedings in the New York

Arbitration, including all copies thereof. In the event there is not full and timely payment as

required by Paragraphs 2(b), 2(c) and 2(e) hereof: (a) the amount paid pursuant to

Paragraph 2(a) hereof, together with any partial payment under Paragraph 2(b), 2(c) or 2(e)

hereof, shall be deemed to have been made on account of sums otherwise due to the Pearlman

Parties (in the amounts allocated hereunder for that purpose) under the Settlement Agreements,

and (b) all rights of the Pearlman Parties pursuant to the Settlement Agreements shall be

preserved including, without limitation, the right of the Pearlman Parties to seek enforcement of

the Settlement Agreements in the pending arbitration or any subsequently commenced

proceeding as may be appropriate, provided, however, that so long as the payment set forth in

Paragraph 2(a) herein has been paid to the Pearlman Parties, Trans Continental shall have no

further rights to seek any monies from the Backstreet Parties pursuant to the Settlement

Agreements.

      6.    **The Florida Action**. With respect to the Florida Action, in addition to the

execution and filing of the stipulation as set forth in Paragraph 3 hereof, the Parties agree as

follows:

      (a)    The Pearlman Parties and the Backstreet Parties shall conduct

independent defenses but shall cooperate with each other and their respective counsel with

respect to the claims asserted by the D. Wright Parties with each side bearing their own costs and

expenses, including their own attorneys' fees.

671163_7

J&GPC-01913(TANZY)
CONFIDENTIAL

(b)     Except as provided in this Paragraph 6, the Pearlman Parties and the Backstreet Parties (together with their respective present and former officers, directors and employees and their respective subsidiaries, affiliates and related companies) hereby fully, finally and irrevocably release and discharge each other, and covenant not to sue each other in connection with, or commence any litigation arising out of or relating to, the Florida Action and the claims of the D. Wright Parties, including, without limitation, any claims for indemnity, apportionment, reimbursement or contribution (whether or not heretofore asserted, known or unknown or currently in existence), subject only to rights based on Paragraph 6 of this Agreement.

(c)     In the event that either the Pearlman Parties, on the one hand, or the Backstreet Parties, on the other hand, enter into a separate settlement agreement with the D. Wright Parties, the provisions of Paragraph 6(a) shall continue in effect and the settling parties shall neither render assistance to the D. Wright Parties in prosecuting their claims against the non-settling parties nor disclose any confidential or privileged information to the D. Wright Parties (unless required to by court order).

(d)     Notwithstanding anything contained in this Agreement to the contrary, in the event and to the extent that the Members of the Group are adjudged, by bona fide final judgment in the Florida Action not subject to further appellate review, to be liable to the D. Wright Parties and/or BMI (or any successor or assign thereof) for damages pursuant to any claim asserted by the D. Wright Parties derivatively on behalf of BMI or as a minority shareholder of BMI, and which are based upon alleged acts or omissions by the Pearlman Parties regarding the termination of the management agreement between BMI and the Members of the Group dated as of September 17, 1993, or the releases given to the Members of the Group by BMI (the "BMI Claims"), **then** nothing contained in this Agreement, including, without

-9-

J&GPC-01914(TANZY)
CONFIDENTIAL

limitation, the releases contained herein, shall prevent the Members of the Group from commencing a separate action, after any such liability has been adjudicated to final judgment, in order to assert a claim for indemnification and/or contribution against the Pearlman Parties in respect of any such liability. The Pearlman Parties hereby irrevocably waive any objections in connection with such an independent action for indemnification and/or contribution that each or any of the Pearlman Parties may have by virtue of this Agreement, based upon applicable statutes of limitation, laches, or any other time-based defense or res judicata or collateral estoppel (such waiver not to preclude any objection or defense which existed prior to this Agreement), provided that the Backstreet Parties, or any of them, commence such independent action within six (6) months of the entry of a final judgment in the Florida Action not subject to further appellate review, as referred to hereinabove. For the avoidance of doubt, the dropping of the Pearlman Parties from Count 17 in the Fourth Amended Complaint in the Florida Action, pursuant to Paragraph 3(d) and Exhibit "F" hereof, shall not be the basis of any defense to any surviving claim for indemnity and/or contribution pursuant to this sub-paragraph. The foregoing constitute the only rights of indemnity and/or contribution against the Pearlman Parties that the Backstreet Parties are retaining with respect to the Florida Action. Nothing contained herein is intended to: (i) constitute an admission on the part of the Pearlman Parties of any liability in respect of the BMI Claims, (ii) preserve to the Backstreet Parties any right of action with respect to any other claim which has been or could be asserted by the D. Wright Parties, including, without limitation, any claim against BPI based on D. Wright's claim as a shareholder of BPI and any claim brought by the D. Wright Parties against the Backstreet Parties for quantum meruit, (iii) waive, or constitute a basis for any assertion that the Pearlman Parties have waived, any defenses or legal positions that they may have with respect to any surviving claim for indemnity or contribution hereunder (including, without limitation, any defenses based upon assumption of

-10-

J&GPC-01915(TANZY)
CONFIDENTIAL

risk or based upon any facts or matters known to the Backstreet Parties at the time of entering into the Settlement Agreements or at any other time or known to any agent, attorney or other representative on their behalf), except for the time and preclusion based objections or defenses to the extent expressly waived hereinabove, or (iv) create or enlarge any claim, right or cause of action of the Backstreet Parties against the Pearlman Parties which did not exist prior to or independent of this Agreement.

(e)     Notwithstanding anything that may be contained in this Agreement, each of the Parties expressly and unconditionally retains any claim that he or it may have in the Florida Action or otherwise against the D. Wright Parties, or any of them, Johnny Wright and/or Wright Entertainment Group, including rights of declaratory relief and interpleader.

7.     <u>**Reserved Indemnification And Contribution Claims**</u>.

(a)     The Backstreet Parties retain the right to seek indemnity and/or contribution from any or all of the Pearlman Parties with regard to any and all <u>bona fide</u> claims made by any past, present, or future employee, independent contractor, or person engaged in any manner by any of the Pearlman Parties including, but not limited to Jeanne Tanzy Williams, in which the claimant alleges that the Backstreet Parties owe money or other consideration for goods delivered or services performed while the claimant was engaged by the Pearlman Parties.

(b)     The Pearlman Parties retain the right to seek indemnity and/or contribution from any and all of the Backstreet Parties with regard to any and all bona fide claims made by any past, present or future employee, independent contractor or person engaged in any manner by the Backstreet Parties in which the claimant alleges that the Pearlman Parties owe monies or other consideration for goods delivered or services performed while the claimant was engaged by the Backstreet Parties.

-11-

671163_7

J&GPC-01916(TANZY)
CONFIDENTIAL

(c)     Other than the claim of Jeanne Tanzy Williams, which the Parties acknowledge is currently pending in the Ninth Judicial Circuit Court in and for Orange County Florida, no Party is aware of any claim, pending or threatened, which would give rise to a right of indemnification and/or contribution under this Paragraph 7 and nothing contained herein shall constitute a concession or admission that any Party is or would be liable for any indemnification and/or contribution hereunder. Nothing contained in this Paragraph 7 is intended to waive any defenses or legal positions that any Party may currently have with respect to claims which may be asserted pursuant to this Paragraph.

8.     **Escrow Accounts**. The Backstreet Parties hereby surrender any claim to, and transfer and assign to the Pearlman Parties all of their rights and interests in and to, the proceeds (including any accrued interest thereon) in (i) a certain escrow account established in or about October 1998 maintained by the law firm of Rudolph & Beer, 432 Park Avenue South, New York, New York, and (ii) a certain escrow account established in or about October 1998 maintained by the law firm Parker Chapin LLP, and further agree that the Pearlman Parties may, at their discretion, receive or direct distribution of the proceeds of such escrow accounts and terminate the accounts.

9.     **Releases**. The following releases by and between the Parties shall be effective only upon full and timely payment by the Backstreet Parties of their obligations as set forth in Paragraphs 2(a), 2(b), 2(c) and 2(e) hereof.

(a)     Each of the Backstreet Parties, on behalf of themselves and their respective subsidiaries, affiliates, predecessors, successors, assigns, heirs, executors, administrators, present and former officers, directors, shareholders and employees (collectively, the "BSB RELEASORS"), in consideration of the sum of Ten Dollars ($10.00), and for other good and valuable consideration, receipt of which is hereby acknowledged, hereby fully, finally

-12-

671163_7

J&GPC-01917(TANZY)
CONFIDENTIAL

and unconditionally release and forever discharge each of the Pearlman Parties and each of their respective affiliates, predecessors, subsidiaries, successors, assigns, executors, heirs, administrators, former and present officers, shareholders, directors, employees, representatives, insurers, attorneys and agents (all of the aforementioned collectively referred to herein as the "PEARLMAN RELEASEES"), from all actions, causes of action, liens, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, including without limitation, any and all claims for indemnity and contribution other than as expressly preserved in Paragraphs 6(d) and 7 hereof, as whether or not known or unknown, heretofore asserted, or currently in existence, in law, admiralty or equity, which the BSB RELEASORS, their successors or assigns had, now have or hereafter can, shall, or may have for upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world through the date hereof, except for the rights of the Parties under this Agreement.

(b)     Each of the Pearlman Parties, on behalf of themselves and their respective subsidiaries, affiliates, predecessors, successors, assigns, heirs, executors, administrators, present and former officers, directors, shareholders and employees (collectively the, "PEARLMAN RELEASORS"), in consideration of the sum of Ten Dollars ($10.00), and for other good and valuable consideration, receipt of which is hereby acknowledged, hereby fully, finally and unconditionally release and forever discharge each of the Backstreet Parties, and each of their respective affiliates, predecessors, subsidiaries, successors, assigns, executors, heirs, administrators, former and present officers, shareholders, directors, employees, representatives, insurers, attorneys and agents (all of the aforementioned collectively referred to herein as the "BSB RELEASEES"), from all actions, causes of action, liens, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies,

671163_7

J&GPC-01918(TANZY)
CONFIDENTIAL

agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims

and demands whatsoever, known or unknown, heretofore asserted, or currently in existence, in

law, admiralty or equity, which the PEARLMAN RELEASORS, their successors or assigns had,

now have or hereafter can, shall, or may have for upon, or by reason of any matter, cause or

thing whatsoever from the beginning of the world through the date hereof, except for the rights

of the Parties under this Agreement.

     (c)  It is intended that this Agreement, including the releases set forth

in Paragraphs 9(a) and (b) hereof, shall be governed by and construed in accordance with the

laws of the State of New York, and that said releases shall be valid and enforceable in all

jurisdictions, including all jurisdictions within the United States as well as jurisdictions outside

of the United States. Without limitation of the applicability of New York law and the New York

choice of law provision in the aforementioned releases and this Agreement, to the extent

necessary or deemed applicable, the Parties hereby acknowledge that they are familiar with

Section 1542 of the Civil Code of the State of California which provides as follows:

> "A general release does not extend to claims which the creditor
> does not know or suspect to exist in his favor at the time of
> executing the release which, if known by him, must have
> materially affected his settlement with the debtor."

Each of the BSB RELEASORS and the PEARLMAN RELEASORS (collectively,

"RELEASORS") waives and relinquishes any right and benefits which they have or may have

under Section 1542 of the Civil Code of the State of California or any similar state law or statute;

to the extent that New York State or any other jurisdiction does not have a similar law or statute,

each of the RELEASORS waives and relinquishes any rights and benefits to the extent

permissible under the laws of the State of California.

671163_7

J&GPC-01919(TANZY)
CONFIDENTIAL

(d)     The RELEASORS hereby forever and irrevocably waive and relinquish their right to initiate, proceed with, or prosecute, in any manner whatsoever (including, without limitation, by way of summons, complaint, petition, charge, order to show cause, or other legal paper, proceeding, action or process) any legal proceedings whatsoever (whether at law, in equity, in admiralty, civil, administrative, municipal, county, local, state, federal, national, international, supranational, or otherwise) against the PEARLMAN RELEASEES or the BSB RELEASEES, as the case may be, which are based in any manner whatsoever on acts or omissions which are released pursuant to this Agreement.

10.     **Zomba Override**. Nothing contained herein shall in any manner affect or impair the right of Trans Continental to continue to receive an override royalty from Zomba Recording Corporation ("Zomba") pursuant to a separate agreement between Trans Continental and Zomba for that purpose.

11.     **Confidentiality.** The Parties, together with their respective officers, employees, agents, attorneys and representatives shall maintain the confidentiality of this Agreement and the terms thereof, except that a party may disclose the terms of this Agreement (a) to his or its attorneys and accountants; (b) to third parties with whom any party hereto has commercial dealings and have a "need to know" the specific terms hereof; (c) to the extent necessary to implement or enforce the terms of this Agreement; (d) as to facts publicly available; and (e) pursuant to an order issued by any court of competent jurisdiction or a lawfully issued subpoena or as required by law, and then only after taking such steps, on prior written notice to each of the Parties, as are reasonable and necessary to preserve confidentiality. No press release or public statement with respect to this Agreement or the transactions and events reflected in this Agreement shall be made without the mutual consent of the Parties.

-15-

J&GPC-01920(TANZY)
CONFIDENTIAL

12. **Non-Disparagement.**

  (a)  Neither the Pearlman Parties, on the one hand, nor the Backstreet Parties, on the other hand, shall directly or indirectly publish, make or cause to be made or published any statement to any member of the media, including, but not limited to, journalists, media organizations, newspapers, periodicals, magazines, publications, television stations, radio stations, publishers, databases and any other enterprise involved in the print, wire or electronic media, including individuals working directly or indirectly for, or on behalf of, any of said persons or entities (collectively herein "Media") regarding the following: (i) any statement concerning the private affairs or interpersonal relationships of any of the Parties; (ii) any statement indicating, in words or substance, that any Party lied, cheated, defrauded, breached duties, or acted unlawfully or dishonestly; (iii) any statement specifically referring to the Pearlman Parties constituting a negative statement about the manner in which they conduct or have conducted business (a positive statement solely about a third party shall not be deemed in violation of this subparagraph); (iv) any statement which would otherwise have the effect of defaming any other Party, (v) any statement giving the false impression that Pearlman Parties have an active role in the ongoing affairs of the Group or have any ongoing relationship with the Group (other than with respect to the Zomba Override as referred in Paragraph 10 hereof); or (vi) any statement indicating, in words or substance, that Pearlman has a good relationship with the Backstreet Boys (as a whole), provided, however that nothing contained herein shall preclude Pearlman from accurately stating that he has a good relationship with any specific named individual member(s) of the Group.

  (b)  In furtherance of the undertakings in this Non-Disparagement provision, each of the Parties agrees that they shall not authorize, cause or permit, any agent, manager, publicist, investigator, attorney or other representative to engage in any of the

-16-

J&GPC-01921(TANZY)
CONFIDENTIAL

prohibited acts enumerated hereinabove. Notwithstanding the foregoing, it shall not constitute a breach of this Non-Disparagement provision or the confidentiality provision of this Agreement for any Party to respond to inquiries from the Media concerning the disputes and/or the history or relationship between the Parties by indicating "no comment" or by stating, in words or substance, that "we had differences and disagreements in the past, but they have been resolved to our mutual satisfaction."

      (c)    It is further understood and agreed by the Parties that except as otherwise specified in Paragraph 12(b) above, in the event of any alleged breach of this Non-Disparagement provision, damages will be difficult to ascertain and the remedies of the aggrieved Party shall be limited to a claim for liquidated damages in the amount of Fifty Thousand Dollars ($50,000) for each violation of this Non-Disparagement provision. In no event shall any breach of this Non-Disparagement provision be deemed or construed to constitute a breach of any other term or provision of this Agreement giving rise to any other claim, right or remedy, either legal or equitable, however characterized.

      (d)    In the event that any Party shall reasonably and in good faith believe that there has been a material breach of this Paragraph 12, the non-breaching party shall: (i) immediately notify the allegedly breaching party of the alleged breach which notice shall be by the fastest means available under the notice provision of this Agreement; and (ii) take no other steps to respond to the alleged breach unless the alleged breaching party shall (within 48 hours of receipt of the notice) have failed to obtain a retraction or withdrawal of the alleged breaching statement from the Media reporter. If the steps described in subparagraph (ii) hereof are not timely taken, the non-breaching party may issue a statement which constitutes a response to the breaching statement in a manner which is limited to the subject of the alleged breach. However, if any allegedly breaching statement is brought to the attention of any Party without

-17-

J&GPC-01922(TANZY)
CONFIDENTIAL

prior notice in a bona fide radio or television interview which does not reasonably permit use of

the notice provision herein described, the non-breaching party may deny or respond to any such

statement in a manner which is reasonably limited to the subject of the alleged breach.

13.    **Tickets.** The Backstreet Parties will use reasonable efforts to make

available for purchase by Pearlman Parties at "face value", a total of ten (10) tickets to the live

concert performances of the Group in connection with its 2001 world tour to be used for no more

than six (6) United States cities, which cities shall be designated at least to thirty (30) days prior

to the date of each concert.

14.    **Expedited Arbitration.** Paragraph 11 of the 1999 Amendment is hereby

modified in its entirety, to provide as follows:

> "**Procedure for Payment Disputes; Expedited Arbitration.** In
> the event that following receipt of a quarterly accounting statement
> pursuant to paragraph 18 of the 1998 Settlement Agreement,
> Transcon or Pearlman claim that they have not received the full
> and proper amounts owed pursuant to the 1998 Settlement
> Agreement, as amended by this Amendment, each may send a
> notice ("Claim Notice") to BBI and/or BPI, as the case may be,
> setting forth their claims. The Parties shall, in good faith, attempt
> to resolve the claims referenced in the Claim Notice, however, if
> the Parties are unable to resolve such claim within ten (10) days
> after delivery of the Claim Notice, Transcon or Pearlman, as the
> case may be, may commence a binding expedited arbitration
> proceeding as more particularly described hereinbelow. All
> amounts due to Transcon and Pearlman which are not subject to a
> bona fide dispute shall be paid to Transcon and Pearlman during
> the pendency of such arbitration. The Parties agree that all
> disputes in respect of the Claim Notice shall be resolved
> exclusively by binding arbitration, which shall be conducted in
> New York, New York pursuant to the expedited arbitration rules
> and procedures of the Commercial Arbitration Rules of the
> American Arbitration Association, or such other rules and
> procedures as the Parties mutually agree upon in writing. The
> Parties agree that in the event one or more separate arbitration
> proceedings are commenced pursuant to the Settlement
> Agreements, such proceedings may be consolidated into a single
> proceeding. Unless otherwise agreed, a single arbitrator shall
> preside over such proceeding and shall make a determination with

671163_7

J&GPC-01923(TANZY)
CONFIDENTIAL

respect to the claim(s) being arbitrated based upon an interpretation of the terms and provisions of this Agreement. The determination of the arbitrator in the arbitration (the "Award") shall be conclusive and binding on the parties to the dispute and shall not be subject to appeal or judicial review. The Award of the arbitrator may be enforced in any court of competent jurisdiction. The arbitrator shall be entitled to provide in the Award that all or a portion of the prevailing party's out-of-pocket costs and expenses (including, without limitation, attorneys' fees and expenses), as well as the costs and expenses of the arbitration be paid by the other party or parties to the arbitration proceeding, and the amounts due shall be paid, pursuant to the Award within ten (10) days of receipt of the Award. If an Award is not paid within the time prescribed, the party entitled to payment shall be entitled to recover all expenses incurred in enforcing such Award, including, without limitation, reasonable attorney's fees and costs."

15. **Additional Inducement**. As an additional inducement to the Parties' entering into this Agreement: (a) the Backstreet Parties warrant and represent that all of the obligations, warranties, undertakings, covenants, and agreements on the part of BBI, BPI and KBNHA contained in the Agreement, including those which concern each Member of the Group, are true, correct, binding and enforceable in accordance with their terms, and BBI, BPI and KBNHA have the right, power and authority to make and assume all obligations, warranties, and undertakings, contained in this Agreement, and (b) the Pearlman Parties warrant and represent that all of the obligations, warranties, undertakings, covenants and agreements, on the part of Trans Continental contained in the Agreement are true, correct, binding and enforceable in accordance with their terms, and Trans Continental has the right, power and authority to make and assume all obligations, warranties and undertakings contained in this Agreement.

16. **Attorneys' Fees and Costs.** In the event that any Party commences an action or proceeding against any other Party to enforce any material provision of this Agreement or the Settlement Agreements, the prevailing party shall be entitled to recover all costs, expenses and reasonable attorneys' fees, whether or not such action is brought to judgment and whether

-19-

J&GPC-01924(TANZY)
CONFIDENTIAL

such costs, expenses and reasonable attorneys' fee are incurred before or after the filing of any such action. Notwithstanding the foregoing, this provision shall not apply to claims asserted pursuant to Paragraphs 6(d) or 7 hereo, except to the extent that attorneys' fees may be awarded under law.

17. **Severability.** If any provision of this Agreement shall be determined to be invalid or unenforceable to any extent, the remainder of the terms and provisions of and undertakings in this Agreement and the application of such terms, provisions and undertakings shall not be affected and shall be enforced to the greatest extent permitted by law.

18. **Notice.** Any notice or demand required or permitted to be given or made hereunder to or upon any Party hereto shall be deemed to have been duly given or made for all purposes if (a) in writing and sent by (i) messenger or an overnight courier service, or (ii) certified or registered mail, postage paid, return receipt requested, or (b) sent by telegram, telecopy, telex or similar electronic means, provided that a written copy thereof is sent on the same day by postage paid first-class mail, to such party at the following address:

| | |
|---|---|
| To any of the Backstreet Parties: | c/o The Firm, LLC<br>9100 Wilshire Blvd., Suite 400 West<br>Beverly Hills, CA 90212<br>Attn: Michael Green<br>Fax: (310) 246-1999 |
| With a copy to: | Lavely & Singer, Professional Corporation<br>2049 Century Park East, Suite 2400<br>Los Angeles, CA 90067-2906<br>Attn: Martin D. Singer, Esq.<br>Fax: (310) 556-3615 |
| To Pearlman or Trans Continental: | Louis J. Pearlman<br>c/o Trans Continental Records, Inc.<br>7380 Sand Lake Road, Suite 350<br>Orlando, FL 32819<br>Fax: (407) 345-0888 |

671163_7

J&GPC-01925(TANZY)
CONFIDENTIAL

With a copy to:    Parker Chapin LLP
405 Lexington Avenue
New York, New York 10174
Attn: Michael D. Friedman, Esq.
Fax: (212) 704-6288

or such other address as any Party hereto may at any time, or from time to time, direct by notice

given to the other parties in accordance with this Paragraph. The date of giving or making of any

such notice or demand shall be, in the case of clause (a)(i), the date of the receipt; in the case of

clause (a)(ii), five (5) business days after such notice or demand is sent; and, in the case of clause

(b), the business day next following the date such notice or demand is sent.

    19.    **No Presumption**. The Parties agree that the terms and provisions of this

Agreement are the result of negotiations between the Parties and/or their counsel, and that this

Agreement shall not be construed in favor of or against any party by reason of the extent to

which any party or their counsel participated in the drafting of this Agreement.

    20.    **Legal Representation**. Each of the Parties represent and warrant to the

other that he or it has had full opportunity to obtain, and has in fact obtained, the advice of his or

its own competent legal counsel with respect to this Agreement and the transactions

contemplated hereby and that this Agreement was entered into voluntarily with the advice of

their counsel and without coercion, duress or threats by any Party or Party's representatives at

any time in connection with the negotiation of its terms.

    21.    **No Oral Modifications**. This Agreement may not be changed, altered, or

modified except in writing signed by each of the Parties whose rights or interest is affected

thereby. This Agreement may not be discharged except by performance in accordance with its

terms or by a writing signed by each of the Parties to be charged.

    22.    **Jurisdiction and Governing Law**. Except as specifically modified and

amended herein, all terms and provisions of the 1998 Settlement Agreement and the 1999

671163_7

J&GPC-01926(TANZY)
CONFIDENTIAL

Amendment, including, without limitation, exclusive jurisdiction in New York, expedited arbitration and New York governing law, remain applicable and in full force and effect, until such time as they may be terminated pursuant to the terms set forth herein and are also applicable to this agreement.

23. **Service of Process**. In the event that a new action is filed against the Gudvi Firm, service of any newly filed summons and complaint shall be deemed good and sufficient service by delivery thereof by hand to Lavely & Singer, Esqs.

24. **Further Assurances**. The Parties agree to execute any additional documents or instruments reasonably necessary to give effect to this Agreement and to all terms contained in this Agreement and the Exhibits hereto, which Exhibits are made a part hereof.

25. **Counterparts; Facsimile Signatures**. This Agreement may be signed in counterparts and shall become effective as if executed in a single, complete document upon its execution by all parties. Facsimile signatures of the undersigned parties will have the same force and effect as original signatures.

IN WITNESS WHEREOF, the undersigned have executed this Amendment as of the date indicated on the first page hereof.

BACKSTREET-PRODUCTIONS, INC.

By: _____
Name: KEVIN RICHARDSON
Title: CHAIRMAN

BACKSTREET BOYS, INC.

By: _____
Name KEVIN RICHARDSON
Title: CHAIRMAN

-22-

J&GPC-01927(TANZY)
CONFIDENTIAL

KBNHA ENTERPRISES, INC.

By:

    Name: KEVIN RICHARDSON

    Title: CHAIRMAN

NICKOLAS CARTER

HOWARD DOROUGH

BRIAN THOMAS LITTRELL

ALEXANDER J. MCLEAN

KEVIN RICHARDSON

TRANS CONTINENTAL RECORDS, INC.

By:_____

    Name: Louis J. Pearlman

    Title:  President

_____

LOUIS J. PEARLMAN

-23-

671163_7

J&GPC-01928(TANZY)
CONFIDENTIAL

KBNHA ENTERPRISES, INC.

By: _____
    Name:
    Title:


_____

NICKOLAS CARTER


_____

HOWARD DOROUGH


_____

BRIAN THOMAS LITTRELL


_____

ALEXANDER J. MCLEAN


_____

KEVIN RICHARDSON


TRANS CONTINENTAL RECORDS, INC.

By: _____
    Name: Louis J. Pearlman
    Title:  President


_____

LOUIS J. PEARLMAN

-23-

J&GPC-01929(TANZY)
CONFIDENTIAL

## List of Exhibits

Exhibit "A" -- the January 2001 Promissory Note

Exhibit "B" -- the February 2001 Promissory Note

Exhibit "C" -- consent judgment with respect to the New York Action

Exhibit "D" -- a stipulation dismissing the California Labor Commissioner Proceeding

Exhibit "E" -- a stipulation dismissing the Gudvi Action

Exhibit "F" -- a stipulation dismissing the Fourth Amended Complaint in the Florida Action

Exhibit "G" -- stock transfer agreement

Exhibit "H" -- letters of resignation with respect to BPI, BBI and KBNHA

Exhibit "I"" -- Gudvi release to Pearlman Parties

Exhibit "J" -- Pearlman Parties release to Gudvi Firm

Exhibit "K" -- The Firm, LLC release to Pearlman Parties

Exhibit "L" - Pearlman Parties release to The Firm, LLC

Exhibit "M" -- stipulation dismissing arbitration

671163_7

J&GPC-01930(TANZY)
CONFIDENTIAL



EXHIBIT  A

J&GPC-01931(TANZY)
CONFIDENTIAL

## PROMISSORY NOTE

$7,500,000

New York, New York
December __, 2000

FOR VALUE RECEIVED, the undersigned, BRIAN T. LITTRELL, HOWARD D. DOROUGH, ALEXANDER J. McLEAN, KEVIN RICHARDSON, NICKOLAS CARTER, BACKSTREET BOYS, INC., a Delaware corporation, BACKSTREET PRODUCTIONS, INC., a Delaware corporation, and KBNHA ENTERPRISES, INC., a Delaware corporation, (each a "Maker", and collectively, the "Makers"), each having an address for notice and service of process as provided in paragraph 11 hereof, hereby jointly and severally promise to pay, in the manner provided for in paragraph 3 hereof, or in such other manner and at such other place as may be designated in writing by the Holder, to the order of Louis J. Pearlman, or the then current endorsee and holder of this promissory note, (collectively, the "Holder"), each having an address for notice and service of process as provided in paragraph 11 hereof, the principal sum of SEVEN MILLION FIVE HUNDRED THOUSAND DOLLARS ($7,500,000), together with any interest, as provided in this promissory note (as the same may be supplemented, modified, amended or restated from time to time in the manner provided herein, the "Note").

1.    The Makers shall pay the principal amount due under this Note in full on February 15, 2001 ("Maturity Date").

2.    The unpaid principal balance due under this Note shall not bear interest during the period from the date hereof through and including the Maturity Date. In the event that any part of the principal amount due hereunder is not paid on or before the Maturity Date, the balance of all amounts due hereunder, shall bear interest (computed on the basis of the actual number of days elapsed and a year of 360 days) until all amounts due hereunder shall have been repaid in full at a rate equal to fifteen percent (15%) per annum, which interest shall be payable with respect to such amount(s) and shall be payable in accordance with the terms of the Note and from time to time ON DEMAND; provided, however, that, notwithstanding the failure of the Makers to make payment in full on the Maturity Date hereunder, interest shall not be payable on the amounts then due if and only to the extent that the Makers have paid all such amounts in full within a period of ten (10) days after notice of the occurrence of such default to the Makers by the Holder.

3.    The Makers shall pay principal and any interest due hereunder by wire transfer of immediately available funds to the account of Parker Chapin LLP at Chase Manhattan Bank, ABA No. 021000021, Account No. 967956900, for benefit of Louis J. Pearlman, so that such payment or payments are credited or delivered before 2:00 p.m.. Eastern Standard Time, on the dates due, or, if applicable, to such other person and/or address and in such form as most recently given in a notice to the Makers by the Holder.

4.    This Note may be prepaid, after December 31, 2000, in full or in part, without prepayment premium or penalty.

5.    It is the intention of the Makers and the Holder that the interest (as defined under applicable law) that may be charged to, collected from or received from the Makers under this Note shall not exceed the maximum rate permissible under applicable law. Accordingly, anything in this Note to the contrary notwithstanding, in the event any interest (as so defined) is charged to, collected from or received from the Makers under this Note in excess of such maximum lawful rate, then the excess of such payment over that maximum shall be applied to the reduction of the outstanding principal balance under this Note (without any prepayment premium or penalty), and any portion of such excess payment remaining after payment and satisfaction in full shall be returned to the Makers.

6.    Each Maker represents and warrants that such Maker has the legal capacity and the full power, authority and unrestricted right, without the consent, approval or authorization of any other

Exhibit "A"

J&GPC-01932(TANZY)
CONFIDENTIAL

person or entity and without the notification of or any registration or filing with any person or entity as a condition thereto, and has taken and is duly authorized by all requisite corporate action, to execute and deliver this Note and to perform all of such Maker's obligations hereunder.

7.    Upon the occurrence or at any time during the continuance of any default (whether in whole or in part) in the payment of (a) the amounts payable under this Note on the Maturity Date, and such default continues uncured for a period of more than ten (10) days after the giving of notice of the occurrence of such default to the Makers by the Holder, or (b) any other amount payable under this Note (each an "Event of Default"), the Holder, upon written notice to the Makers, shall be entitled (i) to declare this Note, and any and all principal, interest and other amounts due under this Note, to be immediately due and payable, all without presentment, protest, demand or notice of any kind, all of which are expressly waived by the undersigned, and (ii) to exercise or otherwise enforce any one or more of the Holder's rights, powers, privileges, remedies and interests under this Note, that certain Agreement, dated as of the date hereof, among the Makers, the initial Holders and certain other parties ("Agreement") or applicable law.  The Holder, in its sole discretion, may proceed to exercise or enforce any right, power, privilege, remedy or interest that the Holder may have under this Note, the Agreement or applicable law, at law, in equity, in rem or in any other forum available under applicable law; without notice except as otherwise expressly provided herein; without pursuing, exhausting or otherwise exercising or enforcing any other right, power, privilege, remedy or interest that the Holder may have against or in respect of the Makers or any other person or thing; and without regard to any act or omission of the Holder or any other person.  The Holder may institute one or more proceedings (which may be separate proceedings) with respect to this Note and/or the Agreement in such order and at such times as the Holder may elect in its sole and absolute discretion.  This Note may be enforced without the presence or participation of any co-obligor (joint or several), guarantor, pledgor or surety, whether through lack of jurisdiction, venue or service or otherwise, and the Makers will not raise and hereby waive any objection or defense respecting the need for any such presence or participation.

8.    Each Maker hereby consents and agrees that the Supreme Court of the State of New York for the County of New York and the United States District Court for the Southern District of New York each shall have personal jurisdiction and proper venue with respect to any dispute between the Holder and such Maker.  The Makers agree not to commence any action, suit or proceeding relating to this Note or any right, obligation or defense thereunder except in such court.  In any dispute with the Holder, the Makers will not raise, and each Maker hereby expressly waives, any objection or defense to any such jurisdiction as an inconvenient forum.  Each Maker hereby waives personal service of any summons, complaint or other process, which may be delivered by any of the means permitted for notices under this Note.  Notwithstanding the foregoing, each Maker irrevocably agrees that service of process and all other legal process may be delivered in accordance with the provisions of Section 11 of this Note and that such service shall be sufficient for all purposes of applicable law.

9.    IN ANY ACTION, SUIT OR PROCEEDING IN ANY JURISDICTION BROUGHT BY THE HOLDER AGAINST THE MAKERS, OR VICE VERSA, THE MAKERS WAIVE TRIAL BY JURY.

10.    Each Maker hereby waives, and agrees that such Maker will not exercise, any and all rights of extension, stay, moratorium, setoff, counterclaim, recoupment, abatement or reduction or other claim or determination respecting any payment due under this Note that may now or hereafter be accorded to the Makers under applicable law or otherwise.  To the extent not required as a compulsory counterclaim, the Makers (i) shall pursue separate exercise and enforcement of any right, power, privilege, remedy or interest retained (and not waived) by the Makers under this Note and applicable law, and (ii) shall not seek to exercise or enforce any such right, power, privilege, remedy or interest in any proceeding instituted by the Holder under or in respect of this Note, whether through joinder, consolidation, setoff, recoupment, abatement, reduction, counterclaim, defense or otherwise.  In any dispute with the Holder, the Makers covenant and agree that they will not seek, recover or retain any, and the Makers hereby expressly waive any and all, special, exemplary, punitive and/or consequential damages (whether through action, suit, counterclaim or otherwise) to the extent waiver is not limited under applicable law.

11.    Any notice or demand required or permitted to be given or made hereunder to or upon any party hereto shall be deemed to have been duly given or made for all purposes if (a) in writing

-2-

J&GPC-01933(TANZY)
CONFIDENTIAL

and sent by (i) messenger or an overnight courier service against receipt, or (ii) certified or registered mail, postage paid, return receipt requested, or (b) sent by telegram, telecopy, telex or similar electronic means, provided that a written copy thereof is sent on the same day by postage paid first-class mail, to such party at the following address:

To any of the Makers:   c/o The Firm, LLC
                        9100 Wilshire Blvd., Suite 400 West
                        Beverly Hills, CA 90212
                        Attn: Michael Green
                        Fax: (310) 246-1999

With a copy to:         Lavely & Singer, Esqs.
                        2049 Century Park East, Suite 2400
                        Los Angeles, CA 90067-2906
                        Attn: Martin D. Singer, Esq.
                        Fax: (310) 556-3615

To the Holder:          c/o Trans Continental Records, Inc.
                        7380 Sand Lake Road, Suite 350
                        Orlando, FL 32819
                        Fax: (407) 345-0888

With a copy to:         Parker Chapin LLP
                        405 Lexington Avenue
                        New York, New York 10174
                        Attn: Michael D. Friedman, Esq.
                        Fax: (212) 704-6288

or such other address as any party hereto may at any time, or from time to time, direct by notice given to the other parties in accordance with this paragraph 11. The date of giving or making of any such notice or demand shall be, in the case of clause (a)(i), the date of the receipt; in the case of clause (a)(ii), five (5) business days after such notice or demand is sent; and, in the case of clause (b), the business day next following the date such notice or demand is sent.

12.      The Makers shall pay or reimburse on demand any and all costs and expenses incurred by the Holder, whether directly or indirectly, in connection with the collection, enforcement and adjudication of this Note, including (without limitation) the reasonable disbursements, expenses and fees of counsel to the Holder, collection charges and court costs, including any charges or fees incurred in determining the amount or reasonableness thereof.

13.      Presentment for payment, notice of dishonor, protest and notice of protest are hereby each waived by the Makers. Any waiver or consent respecting this Note shall be effective only if in writing and signed by the Holder and then only in the specific instance and for the specific purpose for which given. No waiver or consent shall be deemed (regardless of frequency given) to be a further or continuing waiver or consent. The failure or delay of the Holder to require performance of, or to exercise their rights with respect to, any term or provision of this Note in no manner shall affect its right at a later time to enforce any such term or provision. No notice to or demand on the Makers in any case shall entitle such party to any other or further notice or demand. All rights, powers, privileges, remedies and other interests of the Holder under this Note and applicable law are cumulative and not alternatives.

14.      Each Maker represents, warrants and agrees that, in executing this Note: (a) such Maker has not relied and does not rely on any statements, inducements, promises, or representations made by any other party or their agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Note; (b) such Maker assumes the risk of any mistake of fact or of law in that if such Maker should subsequently discover that any fact relied upon by such Maker in entering into this Note is not true, or that such Maker's understanding of the facts or law was incorrect, such Maker shall not be entitled to set aside this Note, or any portion thereof; (c) such Maker has had full opportunity to obtain, and has in fact obtained, the advice of such Maker's own legal counsel with respect to this Note and the Agreement and the transactions contemplated hereby and thereby, and (d) the terms and provisions of this Note are

-3-

670438_6

J&GPC-01934(TANZY)
CONFIDENTIAL

the result of negotiations by counsel representing such Maker and each other Maker, and this Note shall not be construed in favor of or against such Maker or the Holder by reason of the extent to which counsel for such Maker or the other Makers or counsel for the Holder participated in the drafting of this Note.

15.    If there is more than one Maker under this Note, any and all obligations, representations, warranties, covenants and other agreements of any one or more of the Makers under this Note of the Makers shall be joint and several liabilities of all of the Makers. Any knowledge held by or imputed to any Maker shall be deemed to be within the knowledge of all of the Makers. Any certificate, notice, request, statement or other document or communication signed or made on behalf or in the name of any one or more of the Makers shall be deemed to have been signed or made by all of the Makers unless expressly disclaimed in a particular document or communication. Each reference herein to the Makers shall be deemed to include a reference to each Maker.

16.    This Note has been made and delivered in the City, County and State of New York, and shall be exclusively governed by and construed in accordance with the laws of the State of New York (without regard to principles of conflicts of laws). Whenever reference is made to any party, such reference shall be deemed to include the successors, assigns, heirs and legal representatives of such party. Each and every modification and amendment of this Note shall be in writing and signed by all of the parties hereto. This Note and the Agreement contain the entire agreement of the parties and supersede all other representations, warranties, agreements and understandings (oral or otherwise) with respect to the matter contained herein and therein.

[REMAINDER OF THIS PAGE INTENTIONALLY BLANK]

670438_6

J&GPC-01935(TANZY)
CONFIDENTIAL

**In Witness Whereof,** each of the Makers has executed and delivered this Note as of the date first written above.

_____
Brian T. Littrell

_____
Howard D. Dorough

_____
Alexander J. Mclean

_____
Kevin Richardson

_____
Nickolas Carter

BACKSTREET BOYS, INC.

By: _____
      Name:
      Title:

BACKSTREET PRODUCTIONS, INC.

By: _____
      Name:
      Title:

KBNHA ENTERPRISES, INC.

By: _____
      Name:
      Title:

670438_6

J&GPC-01936(TANZY)
CONFIDENTIAL

ACKNOWLEDGMENT

**STATE OF** )
: ss.:
**COUNTY OF** )

On this _____ day of December, 2000, before me personally appeared BRIAN T. LITTRELL, to me known and known to me to be the same person described in and who executed the above instrument, and such Maker acknowledged to me that such Maker executed the same.

_____
Notary Public

ACKNOWLEDGMENT

**STATE OF** )
: ss.:
**COUNTY OF** )

On this _____ day of December, 2000, before me personally appeared HOWARD D. DOROUGH, to me known and known to me to be the same person described in and who executed the above instrument, and such Maker acknowledged to me that such Maker executed the same.

_____
Notary Public

ACKNOWLEDGMENT

**STATE OF** )
: ss.:
**COUNTY OF** )

On this _____ day of December, 2000, before me personally appeared ALEXANDER J. McLEAN, to me known and known to me to be the same person described in and who executed the above instrument, and such Maker acknowledged to me that such Maker executed the same.

_____
Notary Public

-6-

670438_6

J&GPC-01937(TANZY)
CONFIDENTIAL

ACKNOWLEDGMENT

STATE OF          )
                       : ss.:
COUNTY OF      )

On this _____ day of December, 2000, before me personally appeared KEVIN RICHARDSON, to me known and known to me to be the same person described in and who executed the above instrument, and such Maker acknowledged to me that such Maker executed the same.

_____
Notary Public

ACKNOWLEDGMENT

STATE OF          )
                       : ss.:
COUNTY OF      )

On this _____ day of December, 2000, before me personally appeared NICKOLAS CARTER, to me known and known to me to be the same person described in and who executed the above instrument, and such Maker acknowledged to me that such Maker executed the same.

_____
Notary Public

ACKNOWLEDGMENT

STATE OF          )
                       : ss.:
COUNTY OF      )

On this _____ day of December, 2000, before me personally appeared _____, to me known and known to me to be the same person described in and who executed the above instrument, who, being by me duly sworn, did depose and say: that (s)he resides at _____ _____; that (s)he is the _____ of BACKSTREET BOYS, INC., the corporation described in and which executed the above instrument; and that (s)he signed his/her name thereto by order of the board of directors of said corporation.

_____
Notary Public

-7-

J&GPC-01938(TANZY)
CONFIDENTIAL

ACKNOWLEDGMENT

STATE OF               )
                      : ss.:
COUNTY OF         )

        On this _____ day of December, 2000, before me personally appeared _____, to me known and known to me to be the same person described in and who executed the above instrument, who, being by me duly sworn, did depose and say: that (s)he resides at ___ _____; that (s)he is the _____ of BACKSTREET PRODUCTIONS, INC., the corporation described in and which executed the above instrument; and that (s)he signed his/her name thereto by order of the board of directors of said corporation.

                                     _____
                                        Notary Public

ACKNOWLEDGMENT

STATE OF               )
                      : ss.:
COUNTY OF         )

        On this _____ day of December, 2000, before me personally appeared _____, to me known and known to me to be the same person described in and who executed the above instrument, who, being by me duly sworn, did depose and say: that (s)he resides at ___ _____; that (s)he is the _____ of KBNHA ENTERPRISES, INC., the corporation described in and which executed the above instrument; and that (s)he signed his/her name thereto by order of the board of directors of said corporation.

                                     _____
                                        Notary Public

670438_6

J&GPC-01939(TANZY)
CONFIDENTIAL

EXHIBIT B

J&GPC-01940(TANZY)
CONFIDENTIAL

## PROMISSORY NOTE

New York, New York
December __, 2000

$7,000,000

FOR VALUE RECEIVED, the undersigned, BRIAN T. LITTRELL, HOWARD D. DOROUGH, ALEXANDER J. McLEAN, KEVIN RICHARDSON, NICKOLAS CARTER, BACKSTREET BOYS, INC., a Delaware corporation, BACKSTREET PRODUCTIONS, INC., a Delaware corporation, and KBNHA ENTERPRISES, INC., a Delaware corporation, (each a "Maker", and collectively, the "Makers"), each having an address for notice and service of process as provided in paragraph 11 hereof, hereby jointly and severally promise to pay, in the manner provided for in paragraph 3 hereof, or in such other manner and at such other place as may be designated in writing by the Holder, to the order of Louis J. Pearlman, or the then current endorsee and holder of this promissory note, (collectively, the "Holder"), each having an address for notice and service of process as provided in paragraph 11 hereof, the principal sum of SEVEN MILLION DOLLARS ($7,000,000), together with any interest, as provided in this promissory note (as the same may be supplemented, modified, amended or restated from time to time in the manner provided herein, the "Note").

1.    The Makers shall pay the principal amount due under this Note in full on January 3, 2001 ("Maturity Date").

2.    The unpaid principal balance due under this Note shall not bear interest during the period from the date hereof through and including the Maturity Date. In the event that any part of the principal amount due hereunder is not paid on or before the Maturity Date, the balance of all amounts due hereunder, shall bear interest (computed on the basis of the actual number of days elapsed and a year of 360 days) until all amounts due hereunder shall have been repaid in full at a rate equal to fifteen percent (15%) per annum, which interest shall be payable with respect to such amount(s) and shall be payable in accordance with the terms of the Note and from time to time ON DEMAND; provided, however, that, notwithstanding the failure of the Makers to make payment in full on the Maturity Date hereunder, interest shall not be payable on the amounts then due if and only to the extent that the Makers have paid all such amounts in full within a period of ten (10) days after notice of the occurrence of such default to the Makers by the Holder.

3.    The Makers shall pay principal and any interest due hereunder by wire transfer of immediately available funds to the account of Parker Chapin LLP at Chase Manhattan Bank, ABA No. 021000021, Account No. 967956900, for benefit of Louis J. Pearlman, so that such payment or payments are credited or delivered before 2:00 p.m., Eastern Standard Time, on the dates due, or, if applicable, to such other person and/or address and in such form as most recently given in a notice to the Makers by the Holder.

4.    This Note may be prepaid, after December 31, 2000, in full or in part, without prepayment premium or penalty.

5.    It is the intention of the Makers and the Holder that the interest (as defined under applicable law) that may be charged to, collected from or received from the Makers under this Note shall not exceed the maximum rate permissible under applicable law. Accordingly, anything in this Note to the contrary notwithstanding, in the event any interest (as so defined) is charged to, collected from or received from the Makers under this Note in excess of such maximum lawful rate, then the excess of such payment over that maximum shall be applied to the reduction of the outstanding principal balance under this Note (without any prepayment premium or penalty), and any portion of such excess payment remaining after payment and satisfaction in full shall be returned to the Makers.

6.    Each Maker represents and warrants that such Maker has the legal capacity and the full power, authority and unrestricted right, without the consent, approval or authorization of any other person or entity and without the notification of or any registration or filing with any person or entity as a

Exhibit "B"

J&GPC-01941(TANZY)
CONFIDENTIAL

condition thereto, and has taken and is duly authorized by all requisite corporate action, to execute and deliver this Note and to perform all of such Maker's obligations hereunder.

7.      Upon the occurrence or at any time during the continuance of any default (whether in whole or in part) in the payment of (a) the amounts payable under this Note on the Maturity Date, and such default continues uncured for a period of more than ten (10) days after the giving of notice of the occurrence of such default to the Makers by the Holder, or (b) any other amount payable under this Note (each an "Event of Default"), the Holder, upon written notice to the Makers, shall be entitled (i) to declare this Note, and any and all principal, interest and other amounts due under this Note, to be immediately due and payable, all without presentment, protest, demand or notice of any kind, all of which are expressly waived by the undersigned, and (ii) to exercise or otherwise enforce any one or more of the Holder's rights, powers, privileges, remedies and interests under this Note, that certain Agreement, dated as of the date hereof, among the Makers, the initial Holders and certain other parties ("Agreement") or applicable law. The Holder, in its sole discretion, may proceed to exercise or enforce any right, power, privilege, remedy or interest that the Holder may have under this Note, the Agreement or applicable law, at law, in equity, in rem or in any other forum available under applicable law; without notice except as otherwise expressly provided herein; without pursuing, exhausting or otherwise exercising or enforcing any other right, power, privilege, remedy or interest that the Holder may have against or in respect of the Makers or any other person or thing; and without regard to any act or omission of the Holder or any other person. The Holder may institute one or more proceedings (which may be separate proceedings) with respect to this Note and/or the Agreement in such order and at such times as the Holder may elect in its sole and absolute discretion. This Note may be enforced without the presence or participation of any co-obligor (joint or several), guarantor, pledgor or surety, whether through lack of jurisdiction, venue or service or otherwise, and the Makers will not raise and hereby waive any objection or defense respecting the need for any such presence or participation.

8.      Each Maker hereby consents and agrees that the Supreme Court of the State of New York for the County of New York and the United States District Court for the Southern District of New York each shall have personal jurisdiction and proper venue with respect to any dispute between the Holder and such Maker. The Makers agree not to commence any action, suit or proceeding relating to this Note or any right, obligation or defense thereunder except in such court. In any dispute with the Holder, the Makers will not raise, and each Maker hereby expressly waives, any objection or defense to any such jurisdiction as an inconvenient forum. Each Maker hereby waives personal service of any summons, complaint or other process, which may be delivered by any of the means permitted for notices under this Note. Notwithstanding the foregoing, each Maker irrevocably agrees that service of process and all other legal process may be delivered in accordance with the provisions of Section 11 of this Note and that such service shall be sufficient for all purposes of applicable law.

9.      IN ANY ACTION, SUIT OR PROCEEDING IN ANY JURISDICTION BROUGHT BY THE HOLDER AGAINST THE MAKERS, OR VICE VERSA, THE MAKERS WAIVE TRIAL BY JURY.

10.     Each Maker hereby waives, and agrees that such Maker will not exercise, any and all rights of extension, stay, moratorium, setoff, counterclaim, recoupment, abatement or reduction or other claim or determination respecting any payment due under this Note that may now or hereafter be accorded to the Makers under applicable law or otherwise. To the extent not required as a compulsory counterclaim, the Makers (i) shall pursue separate exercise and enforcement of any right, power, privilege, remedy or interest retained (and not waived) by the Makers under this Note and applicable law, and (ii) shall not seek to exercise or enforce any such right, power, privilege, remedy or interest in any proceeding instituted by the Holder under or in respect of this Note, whether through joinder, consolidation, setoff, recoupment, abatement, reduction, counterclaim, defense or otherwise. In any dispute with the Holder, the Makers covenant and agree that they will not seek, recover or retain any, and the Makers hereby expressly waive any and all, special, exemplary, punitive and/or consequential damages (whether through action, suit, counterclaim or otherwise) to the extent waiver is not limited under applicable law.

11.     Any notice or demand required or permitted to be given or made hereunder to or upon any party hereto shall be deemed to have been duly given or made for all purposes if (a) in writing and sent by (i) messenger or an overnight courier service against receipt, or (ii) certified or registered mail, postage paid, return receipt requested, or (b) sent by telegram, telecopy, telex or similar electronic

-2-

J&GPC-01942(TANZY)
CONFIDENTIAL

means, provided that a written copy thereof is sent on the same day by postage paid first-class mail, to such party at the following address:

To any of the Makers:   c/o The Firm, LLC
                        9100 Wilshire Blvd., Suite 400 West
                        Beverly Hills, CA 90212
                        Attn: Michael Green
                        Fax: (310) 246-1999

With a copy to:         Lavely & Singer, Esqs.
                        2049 Century Park East, Suite 2400
                        Los Angeles, CA 90067-2906
                        Attn: Martin D. Singer, Esq.
                        Fax: (310) 556-3615

To the Holder:          c/o Trans Continental Records, Inc.
                        7380 Sand Lake Road, Suite 350
                        Orlando, FL 32819
                        Fax: (407) 345-0888

With a copy to:         Parker Chapin LLP
                        405 Lexington Avenue
                        New York, New York 10174
                        Attn: Michael D. Friedman, Esq.
                        Fax: (212) 704-6288

or such other address as any party hereto may at any time, or from time to time, direct by notice given to the other parties in accordance with this paragraph 11. The date of giving or making of any such notice or demand shall be, in the case of clause (a)(i), the date of the receipt; in the case of clause (a)(ii), five (5) business days after such notice or demand is sent; and, in the case of clause (b), the business day next following the date such notice or demand is sent.

12.    The Makers shall pay or reimburse on demand any and all costs and expenses incurred by the Holder, whether directly or indirectly, in connection with the collection, enforcement and adjudication of this Note, including (without limitation) the reasonable disbursements, expenses and fees of counsel to the Holder, collection charges and court costs, including any charges or fees incurred in determining the amount or reasonableness thereof.

13.    Presentment for payment, notice of dishonor, protest and notice of protest are hereby each waived by the Makers. Any waiver or consent respecting this Note shall be effective only if in writing and signed by the Holder and then only in the specific instance and for the specific purpose for which given. No waiver or consent shall be deemed (regardless of frequency given) to be a further or continuing waiver or consent. The failure or delay of the Holder to require performance of, or to exercise their rights with respect to, any term or provision of this Note in no manner shall affect its right at a later time to enforce any such term or provision. No notice to or demand on the Makers in any case shall entitle such party to any other or further notice or demand. All rights, powers, privileges, remedies and other interests of the Holder under this Note and applicable law are cumulative and not alternatives.

14.    Each Maker represents, warrants and agrees that, in executing this Note: (a) such Maker has not relied and does not rely on any statements, inducements, promises, or representations made by any other party or their agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Note; (b) such Maker assumes the risk of any mistake of fact or of law in that if such Maker should subsequently discover that any fact relied upon by such Maker in entering into this Note is not true, or that such Maker's understanding of the facts or law was incorrect, such Maker shall not be entitled to set aside this Note, or any portion thereof; (c) such Maker has had full opportunity to obtain, and has in fact obtained, the advice of such Maker's own legal counsel with respect to this Note and the Agreement and the transactions contemplated hereby and thereby, and (d) the terms and provisions of this Note are the result of negotiations by counsel representing such Maker and each other Maker, and this Note shall not be construed in favor of or against such Maker or the Holder by reason of the extent to which counsel for such Maker or the other Makers or counsel for the Holder participated in the drafting of this Note.

675176_2

J&GPC-01943(TANZY)
CONFIDENTIAL

15.    If there is more than one Maker under this Note, any and all obligations, representations, warranties, covenants and other agreements of any one or more of the Makers under this Note of the Makers shall be joint and several liabilities of all of the Makers. Any knowledge held by or imputed to any Maker shall be deemed to be within the knowledge of all of the Makers. Any certificate, notice, request, statement or other document or communication signed or made on behalf or in the name of any one or more of the Makers shall be deemed to have been signed or made by all of the Makers unless expressly disclaimed in a particular document or communication. Each reference herein to the Makers shall be deemed to include a reference to each Maker.

16.    This Note has been made and delivered in the City, County and State of New York, and shall be exclusively governed by and construed in accordance with the laws of the State of New York (without regard to principles of conflicts of laws). Whenever reference is made to any party, such reference shall be deemed to include the successors, assigns, heirs and legal representatives of such party. Each and every modification and amendment of this Note shall be in writing and signed by all of the parties hereto. This Note and the Agreement contain the entire agreement of the parties and supersede all other representations, warranties, agreements and understandings (oral or otherwise) with respect to the matter contained herein and therein.

[REMAINDER OF THIS PAGE INTENTIONALLY BLANK]

675176_2

J&GPC-01944(TANZY)
CONFIDENTIAL

**In Witness Whereof,** each of the Makers has executed and delivered this Note as of the date first written above.

<br>

_____
Brian T. Littrell

_____
Howard D. Dorough

_____
Alexander J. Mclean

_____
Kevin Richardson

_____
Nickolas Carter

BACKSTREET BOYS, INC.

By: _____
      Name:
      Title:

BACKSTREET PRODUCTIONS, INC.

By: _____
      Name:
      Title:

KBNHA ENTERPRISES, INC.

By: _____
      Name:
      Title:

675176_2

J&GPC-01945(TANZY)
CONFIDENTIAL

ACKNOWLEDGMENT

STATE OF                          )
                                  : ss.:
COUNTY OF                         )

      On this _____ day of December, 2000, before me personally appeared BRIAN T. LITTRELL, to me known and known to me to be the same person described in and who executed the above instrument, and such Maker acknowledged to me that such Maker executed the same.

 

_____
            Notary Public

ACKNOWLEDGMENT

STATE OF                          )
                                  : ss.:
COUNTY OF                         )

      On this _____ day of December, 2000, before me personally appeared HOWARD D. DOROUGH, to me known and known to me to be the same person described in and who executed the above instrument, and such Maker acknowledged to me that such Maker executed the same.

 

_____
            Notary Public

ACKNOWLEDGMENT

STATE OF                          )
                                  : ss.:
COUNTY OF                         )

      On this _____ day of December, 2000, before me personally appeared ALEXANDER J. McLEAN, to me known and known to me to be the same person described in and who executed the above instrument, and such Maker acknowledged to me that such Maker executed the same.

 

_____
            Notary Public

675176_2

J&GPC-01946(TANZY)
CONFIDENTIAL

## ACKNOWLEDGMENT

STATE OF           )
                    : ss.:
COUNTY OF      )

          On this _____ day of December, 2000, before me personally appeared KEVIN RICHARDSON, to me known and known to me to be the same person described in and who executed the above instrument, and such Maker acknowledged to me that such Maker executed the same.

                                              _____
                                                 Notary Public

## ACKNOWLEDGMENT

STATE OF           )
                    : ss.:
COUNTY OF      )

          On this _____ day of December, 2000, before me personally appeared NICKOLAS CARTER, to me known and known to me to be the same person described in and who executed the above instrument, and such Maker acknowledged to me that such Maker executed the same.

                                              _____
                                                 Notary Public

## ACKNOWLEDGMENT

STATE OF           )
                    : ss.:
COUNTY OF      )

          On this _____ day of December, 2000, before me personally appeared _____, to me known and known to me to be the same person described in and who executed the above instrument, who, being by me duly sworn, did depose and say: that (s)he resides at ____ _____; that (s)he is the _____ of BACKSTREET BOYS, INC., the corporation described in and which executed the above instrument; and that (s)he signed his/her name thereto by order of the board of directors of said corporation.

                                               _____
                                                 Notary Public

675176_2

J&GPC-01947(TANZY)
CONFIDENTIAL

ACKNOWLEDGMENT

STATE OF                    )
                           : ss.:
COUNTY OF                   )

On this _____ day of December, 2000, before me personally appeared _____, to me known and known to me to be the same person described in and who executed the above instrument, who, being by me duly sworn, did depose and say: that (s)he resides at ___ _____; that (s)he is the _____ of BACKSTREET PRODUCTIONS, INC., the corporation described in and which executed the above instrument; and that (s)he signed his/her name thereto by order of the board of directors of said corporation.

                              _____
                              Notary Public


ACKNOWLEDGMENT

STATE OF                    )
                           : ss.:
COUNTY OF                   )

On this _____ day of December, 2000, before me personally appeared _____, to me known and known to me to be the same person described in and who executed the above instrument, who, being by me duly sworn, did depose and say: that (s)he resides at ___ _____; that (s)he is the _____ of KBNHA ENTERPRISES, INC., the corporation described in and which executed the above instrument; and that (s)he signed his/her name thereto by order of the board of directors of said corporation.

                              _____
                              Notary Public

675176_2

J&GPC-01948(TANZY)
CONFIDENTIAL



EXHIBIT  C

J&GPC-01949(TANZY)
CONFIDENTIAL

Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x
LOUIS J. PEARLMAN and TRANS CONTINENTAL :
RECORDS, INC.                                                                          :    **Index No. 605613/99**
                                            :
                      Plaintiffs,                 :
                                            :
        -against-                            :
                                            :
                                            :
NICKOLAS CARTER, HOWARD DOROUGH,           :
BRIAN THOMAS LITTRELL, ALEXANDER J.           :
MCLEAN and KEVIN RICHARDSON,                           :
                                            :
                      Defendants.            :
------------------------------------------------------------------x

## STIPULATED FINAL ORDER
## AND JUDGMENT ON CONSENT

      **IT IS HEREBY STIPULATED AND AGREED,** by and between the attorneys for all

parties, and, good cause appearing therefor, **IT IS HEREBY ORDERED, ADJUDGED AND**

**DECREED,** that:

         1.      The Settlement Agreement dated as of October 1, 1998, entered into by and

among the plaintiffs, the defendants and certain other related parties, which agreement was

amended by subsequent agreement dated as of March 24, 1999, the Settlement and Termination

Agreement dated as of October 1, 1998 entered into by and among the plaintiffs, the defendants

and certain other parties, and the Agreement dated as of December __, 2000 entered into by and

among the plaintiffs, the defendants and certain other parties, were duly entered into and are

valid, binding, in full force and effect and enforceable according to their respective terms.

J&GPC-01950(TANZY)
CONFIDENTIAL

2. This Order is to be interpreted and enforced under the laws of the State of New York, and the parties stipulate that the Supreme Court of the State of New York is the exclusive forum for resolution of any dispute regarding this Order.

3. This Consent Judgment may be presented to the Court for approval and entry of judgment without further notice.


PARKER CHAPIN LLP                          MCLAUGHLIN & STERN, LLP


By:_____               By:_____
     Barry J. Brett, Esq.                        Steven J. Hyman, Esq.
Attorneys for Plaintiffs                   Attorneys for Defendants
Louis J. Pearlman and                      Nickolas Carter, Howard Dorough,
Trans Continental Records, Inc.            Brian Thomas Littrell, Alexander J.
405 Lexington Avenue                       McLean and Kevin Richardson
New York, New York  10174                  260 Madison Avenue, 18th Floor
(212) 704-6000                             New York, New York  10016
                                           (212) 448-1100


ORDERED ADJUDGED AND DECREED:

Dated:  December __, 2000
        New York, New York


_____
        J.S.C.



Enter: _____
             CLERK

-2-

J&GPC-01951(TANZY)
CONFIDENTIAL

EXHIBIT D

J&GPC-01952(TANZY)
CONFIDENTIAL

DIVISION OF LABOR STANDARDS ENFORCEMENT

DEPARTMENT OF INDUSTRIAL RELATIONS

STATE OF CALIFORNIA

| | | |
|---|---|---|
| NICKOLAS CARTER, HOWARD DOROUGH, BRIAN THOMAS LITTRELL, ALEXANDER J. MCLEAN, and KEVIN RICHARDSON, all individuals, and doing business as the Backstreet Boys, | ) ) ) ) ) ) | Case No. TAC 40-99 |
| Petitioners, | ) ) | STIPULATION OF DISMISSAL WITH PREJUDICE |
| -against- | ) ) ) | |
| LOUIS J. PEARLMAN, an individual, BACKSTREET MANAGEMENT, INC., a Delaware corporation, BACKSTREET PRODUCTIONS, INC., a Delaware corporation, BACKSTREET BOYS, INC., a Delaware corporation, TRANS CONTINENTAL RECORDS, INC., a Florida corporation, and DOES 1 to 50, | ) ) ) ) ) ) ) ) ) | |
| Respondents. | ) | |

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned attorneys of record for all parties, that the above entitled proceeding be, and the same hereby is, discontinued with prejudice, without costs to any party or parties as against the other. This stipulation may be filed without further notice with the California Division of Labor Standards Enforcement.

671023_2

J&GPC-01953(TANZY)
CONFIDENTIAL

Dated: Los Angeles, California
December, 2000

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

LAVELY & SINGER

By:_____
    Charles Shephard

By:_____
    Martin D. Singer

Attorneys for Respondents
Louis J. Pearlman, et. al.
1900 Avenue of the Starts – Suite 2100
Los Angeles, CA 90067-4590
(310) 553-3610

Attorneys for Petitioners
Nickolas Carter, Howard Dorough, et. al.
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
(310) 556-3501

671023_2

J&GPC-01954(TANZY)
CONFIDENTIAL

EXHIBIT E

J&GPC-01955(TANZY)
CONFIDENTIAL

**EXHIBIT E**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x

LOUIS J. PEARLMAN and                           :        Index No. 600814/2000
TRANS CONTINENTAL RECORDS, INC.,                :
                                                :
                          Plaintiffs,           :
                                                :
              -against-                         :        **STIPULATION OF**
                                                :        **DISCONTINUANCE**
                                                :
GUDVI, CHAPNICK & OPPENHEIM, INC.               :
                                                :
                          Defendant.            :
-----------------------------------------------------------------x

        IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, the

attorneys of record for all parties to the above entitled action, that whereas no party hereto is an

infant or incompetent person for whom a committee or conservatee has been appointed, the

above entitled action be, and the same hereby is discontinued, without costs to any party or

parties as against another or the other parties.  This stipulation may be filed without further

notice with the Clerk of the Court.

Dated: New York, New York
        December__, 2000

PARKER CHAPIN LLP                       PARCHER HAYES & SNYDER


By:_____            By:_____
     Sharon Stern                          Stephen Hayes
Attorneys for Plaintiffs              Attorneys for Defendant
Louis J. Pearlman and                 Gudvi, Chapnick & Oppenheim, Inc.
  Trans Continental Records, Inc.       & Oppenheim, Inc.
405 Lexington Avenue                  500 Fifth Avenue
New York, New York 10174              New York, New York 10110
(212) 704-6000                        (212) 382-0200


670911_1

J&GPC-01956(TANZY)
CONFIDENTIAL

EXHIBIT F

J&GPC-01957(TANZY)
CONFIDENTIAL

<u>EXHIBIT F</u>

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

BRIAN T. LITTRELL, HOWARD D.
DOROUGH, ALEXANDER J. McLEAN,
KEVIN RICHARDSON, NICKOLAS CARTER,
BACKSTREET BOYS, INC.
and BACKSTREET PRODUCTIONS, INC.,

    Plaintiffs,

                             CASE NO. CI 97-8163

DONNA WRIGHT, WRIGHT STUFF PRODUCTIONS,
INC., JOHNNY WRIGHT, LOUIS J. PEARLMAN,
TRANS CONTINENTAL RECORDS, INC. AND
BACKSTREET MANAGEMENT, INC.

    Defendants.

                             **STIPULATION AND ORDER**
                             **TO DROP PARTIES**
DONNA WRIGHT and
WRIGHT-STUFF PRODUCTIONS, INC.,

    Defendants/Counter-plaintiffs

      v.

BRIAN T. LITTRELL, HOWARD D.
DOROUGH, ALEXANDER J. McLEAN,
KEVIN RICHARDSON, BACKSTREET
MANAGEMENT, INC., BACKSTREET
PRODUCTIONS, INC., LOUIS J. PEARLMAN
AND JOHNNY WRIGHT

    Counter-Defendants

Plaintiffs Brian Littrell, Howard Dorough, Alexander J. McLean, Kevin Richardson and

Nicholas Carter, Backstreet Boys, Inc. and Backstreet Productions, Inc. collectively,

675422_1

J&GPC-01958(TANZY)
CONFIDENTIAL

"Plaintiffs") and defendants Louis J. Pearlman ("Pearlman") and Trans Continental Records Inc. ("Trans Con") hereby STIPULATE AND AGREE as follows:

WHEREAS, the Plaintiffs, Pearlman and Trans Con have settled between and among themselves most, but not all, of the differences which are being adjudicated in this action;

WHEREAS, the Plaintiffs' dropping of Pearlman and Trans Con as defendants in this action would be just and proper;

THE PARTIES STIPULATE AND AGREE THAT:

1.  Plaintiffs hereby drop with prejudice Pearlman and Trans Con from the Fourth Amended Complaint, except that the dismissal of Pearlman and Trans Con from Count Seventeen (Indemnity) of the Plaintiffs' Fourth Amended Complaint is without prejudice.

2.  Plaintiffs, Pearlman and Trans Con shall all bear their own costs and attorneys' fees in this action.

Dated: December __, 2000                    Dated: December __, 2000

_____                    _____
Martin D. Singer, Esq..                     J. Cheney Mason, Esq.
Admitted Pro Hac Vice                       Florida Bar No.: 131982
Counsel for: Plaintiffs Brian Littrell      Counsel for Defendants Louis J.
Nickolas Carter, Howard Dorough,            Pearlman and Trans Continental
Alexander J. McLean, Kevin                  Records, Inc.
Richardson, Backstreet Boys, Inc.,
and Backstreet Productions, Inc.

                        ORDER

IT IS SO ORDERED:

Dated: December __, 2000

                                    _____
                                    THE HON. JOSEPH BAKER
                                    CIRCUIT COURT JUDGE

-2-

675422_1

J&GPC-01959(TANZY)
CONFIDENTIAL

EXHIBIT G

J&GPC-01960(TANZY)
CONFIDENTIAL

## EXHIBIT G

For value received, the undersigned hereby sells, conveys, transfers and assigns to Brian T. Littrell, Howard D. Dorough, Alexander J. McLean, Kevin Richardson and Nickolas Carter any and all of my stock and interest in (i) Backstreet Boys, Inc., a Delaware corporation, (ii) Backstreet Productions, Inc., a Delaware corporation; and (iii) KBNHA Enterprises, Inc., a Delaware corporation.  I agree to also execute (within one month of being given notice of the need to do so) any and all other documents reasonably necessary to effectuate these transactions.

_____

Louis J. Pearlman

674205_2

J&GPC-01961(TANZY)
CONFIDENTIAL

EXHIBIT H

J&GPC-01962(TANZY)
CONFIDENTIAL

## EXHIBIT H

February __, 2001

Backstreet Boys, Inc.
Backstreet Productions, Inc.
KBNHA Enterprises, Inc.
c/o The Firm, LLC
9100 Wilshire Blvd., Suite 400 West
Beverly Hills, CA  90212

Gentlemen:

     Effective today, I hereby resign as an officer and director of each of the above referenced corporations.  I agree to also execute (within one month of being given notice of the need to do so) any and all other documents reasonably necessary to effectuate the aforementioned resignations.

Very truly yours,

Louis J. Pearlman

cc:  Michael D. Friedman, Esq.

674202_2

J&GPC-01963(TANZY)
CONFIDENTIAL

EXHIBIT I

J&GPC-01964(TANZY)
CONFIDENTIAL

## EXHIBIT I

## GENERAL RELEASE

ALL TO WHOM THESE PRESENTS SHALL COME OR MAY CONCERN

KNOW THAT Gudvi Chapnick & Oppenheim, Inc., a California corporation, on behalf of itself

and its subsidiaries, affiliates, predecessors, successors, assigns, heirs, executors, administrators,

present and former officers, directors, shareholders and employees (collectively

"RELEASORS"), in consideration of the sum of Ten Dollars ($10.00), and for other good and

valuable consideration, receipt of which is hereby acknowledged, hereby fully, finally and

unconditionally release(s) and forever discharge(s) Louis J. Pearlman and Trans Continental

Records, Inc., and each of their respective affiliates, predecessors, subsidiaries, successors,

assigns, executors, heirs, administrators, former and present officers, shareholders, directors,

employees, representatives, insurers, attorneys and agents (all of the aforementioned collectively

referred to herein as the "RELEASEES"), from any and all actions, causes of action, liens, suits,

debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts,

controversies, agreements, promises, variances, trespasses, damages, judgments, extents,

executions, claims and demands whatsoever, known or unknown, heretofore asserted, or

currently in existence, in law, admiralty or equity, which the RELEASORS, their successors or

assigns had, now have or hereafter can, shall, or may have for, upon, or by reason of any matter,

cause or thing whatsoever from the beginning of the world through the date of this Release.

It is intended that this Release shall be governed by and construed in accordance

with the laws of the State of New York, and that this Release shall be valid and enforceable in all

jurisdictions, including all jurisdictions within the United States as well as jurisdictions outside

of the United States. Without limitation of the applicability of New York law and the New York

670772_2

J&GPC-01965(TANZY)
CONFIDENTIAL

choice of law provision in this Release, to the extent necessary or deemed applicable, the

RELEASORS hereby acknowledge that they are familiar with Section 1542 of the Civil Code of

the State of California which provides as follows:

> "A general release does not extend to claims which the creditor
> does not know or suspect to exist in his favor at the time of
> executing the release which, if known by him, must have
> materially affected his settlement with the debtor."

The RELEASORS waive and relinquish any right and benefits which they have or

may have under Section 1542 of the Civil Code of the State of California or any similar state law

or statute; to the extent that New York State or any other jurisdiction does not have a similar law

or statute, each of the RELEASORS waives and relinquishes any rights and benefits to the extent

permissible under the laws of the State of California.

The RELEASORS hereby forever and irrevocably waive and relinquish their right

to initiate, proceed with, or prosecute, in any manner whatsoever (including, without limitation,

by way of summons, complaint, petition, charge, order to show cause, or other legal paper,

proceeding, action or process) any legal proceedings whatsoever (whether at law, in equity, in

admiralty, civil, administrative, municipal, county, local, state, federal, national, international,

supranational, or otherwise) against the RELEASEES which are based in any manner

whatsoever on acts or omissions which are released pursuant to this Release.

This RELEASE may not be changed orally.

670772_2

J&GPC-01966(TANZY)
CONFIDENTIAL

IN WITNESS WHEREOF, the RELEASORS have hereunto set forth their hand

and seal on the       day of _____, 2001.

GUDVI CHAPNICK & OPPENHEIM, INC.

By:_____

Name:  Michael Oppenheim

Title:    Authorized Officer


STATE OF CALIFORNIA              )
                                 ) ss.:
COUNTY OF  LOS ANGELES  )


On  __, 2001, before me personally came Michael Oppenheim, personally, known to me or proved to me on the basis of satisfactory evidence to be the individual who executed the foregoing Release as the _____ of Gudvi Chapnick & Oppenheim, Inc.. and duly acknowledged to me that he executed the same in his capacity as such, and that by his signature on the instrument, the corporation upon behalf of which the individual acted executed the instrument.


_____

Notary Public

670772_2

J&GPC-01967(TANZY)
CONFIDENTIAL

EXHIBIT J

J&GPC-01968(TANZY)
CONFIDENTIAL

**EXHIBIT J**

**GENERAL RELEASE**

ALL TO WHOM THESE PRESENTS SHALL COME OR MAY CONCERN KNOW THAT Louis J. Pearlman, an individual, and Trans Continental Records, Inc., a Florida corporation, on behalf of themselves and their respective subsidiaries, affiliates, predecessors, successors, assigns, heirs, executors, administrators, present and former officers, directors, shareholders and employees (collectively "RELEASORS"), in consideration of the sum of Ten Dollars ($10.00), and for other good and valuable consideration, receipt of which is hereby acknowledged, hereby fully, finally and unconditionally release and forever discharge Gudvi Chapnick & Oppenheim, Inc., a California corporation and its affiliates, predecessors, subsidiaries, successors, assigns, executors, heirs, administrators, former and present officers, shareholders, directors, employees, representatives, insurers, attorneys and agents (all of the aforementioned collectively referred to herein as the "RELEASEES"), from any and all actions, causes of action, liens, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, known or unknown, heretofore asserted, or currently in existence, in law, admiralty or equity, which the RELEASORS, their successors or assigns had, now have or hereafter can, shall, or may have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world through the date of this Release.

It is intended that this Release shall be governed by and construed in accordance with the laws of the State of New York, and that this Release shall be valid and enforceable in all

670749_2

J&GPC-01969(TANZY)
CONFIDENTIAL

jurisdictions, including all jurisdictions within the United States as well as jurisdictions outside of the United States. Without limitation of the applicability of New York law and the New York choice of law provision in this Release, to the extent necessary or deemed applicable, the RELEASORS hereby acknowledge that they are familiar with Section 1542 of the Civil Code of the State of California which provides as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release which, if known by him, must have materially affected his settlement with the debtor."

The RELEASORS waive and relinquish any right and benefits which they have or may have under Section 1542 of the Civil Code of the State of California or any similar state law or statute; to the extent that New York State or any other jurisdiction does not have a similar law or statute, each of the RELEASORS waives and relinquishes any rights and benefits to the extent permissible under the laws of the State of California.

The RELEASORS hereby forever and irrevocably waive and relinquish their right to initiate, proceed with, or prosecute, in any manner whatsoever (including, without limitation, by way of summons, complaint, petition, charge, order to show cause, or other legal paper, proceeding, action or process) any legal proceedings whatsoever (whether at law, in equity, in admiralty, civil, administrative, municipal, county, local, state, federal, national, international, supranational, or otherwise) against the RELEASEES which are based in any manner whatsoever on acts or omissions which are released pursuant to this Release

This RELEASE may not be changed orally.

-2-

670749_2

J&GPC-01970(TANZY)
CONFIDENTIAL

IN WITNESS WHEREOF, the RELEASORS have hereunto set forth their hand and seal on the ____ day of _____, 2001.

_____        TRANS CONTINENTAL RECORDS, INC.
LOUIS J. PEARLMAN
Individually

                                        By: _____
                                              Louis J. Pearlman, President

STATE OF            )
                    ) ss.:
COUNTY OF           )

        On _____, 2001, before me personally came Louis J. Pearlman, personally, known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to in the foregoing Release and duly acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual executed the instrument.

                            _____
                            Notary Public

STATE OF            )
                    ) ss.:
COUNTY OF           )

        On _____, 2001, before me personally came Louis J. Pearlman, personally, known to me or proved to me on the basis of satisfactory evidence to be the individual who executed the foregoing Release as the President of Trans Continental Records, Inc. and duly acknowledged to me that he executed the same in his capacity as such, and that by his signature on the instrument, the corporation upon behalf of which the individual acted executed the instrument.

                            _____
                            Notary Public

670749_2                            -3-

J&GPC-01971(TANZY)
CONFIDENTIAL

EXHIBIT K

J&GPC-01972(TANZY)
CONFIDENTIAL

## EXHIBIT K

## GENERAL RELEASE

ALL TO WHOM THESE PRESENTS SHALL COME OR MAY CONCERN

KNOW THAT The Firm, LLC, a California limited liability company, on behalf of itself and its subsidiaries, affiliates, predecessors, successors, assigns, heirs, executors, administrators, present and former members, managers, officers, directors, shareholders and employees (collectively "RELEASORS"), in consideration of the sum of Ten Dollars ($10.00), and for other good and valuable consideration, receipt of which is hereby acknowledged, hereby fully, finally and unconditionally release(s) and forever discharge(s) Louis J. Pearlman and Trans Continental Records, Inc., and each of their respective affiliates, predecessors, subsidiaries, successors, assigns, executors, heirs, administrators, former and present officers, shareholders, directors, employees, representatives, insurers, attorneys and agents (all of the aforementioned collectively referred to herein as the "RELEASEES"), from any and all actions, causes of action, liens, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, known or unknown, heretofore asserted, or currently in existence, in law, admiralty or equity, which the RELEASORS, their successors or assigns had, now have or hereafter can, shall, or may have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world through the date of this Release.

It is intended that this Release shall be governed by and construed in accordance with the laws of the State of New York, and that this Release shall be valid and enforceable in all jurisdictions, including all jurisdictions within the United States as well as jurisdictions outside of the United States. Without limitation of the applicability of New York law and the New York

675251_2

J&GPC-01973(TANZY)
CONFIDENTIAL

choice of law provision in this Release, to the extent necessary or deemed applicable, the RELEASORS hereby acknowledge that they are familiar with Section 1542 of the Civil Code of the State of California which provides as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release which, if known by him, must have materially affected his settlement with the debtor."

The RELEASORS waive and relinquish any right and benefits which they have or may have under Section 1542 of the Civil Code of the State of California or any similar state law or statute; to the extent that New York State or any other jurisdiction does not have a similar law or statute, each of the RELEASORS waives and relinquishes any rights and benefits to the extent permissible under the laws of the State of California.

The RELEASORS hereby forever and irrevocably waive and relinquish their right to initiate, proceed with, or prosecute, in any manner whatsoever (including, without limitation, by way of summons, complaint, petition, charge, order to show cause, or other legal paper, proceeding, action or process) any legal proceedings whatsoever (whether at law, in equity, in admiralty, civil, administrative, municipal, county, local, state, federal, national, international, supranational, or otherwise against the RELEASEES which are based in any manner whatsoever on acts or omissions which are released pursuant to this Release.

This RELEASE may not be changed orally.

675251_2

-2-

J&GPC-01974(TANZY)
CONFIDENTIAL

IN WITNESS WHEREOF, the RELEASORS have hereunto set forth their hand

and seal on the        day of _____, 2001.

THE FIRM, LLC

By:_____
Name:
Title:

STATE OF                    )
                            ) ss.:
COUNTY OF                   )

On __, 2001, before me personally came _____, personally, known to me
or proved to me on the basis of satisfactory evidence to be the individual who executed the
foregoing Release as the _____ of The Firm, LLC and duly acknowledged to
me that he executed the same in his capacity as such, and that by his signature on the instrument,
the corporation upon behalf of which the individual acted executed the instrument.

_____
Notary Public

675251_2

J&GPC-01975(TANZY)
CONFIDENTIAL

EXHIBIT L

J&GPC-01976(TANZY)
CONFIDENTIAL

## EXHIBIT L

## GENERAL RELEASE

ALL TO WHOM THESE PRESENTS SHALL COME OR MAY CONCERN

KNOW THAT Louis J. Pearlman, an individual, and Trans Continental Records, Inc., a Florida

corporation, on behalf of themselves and their respective subsidiaries, affiliates, predecessors,

successors, assigns, heirs, executors, administrators, present and former officers, directors,

shareholders and employees (collectively "RELEASORS"), in consideration of the sum of Ten

Dollars ($10.00), and for other good and valuable consideration, receipt of which is hereby

acknowledged, hereby fully, finally and unconditionally release and forever discharge The Firm,

LLC, a California limited liability company, and its affiliates, predecessors, subsidiaries,

successors, assigns, executors, heirs, administrators, former and present members, managers,

officers, shareholders, directors, employees, representatives, insurers, attorneys and agents (all of

the aforementioned collectively referred to herein as the "RELEASEES"), from any and all

actions, causes of action, liens, suits, debts, dues, sums of money, accounts, reckonings, bonds,

bills, specialties, covenants, contracts, controversies, agreements, promises,    variances,

trespasses, damages, judgments, extents, executions, claims and demands whatsoever, known or

unknown, heretofore asserted, or currently in existence, in law, admiralty or equity, which the

RELEASORS,.their successors or assigns had, now have or hereafter can, shall, or may have for,

upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world

through the date of this Release. .

It is intended that this Release shall be governed by and construed in accordance

with the laws of the State of New York, and that this Release shall be valid and enforceable in all

675249_1

J&GPC-01977(TANZY)
CONFIDENTIAL

jurisdictions, including all jurisdictions within the United States as well as jurisdictions outside of the United States. Without limitation of the applicability of New York law and the New York choice of law provision in this Release, to the extent necessary or deemed applicable, the RELEASORS hereby acknowledge that they are familiar with Section 1542 of the Civil Code of the State of California which provides as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release which, if known by him, must have materially affected his settlement with the debtor."

The RELEASORS waive and relinquish any right and benefits which they have or may have under Section 1542 of the Civil Code of the State of California or any similar state law or statute; to the extent that New York State or any other jurisdiction does not have a similar law or statute, each of the RELEASORS waives and relinquishes any rights and benefits to the extent permissible under the laws of the State of California.

The RELEASORS hereby forever and irrevocably waive and relinquish their right to initiate, proceed with, or prosecute, in any manner whatsoever (including, without limitation, by way of summons, complaint, petition, charge, order to show cause, or other legal paper, proceeding, action or process) any legal proceedings whatsoever (whether at law, in equity, in admiralty, civil, administrative, municipal, county, local, state, federal, national, international, supranational, or otherwise) against the RELEASEES which are based in any manner whatsoever on acts or omissions which are released pursuant to this Release.

This RELEASE may not be changed orally.

675249_1

J&GPC-01978(TANZY)
CONFIDENTIAL

IN WITNESS WHEREOF, the RELEASORS have hereunto set forth their hand and seal on the _____ day of _____, 2001.


_____    TRANS CONTINENTAL RECORDS, INC.
LOUIS J. PEARLMAN
Individually

                          By: _____
                                   Louis J. Pearlman, President


STATE OF           )
                   ) ss.:
COUNTY OF       )

        On _____, 2001, before me personally came Louis J. Pearlman, personally, known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to in the foregoing Release and duly acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual executed the instrument.


                       _____
                       Notary Public

STATE OF           )
                   ) ss.:
COUNTY OF       )

        On _____, 2001, before me personally came Louis J. Pearlman, personally, known to me or proved to me on the basis of satisfactory evidence to be the individual who executed the foregoing Release as the President of Trans Continental Records, Inc. and duly acknowledged to me that he executed the same in his capacity as such, and that by his signature on the instrument, the corporation upon behalf of which the individual acted executed the instrument.


                       _____
                       Notary Public

675249_1

J&GPC-01979(TANZY)
CONFIDENTIAL

EXHIBIT M

J&GPC-01980(TANZY)
CONFIDENTIAL

AMERICAN ARBITRATION ASSOCIATION
-------------------------------------------------------------------x
LOUIS J. PEARLMAN and TRANS CONTINENTAL
RECORDS, INC.

                    Claimants,

           -against-

NICKOLAS CARTER, HOWARD DOROUGH,
BRIAN THOMAS LITTRELL, ALEXANDER J.
MCLEAN, KEVIN RICHARDSON, BACKSTREET
PRODUCTIONS, INC. AND BACKSTREET
BOYS, INC.

                    Respondents.

-------------------------------------------------------------------x

CLAIM NO. 13 E 140 01089 99

**Honorable Michael Berger**

**STIPULATION OF
DISCONTINUANCE**

        IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, the

attorneys of record for all parties to the above entitled arbitration, that the above entitled

arbitration be, and the same hereby is discontinued, with prejudice, without costs to any party

or parties as against another or the other parties.

Dated: New York, New York
       February_____, 2001

PARKER CHAPIN LLP

By:_____
      Barry J. Brett

Attorneys for Claimants
Louis J. Pearlman and
Trans Continental Records, Inc.
405 Lexington Avenue
New York, New York 10174
(212) 704-6000

LAVELY & SINGER

By:_____
      Martin Singer

Attorneys for Respondents
Nickolas Carter, Howard Dorough,
Brian Thomas Littrell, Alexander J.
McLean, Kevin Richardson, Backstreet
Boys, Inc. and Backstreet Productions, Inc.
2049 Century Park East, Suite 2049
Los Angeles, California 90067-2906
(310) 556-3501

670921_2

J&GPC-01981(TANZY)
CONFIDENTIAL

## RELEASE AND SETTLEMENT AGREEMENT

THIS RELEASE AND SETTLEMENT AGREEMENT ("Agreement") is made and entered into to be effective the 21st day of December, 2004 (the "Effective Date"), by and between SYBIL HALL ("HALL"), on the one hand, and BRIAN T. LITTRELL ("Littrell"), KEVIN RICHARDSON ("Richardson"), HOWARD D. DOROUGH ("Dorough"), ALEXANDER J. McLEAN ("McLean"), and NICKOLAS CARTER ("Carter") (Littrell, Richardson, Dorough, McLean, and Carter are collectively referred to herein as the "Backstreet Parties"), on the other hand. (Each signatory to this Agreement may be referred to herein as a "Party," and one or more signatories to this Agreement may be referred to herein collectively as "Parties.")

### RECITALS:

A.    HALL filed an action against the Backstreet Parties entitled *Sybil Hall vs. Louis J. Pearlman, Nick Carter, Howard D. Dorough, Brian Littrell, Alexander J. Mclean, Denise Mclean, Kevin Richardson, Backstreet Boys, Inc., an Administratively Dissolved Florida Corporation, Backstreet Boys, Inc., a Delaware Corporation, Backstreet Management, Inc., Backstreet Productions, Inc., Trans-Action, L.C., Transcontinental Media, Inc., Transcontinental Records, Inc.,* Case No.: 02-CA-9479-32, in the Circuit Court in and for Orange County, Florida (the "Action").

B.    It is the desire and intention of HALL and the Backstreet Parties to resolve all claims between themselves in the Action on the following terms and conditions.

NOW, THEREFORE, in consideration of the premises and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, HALL and the Backstreet Parties, intending to be legally bound, agree as follows:

- 1 -

1.      The foregoing recitals are true, correct and form an integral part of this Agreement.

2.      This Agreement shall not be construed as an admission of liability by any of the Backstreet Parties.  HALL and the Backstreet Parties have made and entered into this Agreement solely to compromise and settle disputed claims in order to avoid the uncertainty and expense of litigation and for no other reason. The Backstreet Parties deny any liability in connection with the Action, and all Parties deny that they have violated any law, statute, regulation or ordinance. Neither this Agreement nor any of its terms shall be offered or admitted into evidence or referenced in any judicial proceeding, except as may be necessary to consummate or enforce this Agreement.

3.      **Dismissal of Claims in the Action:**   Simultaneous with the execution of this Agreement, HALL shall execute, file and serve a voluntary notice of dismissal of all claims against the Backstreet Parties, with prejudice, in the form attached hereto as Exhibit 1, with each Party to be responsible for payment of his or its own attorneys' fees and costs.

4.      **Payments.**   The above-named Backstreet Parties shall jointly pay to the Plaintiff the TOTAL sum of Three Hundred Twelve Thousand Five Hundred and no/100 Dollars ($312,500.00) as follows:

(i)      The first installment of One Hundred Fifty Thousand Dollars ($150,000.00) shall be delivered to Plaintiff's attorneys by no later than December 23, 2004; and

(ii)      The second and final installment of One Hundred Sixty Two Thousand Five Hundred Dollars ($162,500.00) shall be delivered to Plaintiff's attorneys, in accordance with the terms of the promissory note attached hereto as Exhibit 2, no later than April 15, 2005.

- 2 -

5.      **Releases.**

(a) **RELEASE BY HALL** HALL hereby releases, remises, acquits, exonerates and forever discharges Littrell, Richardson, Dorough, McLean, Carter, KBNHA Enterprises, Inc., BDN Music, Howie Dorough Music, Trek, Inc., Trek Entertainment, LLC, B-ROK, Inc., A.J. Shadz, Inc., NGC Touring, Inc., Kaotic, Inc., K.R. Son Music and BSB Entertainment, Inc., together with their past and present affiliates, subsidiaries, joint venture partners, agents, representatives, accountants, officers, directors, employees, and attorneys, including but not limited to Gudvi, Sussman & Oppenheim, Michael Oppenheim, Lassiter, Tidwell & Hildebrand PLLC, Jordan S. Keller, Lavely & Singer, PC, Martin D. Singer, Paul Karl Lukacs and Erika Wright, from all actions, causes of action, liens, suits, debts, liabilities, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, assignments, trespasses, damages, judgments, extents, executions, claims and/or demands whatsoever, known or unknown, heretofore asserted, or currently in existence, in law, admiralty or equity, which HALL had, now has or hereafter can, shall, or may have, for upon, or by reason of any matter, cause or thing whatsoever from the beginning of time through the date hereof.

(b)      **RELEASE BY BACKSTREET PARTIES.** The Backstreet Parties, along with their agents and affiliates referenced in Paragraph 5(a) above (and the Backstreet Corporations, once HALL delivers to the Backstreet Corporations Exhibit C to the Covenant Not To Sue and Reservation of Rights, attached hereto as Exhibit 3) hereby release, remise, acquit, exonerate and forever discharge, HALL,

- 3 -

together with her past and present agents, representatives and attorneys, including but not limited to Morgan, Colling & Gilbert, Clay Townsend, Keith Mitnik, Parcher, Hayes & Snyder, Manatt, Phelps, Steve Hayes, Robert Jacobs, Peter Parcher and Orin Snyder from all actions, causes of action, liens, suits, debts, liabilities, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, assignments, trespasses, damages, judgments, extents, executions, claims and/or demands whatsoever, known or unknown, heretofore asserted, or currently in existence, in law, admiralty or equity, which the Backstreet Parties had, now has or hereafter can, shall, or may have, for upon, or by reason of any matter, cause or thing whatsoever from the beginning of time through the date hereof.

(c)    These releases do not, and are not intended to, include Louis J. Pearlman, Backstreet Boys, Inc, a Florida Corporation, Transcontinental Records, Inc., Transcontinental Media, Inc., Backstreet Management, Inc., Trans-Action, L.C. (individually and collectively "Pearlman") or Denise McLean ("McLean") or any of Pearlman's or McLean's companies, agents, attorneys, accountants, employees, directors, officers and/or assigns (other than any of the Backstreet Parties) including Bob Fischetti, David Pierfey, Jane Carter or any entity in which Pearlman or McLean own a legal or beneficial interest.  The Backstreet Parties warrant that Pearlman is not currently an officer, director or shareholder, nor does Pearlman currently have any legal or beneficial interest in the Backstreet Parties or any of the entities identified in Paragraph 5(a) above.

6.      HALL hereby represents and warrants that, as of the date of her signing of this Agreement, HALL has not filed or served or interposed, or caused to be filed or served or interposed, any civil action, legal proceeding or claim against any of the Backstreet Parties, other than the Action.  By executing this Agreement, HALL irrevocably agrees that, from the date of her signing of this Agreement and afterward into and including perpetuity, HALL (on behalf of herself and her heirs and assigns) forever waives, releases, cedes, relinquishes, abandons, surrenders and yields any and all right, option, duty or ability to make, assert, file, serve, or interpose any action, cause of action, lien, suit, debt, liability, due, sum of money, account, reckoning, bond, bill, specialty, covenant, contract, controversy, agreement, promise, variance, trespass, damage, judgment, extent, execution, claim or demand, arising out of or related to the Action, against any of the Backstreet Parties, other than a claim for breach of a covenant contained within this Agreement.

7.      **Covenant Not To Sue Backstreet Corporations.**  As further consideration for the payments set out in Paragraph 4 of this Agreement, HALL agrees to execute, simultaneously with this Agreement, the Covenant Not To Sue and Reservation of Rights, attached hereto as Exhibit 3, in favor of Backstreet Productions, Inc. and Backstreet Boys, Inc., a Delaware Corporation (collectively and individually referred to herein as the "Backstreet Corporations"), and agrees to perform the obligations stated therein.  The Backstreet Parties represent and warrant that Louis J. Pearlman is not currently a shareholder, officer, director, legal or beneficial owner of any of the Backstreet Corporations or any of the other entities referenced in Paragraph 5(a) of this Agreement.

8.      **Confidentiality.**  HALL and the Backstreet Parties, together with their respective officers, employees, agents, attorneys and representatives, shall maintain the confidentiality of this Agreement and the terms thereof, except that a Party may disclose the terms of this Agreement (a)

- 5 -

to his, her or its attorneys, accountants, managers and other advisors; (b) to third parties with whom any Party has commercial dealings and who have a "need to know" the specific terms hereof; (c) to the extent necessary to implement or enforce the terms of this Agreement; (d) as to facts publicly available; and/or (e) pursuant to an order issued by any court of competent jurisdiction or a lawfully issued subpoena or as required by law. No press release or public statement with respect to this Agreement or the transactions and events reflected in this Agreement shall be made without the mutual consent of the Parties. For example, no press release may be issued regarding this settlement unless all Parties to this Agreement agree in advance and in writing to every word of the press release as well as the timing and recipients to the release.

9. <u>Continuing Confidentiality and Non-Disparagement</u>. All the Parties agree that the terms of protective orders in place in this Action shall continue to be in effect and binding on the parties from now through the end of their natural life spans (regardless of any action by any court as to those protective orders). Neither HALL, on the one hand, nor the Backstreet Parties, on the other hand, shall directly or indirectly publish, make or cause to be made or published any statement to any member of the media, including, but not limited to, journalists, media organizations, newspapers, periodicals, magazines, publications, television stations, radio stations, publishers, databases and any other enterprise involved in the print, wire or electronic media, including individuals working directly or indirectly for, or on behalf of, any of said persons or entities (collectively here "Media") regarding the following: (i) any statement concerning the private affairs or interpersonal relationships of any of the other Parties; or (ii) any statement concerning the medical condition of any other Party or medication or medical treatment taken by any other Party. In furtherance of the undertaking in this Non-Disparagement provision, each of the Parties agrees that he/she/it shall not authorize, cause or permit, any agent, manager, publicist,

To HALL:                 Clay Townsend, Esquire
Morgan, Colling & Gilbert
20 North Orange Avenue, 16th Floor
Orlando, Florida 32802

11.      If any provision of this Agreement shall be determined to be invalid or unenforceable to any extent, the remainder of the terms and provisions of and undertakings in this Agreement and the application of such terms, provisions and undertakings shall not be affected and shall be enforced to the greatest extent permitted by law.

12.      This Agreement reflects the entire understanding and agreement between HALL and the Backstreet Parties with respect to the settlement of the Action, and this Agreement supersedes all prior understandings, agreements, communications, representations and/or warranties, whether verbal or written, which relate to the subject matter of this Agreement.

13.      This Agreement is binding upon HALL and the Backstreet Parties and their respective executors, administrators, trustees, personal representatives, receivers, heirs, successors and assigns. Each of the Parties represents and warrants to the others that he, she or it has had full opportunity to obtain, and has in fact obtained, the advice of his, her or its own competent legal counsel with respect to this Agreement and the transactions contemplated hereby and that this Agreement was entered into voluntarily with the advice of counsel and without coercion, duress or threats by any Party or Party's representatives at any time in connection with the negotiation of its terms.

14.      This Agreement may be executed in counterparts, each of which shall be deemed an original but all of which taken together form a single agreement. Facsimile signatures on this Agreement shall be as effective as the original signatures of the parties. Each Party agrees to execute such additional documents as are necessary to effectuate this Agreement.

15.    This Agreement is the product of a joint drafting effort by the Parties and shall not be construed more strictly against one Party than against the other Party.  Bolded headings are for convenience only and shall not be used in the construction or interpretation of this Agreement. Where context requires, the singular shall be deemed the plural and vice versa and the masculine shall be deemed the feminine or neuter or vice versa.

16.    This Agreement may not be changed, altered or modified except in writing signed by each of the parties whose rights or interest is affected thereby.

17.    This Agreement shall be governed, enforced, performed and construed in accordance with the laws of the State of Florida (excepting those conflicts of law provisions that would serve to defeat application of Florida substantive law).   Any and all claims, demands, disputes, controversies, differences or misunderstandings arising out of or relating to this Agreement, other than the promissory note attached hereto as Exhibit 2, or the failure or refusal to perform the whole or any part hereof, shall be adjudged by arbitration, before a single neutral arbitrator, conducted in Orlando, Florida, by the American Arbitration Association (the "AAA") in accordance with the rules thereof then pertaining.  Each of the Parties hereby submits to the personal jurisdiction of the courts of the State of Florida in any proceeding for the enforcement of this Agreement to arbitrate and for the enforcement of the award rendered by the arbitrator, and agrees that judgment upon such award may be entered in any court, in or out of the State of Florida, having jurisdiction thereof.  All fees of the AAA shall be evenly divided between or among the "sides" to the dispute.

18.    In the event of arbitration or litigation pertaining to this Agreement, the prevailing party shall be entitled to recover his, her or its reasonable attorneys' fees, as its costs, from the other Party or parties to that arbitration or litigation.   The reference to "litigation" in the

immediately preceding sentence does not limit in any manner the generality of the arbitration provision contained in the immediately preceding paragraph.

19.    Nothing in this Agreement shall affect the claims pending against persons other than the Backstreet Parties in the civil actions *Sybil Hall vs. Louis J. Pearlman, Nick Carter, Howard D. Dorough, Brian Littrell, Alexander J. Mclean, Denise Mclean, Kevin Richardson, Backstreet Boys, Inc., An Administratively Dissolved Florida Corporation, Backstreet Boys, Inc., A Delaware Corporation, Backstreet Management, Inc., Backstreet Productions, Inc., Trans-Action, L.C., Transcontinental Media, Inc., Transcontinental Records, Inc.* (Case No. 02-CA-9479-32, Circuit Court, Orange County, Florida) and *Sam Licata p/k/a "Phoenix Stone" vs. Louis J. Pearlman, Nick Carter, Howard D. Dorough, Brian Littrell, Alexander J. Mclean, Denise Mclean, Kevin Richardson, Backstreet Boys, Inc., An Administratively Dissolved Florida Corporation, Backstreet Boys, Inc., A Delaware Corporation, Backstreet Management, Inc., Backstreet Productions, Inc., Trans-Action, L.C., Transcontinental Media, Inc., Transcontinental Records, Inc.,* (Case No. 02-CA-009476, Circuit Court, Orange County, Florida).

20.    <u>Discovery and Documents:</u>  The parties will engage in reasonable good faith discussions, in light of all of the circumstances, as to the release of the so-called "GALLOWAY" documents and the release of other allegedly privileged documents (more fully described on privilege logs) currently withheld on the basis of privilege by the Backstreet Parties.  However, a failure by the Parties to reach an agreement, following reasonable good faith discussions, as to the release of the so-called privileged documents shall not be deemed a breach of this Agreement by any Party and shall not be grounds to set aside this Agreement.  In the event that failure by the Parties to reach an agreement, following reasonable good faith discussions, as to the release of the so-called privileged documents, the Backstreet Parties agree to accept service c/o Jordan S. Keller,

- 10 -

Esq. at Lassiter, Tidwell & Hildebrand, PLLC, 150 Fourth Ave. North, Suite 1850, Nashville, Tennessee 37219 of a subpoena for the disputed documents, while reserving their rights to object to the production of the disputed documents.

21.    Each of the Backstreet Parties agrees to appear at deposition in this matter, if so requested, without the need of a subpoena. Each of the depositions will take place prior to April 15, 2005, at a time and geographic location convenient to each of the Backstreet Parties. Once HALL has made a written request to depose any of the Backstreet Parties, the Backstreet Parties will promptly notify HALL if the proposed deposition dates conflict with business and professional commitments, at which point the Backstreet Parties will provide HALL with alternative deposition dates. HALL shall give each of the Backstreet Parties at least two (2) weeks notice of the date on which each respective deposition will take place. Each of the Backstreet Parties will not be required to appear to testify on more than a single date each, subject to cross examination by other persons not within HALL's control. HALL will use her best efforts to ensure that counsel for all of the parties is ready to hear the respective deposition testimony on the noticed date. If HALL fails to call a Backstreet Party to testify on the noticed date or prior to April 15, 2005, that respective Backstreet Party will be relieved of any obligation to HALL to testify in a deposition in the Action, unless that failure is the result of actions outside HALL's control. Breach of this paragraph by any particular Party shall not constitute a breach by any other Party who complies with the provisions of this paragraph.

22.    The Parties contemplate that this Agreement by HALL will be entered into simultaneously with an agreement containing similar terms between Sam Licata and the Backstreet Parties. The execution by Sam Licata of his agreement with the Backstreet Parties is a condition precedent to this Agreement becoming effective and enforceable. If HALL signs this Agreement but Licata refuses to sign his agreement with the Backstreet Parties, neither

- 11 -

agreement shall become effective and enforceable; instead, in that event, both agreements shall be deemed to be rejected offers for all purposes, including, without limitation, for the purpose of a proposal for settlement under Florida Rule of Civil Procedure 1.442.

IN WITNESS WHEREOF, HALL, Littrell, Richardson, Dorough, McLean, and Carter have executed this Agreement effective on the date first above written.


_____
SYBIL HALL


_____          _____
BRIAN T. LITTRELL                                       NICKOLAS CARTER


_____          _____
HOWARD D. DOROUGH                                KEVIN RICHARDSON


_____
ALEXANDER J. MCLEAN

- 12 -

From:LASSITER,TIDWELL,HILDEBRAND   615 242 4214   Filed 07/16/13   Page 93 of 138 P.015/023

Dec 21 04 02:01p      Leighanne Littrell          1234567                      p.4
From:LASSITER,TIDWELL,HILDEBRAND    615 242 4214   12/21/2004 12:38 #002 P.006/007

agreement shall become effective and enforceable; instead, in that event, both agreements shall be deemed to be rejected offers for all purposes, including, without limitation, for the purpose of a proposal for settlement under Florida Rule of Civil Procedure 1.442.

IN WITNESS WHEREOF, HALL, Littrell, Richardson, Dorough, McLean, and Carter have executed this Agreement effective on the date first above written.

---
SYBIL HALL

---
BRIAN T. LITTRELL

---
NICKOLAS CARTER

---
HOWARD D. DOROUGH

---
KEVIN RICHARDSON

---
ALEXANDER J. MCLEAN

- 12 -

agreement shall become effective and enforceable; instead, in that event, both agreements shall

be deemed to be rejected offers for all purposes, including, without limitation, for the purpose of

a proposal for settlement under Florida Rule of Civil Procedure 1.442.

    IN WITNESS WHEREOF, HALL, Littrell, Richardson, Dorough, McLean, and Carter

have executed this Agreement effective on the date first above written.

 

SYBIL HALL

 

 

BRIAN T. LITTRELL                          NICKOLAS CARTER

HOWARD D. DOROUGH                     KEVIN RICHARDSON

 

ALEXANDER J. MCLEAN

 

- 12 -

agreement shall become effective and enforceable; instead, in that event, both agreements shall be deemed to be rejected offers for all purposes, including, without limitation, for the purpose of a proposal for settlement under Florida Rule of Civil Procedure 1.442.

IN WITNESS WHEREOF, HALL, Littrell, Richardson, Dorough, McLean, and Carter have executed this Agreement effective on the date first above written.

SYBIL HALL
_____

BRIAN T. LITTRELL
_____                    NICKOLAS CARTER
                                         _____

HOWARD D. DOROUGH
_____                    KEVIN RICHARDSON
                                         _____

ALEXANDER J. MCLEAN
_____

- 12 -

agreement shall become effective and enforceable; instead, in that event, both agreements shall be deemed to be rejected offers for all purposes, including, without limitation, for the purpose of a proposal for settlement under Florida Rule of Civil Procedure 1.442.

IN WITNESS WHEREOF, HALL, Littrell, Richardson, Dorough, McLean, and Carter have executed this Agreement effective on the date first above written.

SYBIL HALL
_____

BRIAN T. LITTRELL                    NICKOLAS CARTER
_____            _____

HOWARD D. DOROUGH                    KEVIN RICHARDSON
_____            _____

ALEXANDER J. MCLEAN
_____

- 12 -

agreement shall become effective and enforceable; instead, in that event, both agreements shall

be deemed to be rejected offers for all purposes, including, without limitation, for the purpose of

a proposal for settlement under Florida Rule of Civil Procedure 1.442.

IN WITNESS WHEREOF, HALL, Littrell, Richardson, Dorough, McLean, and Carter

have executed this Agreement effective on the date first above written.

_____

SYBIL HALL


_____          _____

BRIAN T. LITTRELL                  NICKOLAS CARTER


_____          _____

HOWARD D. DOROUGH                  KEVIN RICHARDSON


_____

ALEXANDER J. MCLEAN

· 12 ·

EXHIBIT 1

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL
CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO:  02-CA-9479 - DIV. 32

SYBIL HALL,

        Plaintiff,

vs.

LOUIS J. PEARLMAN, NICK CARTER,
HOWARD D. DOROUGH, BRIAN
LITTRELL, ALEXANDER J. MCLEAN,
DENISE MCLEAN, KEVIN ICHARDSON,
BACKSTREET BOYS, INC., An
Administratively Dissolved Florida
Corporation, BACKSTREET BOYS, INC., A
Delaware Corporation, BACKSTREET
MANAGEMENT, INC., BACKSTREET
PRODUCTIONS, INC., TRANS-ACTION,
L.C., TRANSCONTINENTAL MEDIA, INC.,
TRANSCONTINENTAL RECORDS, INC.,

        Defendant.
_____

## NOTICE OF VOLUNTARY DISMISSAL WITH PREJUDICE

COMES NOW the Plaintiff, SYBIL HALL, by and through the undersigned attorneys,

pursuant to Florida Rules of Civil Procedure 1.420, and hereby files this notice of voluntary

dismissal of the above-styled cause WITH PREJUDICE as to Defendants, NICK CARTER,

HOWARD DOROUGH, ALEXANDER MCLEAN, KEVIN RICHARDSON and BRIAN

LITTRELL.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, by U.S. Mail – postage paid, this _27_ day of December, 2004 to:  Jordan Keller, Esquire, Lassiter, Tidwell & Hildebrand, PLLC, 150 Fourth Avenue North, Ste. 1850, Tampa, FL 32719-2408; Paul Karl Lukacs, Esquire, Lavely & Singer, 2049 Century Park East, Suite 2400, Los Angeles, CA  90067-2906, Mark NeJame, Esquire, Nejame, Harrington, Barker, Quintina, Tumarkin, LeFay & Byron, P.A., One South Orange Avenue, Suite 304, Orlando, Florida 32801, Michael Ferderigos, Esquire, 7380 Sandland Road, Suite 350, Orlando, Florida, 32819, Victor L. Chapman, Esquire, Barrett, Chapman & Ruta, P.A., 18 Wall Street, Orlando, Florida 32801.

Clay Townsend, Esquire
FBN 363375
Keith R. Mitnik
FBN 436127
Morgan, Colling & Gilbert, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:    (407) 420-1414
Facsimile:    (407) 425-8171
Attorneys for Plaintiff

# EXHIBIT 2
## PROMISSORY NOTE

$162,500.00                                                        December 21, 2004

FOR VALUE RECEIVED, **BRIAN T. LITTRELL** ("Littrell"), **KEVIN RICHARDSON** ("Richardson"), **HOWARD D. DOROUGH** ("Dorough"), **ALEXANDER J. McLEAN** ("McLean"), and **NICKOLAS CARTER** ("Carter") (Littrell, Richardson, Dorough, McLean, and Carter are collectively referred to herein as the "Maker"), severally as to each of their proportional interests, promise to pay to the order of **SYBIL HALL**, a resident of Florida (the "Holder"), the sum of One Hundred Sixty-Two Thousand Five Hundred Dollars and 00/100 ($162,500.00). All unpaid principal shall be due and payable by 5:00 p.m. CST on April 15, 2005. All payments under this Note shall be made to Holder c/o Clay Townsend, Esquire at the following address: Morgan, Colling & Gilbert 20 North Orange Avenue, 16th Floor Orlando, Florida 32802. The payment of the amount set forth in this Note by the Maker represents the second and final payment owed under that certain agreement entered into by and among the parties constituting the Maker and the Holder on the 21st day of December, 2004.

If the Maker fails to pay all unpaid principal on or before 5:00 p.m. CST on April 15, 2005, then the Holder shall provide written notice of such failure to make payment to the Maker c/o Jordan S. Keller, Esq., Lassiter, Tidwell & Hildebrand, PLLC 150 Fourth Ave. North, Suite 1850, Nashville, Tennessee, 37219 via United States Mail, first class postage prepaid, and the Maker shall have fifteen (15) business days from receipt of said notice from Maker to make such payment (the "Cure Period"); provided, however, if Maker is in good faith working towards curing the breach, but same cannot be completed within the Cure Period, then the fifteen (15) business day period shall be extended an additional thirty (30) business days so long as Maker diligently pursues the cure to completion. If the Maker fails to pay all unpaid principal by the expiration of the Cure Period (or extension thereof), then the Holder may declare Maker's failure to pay all unpaid principal a default under this Note and, if such default is declared, all unpaid principal shall be presently due and payable and the Maker shall be obligated to pay interest on the balance owed under this Promissory Note as of the date that the Holder declares a default for non-payment under this Note (the "Default Date") going forward at the Applicable Federal Rate as of the Default Date until the amount owed under this Promissory Note is paid in full.

All amounts due under this Note are payable at par in lawful money of the United States of America, at such place as the Holder may direct.

Upon the occurrence of a default, as defined above, the Holder may, at its option, declare all principal and interest provided for under this Note, to be presently due and payable, and the Holder may enforce any remedies available to the Holder under this Note.

The validity and construction of this Note shall be determined according to the laws of the State of Florida applicable to contracts executed and performed within that state. If any provision of this Note should for any reason be invalid or unenforceable, the other provisions hereof shall remain in full effect. The parties agree that proper venue for any claim arising under the terms and conditions of this Promissory Note shall be Orange County, Florida.

Words used herein indicating gender or number shall be read as context may require.

The provisions of this Note may be amended or waived only by instrument in writing signed by the Holder and the Maker hereof and attached to this Note.

- 15 -

From:LASSITER,TIDWELL,HILDEBRAND    615 242 4214        12/21/2004 12:38 #002 P.004/007

MAKER:

BRIAN T. LITTRELL

KEVIN RICHARDSON

HOWARD D. DOROUGH

ALEXANDER J. McLEAN

NICKOLAS CARTER

- 16 -

FROM :                          PHONE NO. : 6062450630          Dec. 21 2004 06:33PM P3
        From:LASSITER,TIDWELL,HILDEBRAND   615 242 4214          12/21/2004 12:40 #003 P.004/007

MAKER:

BRIAN T. LITTRELL
_____

KEVIN RICHARDSON
_____

HOWARD D. DOROUGH
_____

ALEXANDER J. McLEAN
_____

NICKOLAS CARTER
_____

- 18 -

MAKER:


BRIAN T. LITTRELL
_____


KEVIN RICHARDSON
_____

HOWARD D. DOROUGH
_____


ALEXANDER J. McLEAN
_____


NICKOLAS CARTER
_____

- 16 -

MAKER:

BRIAN T. LITTRELL
_____

KEVIN RICHARDSON
_____

HOWARD D. DOROUGH
_____

ALEXANDER J. McLEAN
_____

NICKOLAS CARTER
_____

- 18 -

**MAKER:**

_____

BRIAN T. LITTRELL

_____

KEVIN RICHARDSON

_____

HOWARD D. DOROUGH

_____

ALEXANDER J. McLEAN

NICKOLAS CARTER

- 16 -

## EXHIBIT 3

## <u>COVENANT NOT TO SUE AND RESERVATION OF RIGHTS</u>

THIS COVENANT NOT TO SUE AND RESERVATION OF RIGHTS ("Agreement") is made and entered into to be effective the 21st day of December, 2004 (the "Effective Date"), by and between SYBIL HALL ("HALL"), on the one hand, and BACKSTREET PRODUCTIONS, INC. ("BPI"), a Delaware corporation, and BACKSTREET BOYS, INC., a Delaware corporation ("BBI Delaware") (BPI and BBI Delaware are collectively referred to herein as the "Backstreet Corporations"), on the other hand. (Each signatory to this Agreement may be referred to herein as a "Party," and one or more signatories to this Agreement may be referred to herein collectively as "Parties.")

### RECITALS:

A.      HALL filed an action against the Backstreet Corporations entitled *Sybil Hall vs. Louis J. Pearlman, Nick Carter, Howard D. Dorough, Brian Littrell, Alexander J. Mclean, Denise Mclean, Kevin Richardson, Backstreet Boys, Inc., an Administratively Dissolved Florida Corporation, Backstreet Boys, Inc., a Delaware Corporation, Backstreet Productions, Inc., Backstreet Management, Inc., Trans-Action, L.C., Transcontinental Media, Inc., Transcontinental Records, Inc.*, Case No.:  02-CA-9479-32, in the Circuit Court in and for Orange County, Florida (the "Action").

B.      It is the desire and intention of HALL and the Backstreet Corporations to resolve all claims between themselves in the Action on the following terms and conditions.

NOW, THEREFORE, in consideration of the premises and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, HALL and the Backstreet Corporations, intending to be legally bound, agree as follows:

- 17 -

1.      The foregoing recitals are true, correct and form an integral part of this Agreement.

2.      This Agreement shall not be construed as an admission of liability by any of the Backstreet Corporations.  HALL and the Backstreet Corporations have made and entered into this Agreement solely to compromise and settle disputed claims in order to avoid the uncertainty and expense of litigation and for no other reason. The Backstreet Corporations deny any liability in connection with the Action, and all Parties deny that they have violated any law, statute, regulation or ordinance.  Neither this Agreement nor any of its terms shall be offered or admitted into evidence or referenced in any judicial proceeding, except as may be necessary to consummate or enforce this Agreement.

3.      **Dismissal of Claims in the Action and Covenant Not To Sue.** Simultaneously with the execution of this Agreement, HALL shall execute, file with the Court and serve on all relevant persons a voluntary notice of dismissal of all claims against the Backstreet Corporations, without prejudice, in the form attached hereto as Exhibit A, with each Party to be responsible for payment of his, her or its own attorneys' fees and costs.  Additionally, simultaneously with the execution of this Agreement, HALL shall execute a voluntary notice of dismissal of all claims against the Backstreet Corporations with prejudice, in the form attached hereto as Exhibit B and the Release of Claims in the form attached hereto as Exhibit C, and shall convey the signed originals to Plaintiff's counsel to hold in escrow.  HALL agrees that she shall file the dismissal with prejudice and serve it on all relevant persons, or cause such filing and service, within ten (10) court days of the resolution by any means, including, without limitation, settlement, entry of a summary judgment, any order or a final judgment ████████████████████████████
████████████████████████████████████████████████████████████

██████████████████████████████████████ of HALL's claims in the Action against

any of the Pearlman Defendants (defined as Louis J. Pearlman, Backstreet Management Inc.,

Trans-Action L.C., Transcontinental Media Inc., Transcontinental Records Inc., and Backstreet

Boys Inc., an administratively dissolved Florida corporation). During the time between the filing

of the dismissal without prejudice and the filing of the dismissal with prejudice, HALL shall

continue to serve on the Backstreet Corporations all papers filed and served in the Action, such

service to be made upon the Backstreet Corporations at the same time and in the same manner as

the service on those persons who are still parties to the Action.

    4.    <u>Covenant Not To Sue:</u>  HALL and the Backstreet Corporations acknowledge

that the Backstreet Corporations are agreeing to the two-stage dismissal detailed in the

immediately preceding paragraph solely to accommodate HALL's concern that ████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

    ███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████

- 19 -

HALL irrevocably excuses and waives any failure by the Backstreet Corporations, or any agent thereof, to appear in court or to respond to any discovery, other than obligations contained within the Release and Settlement Agreement of which this Agreement is an integral part.

In the event that HALL obtains a judgment, in whole or in part, against one or both Backstreet Corporations, HALL hereby irrevocably agrees that she (and any successor or assign) shall not attempt, in any manner whatsoever, to enforce or execute the judgment against either or both Backstreet Corporations or, in any manner whatsoever (including, but not limited to, piercing the corporate veil or alleging fraud or conspiracy) to enforce or execute the judgment against Nickolas Carter, Howard Dorough, Brian Littrell, Alexander J. McLean and/or Kevin Richardson, individually or as shareholders, officers or directors of the Backstreet Corporations, and/or any business entities of which they own or control all or a portion. HALL hereby agrees that, if a judgment is entered in the Action which imposes monetary liability upon either or both Backstreet Corporations, HALL hereby irrevocably waives, releases, cedes, relinquishes, abandons, surrenders and yields any and all right, option, duty or ability to enforce, execute, satisfy, or collect all or any portion of the judgment from the income, assets or other property of either or both Backstreet Corporations. HALL hereby further agrees that, if a judgment is entered in the Action which imposes monetary liability upon either or both Backstreet Corporations, HALL's only relief is to satisfy that monetary liability from the income, assets or property of the Pearlman Defendants. In the event a judgment is entered in the Action providing injunctive or declaratory or other non-monetary relief against either or both of the Backstreet Corporations, HALL hereby irrevocably agrees to waive, and also agrees not to assert in any manner, those injunctive and/or declaratory and/or non-monetary provisions of the judgment as to the Backstreet Corporations.

HALL hereby represents and warrants that, as of the date of her signing of this Agreement, HALL has not filed or served or interposed, or caused to be filed or served or interposed, any civil action, legal proceeding or claim against either or both Backstreet Corporations, other than the Action.  By executing this Agreement, HALL irrevocably agrees that, from the date of her signing of this Agreement and afterward into and including perpetuity, HALL (on behalf of herself and her heirs and assigns) forever waives, releases, cedes, relinquishes, abandons, surrenders and yields any and all right, option, duty or ability to make, assert, file, serve, or interpose any action, cause of action, lien, suit, debt, liability, due, sum of money, account, reckoning, bond, bill, specialty, covenant, contract, controversy, agreement, promise, variance, trespass, damage, judgment, extent, preferential assignment, execution, claim or demand, arising from or out of the Action, against one or both Backstreet Corporations.

5.      It is hereby expressly understood and agreed that this instrument is not intended as a release or discharge of nor as an accord or satisfaction with any person whosoever, but only as a covenant not to sue and to the effect that each covenantee hereby purchases peace and is herby given peace upon any and all claims and matters whatsoever that have been or may be made against covenantees by the undersigned; and that covenantees in making payment of said consideration for this covenant have done so solely to obtain such peace and do not thereby admit any liability on account of any of said claims or matters but expressly deny all of such liability whatsoever.

6.      **Reservation of Rights.**  HALL expressly reserves the right to sue Louis J. Pearlman, Backstreet Boys, Inc, a Florida Corporation, Transcontinental Records, Inc., Transcontinental Media, Inc., Backstreet Management, Inc., Trans-Action, L.C. (individually and collectively "Pearlman") or Denise McLean or any of Pearlman's or Denise McLean's past or

- 21 -

present companies, agents, attorneys, accountants, employees, directors, officers and/or assigns (other than any of the Backstreet Corporations or Nick Carter, Howard D. Dorough, Brian Littrell, Alexander J. Mclean, and Kevin Richardson), including Bob Fischetti, David Pierfey, Jane Carter or any entity in which Pearlman or Denise McLean own a legal or beneficial interest. The Backstreet Corporations warrant that Pearlman is not currently an officer, director or shareholder, nor does Pearlman currently have any legal or beneficial interest in the Backstreet Corporations.

7. <u>Confidentiality.</u> HALL and the Backstreet Corporations, together with their respective officers, employees, agents, attorneys and representatives, shall maintain the confidentiality of this Agreement and the terms thereof, except that a Party may disclose the terms of this Agreement (a) to his, her or its attorneys, accountants, managers and other advisors; (b) to third persons with whom any Party has commercial dealings and who have a "need to know" the specific terms hereof; (c) to the extent necessary to implement or enforce the terms of this Agreement; (d) as to facts publicly available; and/or (e) pursuant to an order issued by any court of competent jurisdiction or a lawfully issued subpoena or as required by law. No press release or public statement with respect to this Agreement or the transactions and events reflected in this Agreement shall be made without the mutual consent of the Parties. For example, no press release may be issued regarding this settlement unless all Parties to this Agreement agree in advance and in writing to every word of the press release as well as the timing and recipients to the release.

8. <u>Continuing Confidentiality and Non-Disparagement</u>. All the Parties agree that the terms of protective orders in place in this Action shall continue to be in effect and binding on the Corporations from now through the end of their existence (regardless of any

action by any court as to those protective orders). Neither HALL, on the one hand, nor the Backstreet Corporations, on the other hand, shall directly or indirectly publish, make or cause to be made or published any statement to any member of the media, including, but not limited to, journalists, media organizations, newspapers, periodicals, magazines, publications, television stations, radio stations, publishers, databases and any other enterprise involved in the print, wire or electronic media, including individuals working directly or indirectly for, or on behalf of, any of said persons or entities (collectively here "Media") regarding the following: (i) any statement concerning the private affairs or interpersonal relationships of any of the officers, directors or shareholders of the Corporations; or (ii) any statement concerning the medical condition of any other Party or medication or medical treatment taken by any other Party. In furtherance of the undertaking in this Non-Disparagement provision, each of the Corporations agrees that it shall not authorize, cause or permit, any agent, manager, publicist, investigator, attorney or other representative to engage in any of the prohibited acts enumerated hereinabove. Notwithstanding the foregoing, it shall not constitute a breach of this Non-Disparagement provision or the confidentiality provision of this Agreement for any Party to respond to inquiries from the Media concerning the disputes and/or the history or relationship between the Corporations by indicating "no comment" or by stating, in words or substance, that "we had differences and disagreement in the past, but they have been resolved to our mutual satisfaction."

9.     **Notice and Cure.** In the event one Party deems another Party to be in breach of this Agreement, the Party claiming the breach shall deliver written notice of the breach asserted to the alleged breaching Party, and the Party alleged to be in breach of this Agreement shall have fifteen (15) calendar days from the date of delivery of the written notice to cure the asserted breach. Any notice or demand required or permitted to be given or made hereunder to or upon

any Party shall be deemed to have been duly given or made for all purposes if (a) in writing and

sent by (i) messenger or an overnight courier service, or (ii) certified or registered mail, postage

paid, return receipt requested, or (b) sent by telegram, telecopy, telex or similar electronic means,

provided that a written copy thereof is sent on the same day by postage paid first-class mail, to

such Party at the following address:

> To any of the Backstreet
> Corporations:
>
> Jordan S. Keller, Esquire
> Lassiter, Tidwell & Hildebrand, PLLC
> 150 Fourth Ave. North, Suite 1850
> Nashville, Tennessee 37219-2408
> Tel: (615) 259-9344 / Fax: (615) 242-4214
>
> With a copy to:
>
> Erika Wright, Esquire
> Wright Entertainment Group
> 7680 Universal Blvd, Ste 500
> Orlando, Florida 32819
>
> To HALL:
>
> Clay Townsend, Esquire
> Morgan, Colling & Gilbert
> 20 North Orange Avenue, 16th Floor
> Orlando, Florida 32802

10.     If any provision of this Agreement shall be determined to be invalid or

unenforceable to any extent, the remainder of the terms and provisions of and undertakings in

this Agreement and the application of such terms, provisions and undertakings shall not be

affected and shall be enforced to the greatest extent permitted by law.

11.     This Agreement reflects the entire understanding and agreement between HALL

and the Backstreet Corporations with respect to the settlement of the Action, and this Agreement

supersedes all prior understandings, agreements, communications, representations and/or

warranties, whether the same are verbal or written, which relate to the subject matter of this

Agreement.

- 24 -

12.     This Agreement is binding upon HALL and the Backstreet Corporations and their respective executors, administrators, trustees, personal representatives, receivers, heirs, successors and assigns. Each of the Parties represents and warrants to the others that he, she or it has had full opportunity to obtain, and has in fact obtained, the advice of his, her or its own competent legal counsel with respect to this Agreement and the transactions contemplated hereby and that this Agreement was entered into voluntarily with the advice of counsel and without coercion, duress or threats by any Party or Party's representatives at any time in connection with the negotiation of its terms.

13.     This Agreement may be executed in counterparts, each of which shall be deemed an original but all of which taken together form a single agreement.   Facsimile signatures on this Agreement shall be as effective as the original signatures of the Corporations. Each Party agrees to execute such additional documents as are necessary to effectuate this Agreement.

14.     This Agreement is the product of a joint drafting effort by the Parties and shall not be construed more strictly against one Party than against the other Party.  Bolded headings are for convenience only and shall not be used in the construction or interpretation of this Agreement.  Where context requires, the singular shall be deemed the plural and vice versa and the masculine shall be deemed the feminine or neuter or vice versa.

15.     This Agreement may not be changed, altered or modified except in writing signed by each of the Parties whose rights or interest is affected thereby.

16.     This Agreement shall be governed, enforced, performed and construed in accordance with the laws of the State of Florida (excepting those conflicts of law provisions that would serve to defeat application of Florida substantive law).  Any and all claims, demands,

disputes, controversies, differences or misunderstandings arising out of or relating to this Agreement, or the failure or refusal to perform the whole or any part hereof, shall be adjudged by arbitration, before a single neutral arbitrator, conducted in Orlando, Florida, by the American Arbitration Association (the "AAA") in accordance with the rules thereof then pertaining. Each of the Parties hereby submits to the personal jurisdiction of the courts of the State of Florida in any proceeding for the enforcement of this Agreement to arbitrate and for the enforcement of the award rendered by the arbitrator, and agrees that judgment upon such award may be entered in any court, in or out of the State of Florida, having jurisdiction thereof. All fees of the AAA shall be evenly divided between or among the "sides" to the dispute.

17.    In the event of arbitration or litigation pertaining to this Agreement, the prevailing party shall be entitled to recover his, her or its reasonable attorneys' fees, as its costs, from the other Party or parties to that arbitration or litigation. The reference to "litigation" in the immediately preceding sentence does not limit in any manner the generality of the arbitration provision contained in the immediately preceding paragraph.

18.    Nothing in this Agreement shall affect the claims pending against persons other than the Backstreet Corporations, Nick Carter, Howard D. Dorough, Brian Littrell, Alexander J. Mclean, and Kevin Richardson in *Sybil Hall vs. Louis J. Pearlman, Nick Carter, Howard D. Dorough, Brian Littrell, Alexander J. Mclean, Denise Mclean, Kevin Richardson, Backstreet Boys, Inc., An Administratively Dissolved Florida Corporation, Backstreet Boys, Inc., A Delaware Corporation, Backstreet Management, Inc., Backstreet Productions, Inc., Trans-Action, L.C., Transcontinental Media, Inc., Transcontinental Records, Inc.* (Case No. 02-CA-9479-32, Circuit Court, Orange County, Florida) and *Sam Licata p/k/a "Phoenix Stone" vs. Louis J. Pearlman, Nick Carter, Howard D. Dorough, Brian Littrell, Alexander J. Mclean,*

*Denise Mclean, Kevin Richardson, Backstreet Boys, Inc., An Administratively Dissolved Florida Corporation, Backstreet Boys, Inc., A Delaware Corporation, Backstreet Management, Inc., Backstreet Productions, Inc., Trans-Action, L.C., Transcontinental Media, Inc., Transcontinental Records, Inc.*, (Case No. 02-CA-009476, Circuit Court, Orange County, Florida).

19.    Discovery and Documents:    The parties will engage in reasonable good faith discussions, in light of all of the circumstances, as to the release of the so-called "GALLOWAY" documents and the release of other allegedly privileged documents (more fully described on privilege logs) currently withheld on the basis of privilege by the Backstreet Parties. However, a failure by the Parties to reach an agreement, following reasonable good faith discussions, as to the release of the so-called privileged documents shall not be deemed a breach of this Agreement by any Party and shall not be grounds to set aside this Agreement.   In the event that failure by the Parties to reach an agreement, following reasonable good faith discussions, as to the release of the so-called privileged documents, the Backstreet Corporations agree to accept service c/o Jordan S. Keller, Esq. at Lassiter, Tidwell & Hildebrand, PLLC, 150 Fourth Ave. North, Suite 1850, Nashville, Tennessee 37219 of a subpoena for the disputed documents, while reserving their rights to object to the production of the disputed documents.

IN WITNESS WHEREOF, HALL, BBI Delaware and BPI have executed this Agreement effective on the date first above written.


_____

SYBIL HALL


- 27 -

BACKSTREET PRODUCTIONS, INC., a Delaware corporation

By:
Name: Howie Dorough
Title: President

BACKSTREET BOYS, INC., a Delaware corporation

By:
Name: Howie Dorough
Title: President

- 28 -

**EXHIBIT A**

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL
CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA**

**CASE NO:  02-CA-009479 - DIV. 32**

**SYBIL HALL,**

          **Plaintiff,**

**vs.**

**LOUIS J. PEARLMAN, NICK CARTER,
HOWARD D. DOROUGH, BRIAN
LITTRELL, ALEXANDER J. MCLEAN,
DENISE MCLEAN, KEVIN ICHARDSON,
BACKSTREET BOYS, INC., An
Administratively Dissolved Florida
Corporation, BACKSTREET BOYS, INC., A
Delaware Corporation, BACKSTREET
MANAGEMENT, INC., BACKSTREET
PRODUCTIONS, INC., TRANS-ACTION,
L.C., TRANSCONTINENTAL MEDIA, INC.,
TRANSCONTINENTAL RECORDS, INC.,**

          **Defendant.**

_____

**NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

COMES NOW the Plaintiff, SYBIL HALL, by and through the undersigned attorneys, pursuant to Florida Rules of Civil Procedure 1.420, and hereby files this notice of voluntary dismissal of the above-styled cause without prejudice as to Defendants, BACKSTREET PRODUCTIONS, INC. and BACKSTREET BOYS, INC., a Delaware Corporation.

- 29 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, by U.S. Mail – postage paid, this _____ day of December, 2004 to:  Jordan Keller, Esquire, Lassiter, Tidwell & Hildebrand, PLLC, 150 Fourth Avenue North, Ste. 1850, Tampa, FL 32719-2408; Paul Karl Lukacs, Esquire, Lavely & Singer, 2049 Century Park East, Suite 2400, Los Angeles, CA  90067-2906, Mark NeJame, Esquire, Nejame, Harrington, Barker, Quintina, Tumarkin, LeFay & Byron, P.A., One South Orange Avenue, Suite 304, Orlando, Florida 32801, Michael Ferderigos, Esquire, 7380 Sandland Road, Suite 350, Orlando, Florida, 32819, Victor L. Chapman, Esquire, Barrett, Chapman & Ruta, P.A., 18 Wall Street, Orlando, Florida 32801.

<div style="margin-left:40%">

_____

Clay Townsend, Esquire
FBN 363375
Keith R. Mitnik
FBN 436127
Morgan, Colling & Gilbert, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:    (407) 420-1414
Facsimile:    (407) 425-8171
Attorneys for Plaintiff

</div>

EXHIBIT B

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL
CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO:  02-CA-009479 - DIV. 32

SYBIL HALL,

          Plaintiff,

vs.

LOUIS J. PEARLMAN, NICK CARTER,
HOWARD D. DOROUGH, BRIAN
LITTRELL, ALEXANDER J. MCLEAN,
DENISE MCLEAN, KEVIN ICHARDSON,
BACKSTREET BOYS, INC., An
Administratively Dissolved Florida
Corporation, BACKSTREET BOYS, INC., A
Delaware Corporation, BACKSTREET
MANAGEMENT, INC., BACKSTREET
PRODUCTIONS, INC., TRANS-ACTION,
L.C., TRANSCONTINENTAL MEDIA, INC.,
TRANSCONTINENTAL RECORDS, INC.,

          Defendant.

_____

## NOTICE OF VOLUNTARY DISMISSAL WITH PREJUDICE

COMES NOW the Plaintiff, SYBIL HALL, by and through the undersigned attorneys,

pursuant to Florida Rules of Civil Procedure 1.420, and hereby files this notice of voluntary

dismissal of the above-styled cause, WITH PREJUDICE as to Defendants, BACKSTREET

PRODUCTIONS, INC. and BACKSTREET BOYS, INC., a Delaware Corporation.

- 31 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, by U.S. Mail – postage paid, this _____ day of December, 2004 to:  Jordan Keller, Esquire, Lassiter, Tidwell & Hildebrand, PLLC, 150 Fourth Avenue North, Ste. 1850, Tampa, FL 32719-2408; Paul Karl Lukacs, Esquire, Lavely & Singer, 2049 Century Park East, Suite 2400, Los Angeles, CA   90067-2906, Mark NeJame, Esquire, Nejame, Harrington, Barker, Quintina, Tumarkin, LeFay & Byron, P.A., One South Orange Avenue, Suite 304, Orlando, Florida 32801, Michael Ferderigos, Esquire, 7380 Sandiand Road, Suite 350, Orlando, Florida, 32819, Victor L. Chapman, Esquire, Barrett, Chapman & Ruta, P.A., 18 Wall Street, Orlando, Florida 32801.

<div style="margin-left: 45%;">

Clay Townsend, Esquire
FBN 363375
Keith R. Mitnik
FBN  436127
Morgan, Colling & Gilbert, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:    (407) 420-1414
Facsimile:    (407) 425-8171
Attorneys for Plaintiff

</div>

**EXHIBIT C**

**RELEASE**

SYBIL HALL ("HALL"), hereby releases, remises, acquits, exonerates and forever discharges Backstreet Productions, Inc. and Backstreet Boys, Inc., a Delaware Corporation from all actions, causes of action, liens, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, assignments, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, known or unknown, heretofore asserted, or currently in existence, in law, admiralty or equity, which HALL had, now has or hereafter can, shall, or may have, for upon, or by reason of any matter, cause or thing whatsoever from the beginning of time through the date hereof.


SYBIL HALL

DATED: 12·21·04

- 33 -

7/13.06
AO

# IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

SYBIL HALL,

           Plaintiff,

vs.

LOUIS J. PEARLMAN, BACKSTREET BOYS, INC., An Administratively Dissolved Florida Corporation, BACKSTREET MANAGEMENT, INC., TRANS-ACTION, L.C., TRANSCONTINENTAL MEDIA, INC., TRANSCONTINENTAL RECORDS, INC.,

           Defendants.

_____ /

CASE NO.: 02-CA-009479

## NOTICE OF VOLUNTARY DISMISSAL

Pursuant to Florida Rules of Civil Procedure Rule 1.420(a)(1)(B) and Paragraph 5 of the April 15, 2006 Settlement Agreement, Plaintiff SYBIL HALL, (hereinafter "PLAINTIFF"), and Defendants LOUIS J. PEARLMAN, BACKSTREET BOYS, INC, BACKSTREET MANAGEMENT, INC., TRANS-ACTION, L.C., TRANSCONTINENTAL MEDIA and TRANSCONTINENTAL RECORDS, INC., (hereinafter collectively "DEFENDANTS"), by and through their undersigned attorneys hereby stipulate to and agree that claims asserted by PLAINTIFFS against DEFENDANTS shall be and are hereby **Dismissed With Prejudice**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, by U.S. Mail – postage paid and/or Hand Delivery this $\underline{10}$ day of July, 2006, to: Michael Gay, Esquire and Kevin Fowler, Esquire at Foley and Lardner, LLP at 111 North Orange Avenue, Suite 1800, Orlando, FL 32801; and Kevin Fabrikant, Esquire at The Law Offices of Kevin Fabrikant, P.L., 12000 Biscayne Blvd., Suite 609, North Miami Beach, FL 33181.

**CLAY M. TOWNSEND, ESQUIRE**
FBN: 363375
**KEITH R. MITNIK, ESQUIRE**
FBN: 436127
**MORGAN & MORGAN, P.A.**
20 N. Orange Ave., 16th Floor
Orlando, FL 32802-4979
Telephone:     (407) 420-1414
Facsimile:      (407) 425-8171
Attorneys for Plaintiffs

EXHIBIT A

## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL
## CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

### CASE NO: 02-CA-9479 - DIV. 32

SYBIL HALL,

      Plaintiff,

vs.

LOUIS J. PEARLMAN, NICK CARTER,
HOWARD D. DOROUGH, BRIAN
LITTRELL, ALEXANDER J. MCLEAN,
DENISE MCLEAN, KEVIN ICHARDSON,
BACKSTREET BOYS, INC., An
Administratively Dissolved Florida
Corporation, BACKSTREET BOYS, INC., A
Delaware Corporation, BACKSTREET
MANAGEMENT, INC., BACKSTREET
PRODUCTIONS, INC., TRANS-ACTION,
L.C., TRANSCONTINENTAL MEDIA, INC.,
TRANSCONTINENTAL RECORDS, INC.,

      Defendant.        /

INSTR 200500038260
OR BK 07781 PG 0626 PGS=2
MARTHA O. HAYNIE, COMPTROLLER
ORANGE COUNTY, FL
01/14/2005 11:23:49 AM
REC FEE 0.00

### NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE

COMES NOW the Plaintiff, SYBIL HALL, by and through the undersigned attorneys, pursuant to Florida Rules of Civil Procedure 1.420, and hereby files this notice of voluntary dismissal of the above-styled cause without prejudice as to Defendants, BACKSTREET PRODUCTIONS, INC. and BACKSTREET BOYS, INC., a Delaware Corporation.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, by U.S. Mail – postage paid, this _23_ day of December, 2004 to: Jordan Keller, Esquire, Lassiter, Tidwell & Hildebrand, PLLC, 150 Fourth Avenue North, Ste. 1850, Tampa, FL 32719-2408; Paul Karl Lukacs, Esquire, Lavely & Singer, 2049 Century Park East, Suite 2400, Los Angeles, CA 90067-2906, Mark NeJame, Esquire, Nejame, Harrington, Barker, Quintina, Tumarkin, LeFay & Byron, P.A., One South Orange Avenue, Suite 304, Orlando, Florida 32801, Michael Ferderigos, Esquire, 7380 Sandland Road, Suite 350, Orlando, Florida, 32819, Victor L. Chapman, Esquire, Barrett, Chapman & Ruta, P.A., 18 Wall Street, Orlando, Florida 32801.

_____
Clay Townsend, Esquire
FBN 363375
Keith R. Mitnik
FBN 436127
Morgan, Colling & Gilbert, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:    (407) 420-1414
Facsimile:    (407) 425-8171
Attorneys for Plaintiff

EXHIBIT 1

## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

### CASE NO: 02-CA-9479 - DIV. 32

SYBIL HALL,

              Plaintiff,

vs.

LOUIS J. PEARLMAN, NICK CARTER,
HOWARD D. DOROUGH, BRIAN
LITTRELL, ALEXANDER J. MCLEAN,
DENISE MCLEAN, KEVIN ICHARDSON,
BACKSTREET BOYS, INC., An
Administratively Dissolved Florida
Corporation, BACKSTREET BOYS, INC., A
Delaware Corporation, BACKSTREET
MANAGEMENT, INC., BACKSTREET
PRODUCTIONS, INC., TRANS-ACTION,
L.C., TRANSCONTINENTAL MEDIA, INC.,
TRANSCONTINENTAL RECORDS, INC.,

              Defendant.

```
INSTR  20050038261
OR BK 07781 PG 0628 PGS=2
MARTHA O. HAYNIE, COMPTROLLER
ORANGE COUNTY, FL
01/14/2005  11:23:49 AM
REC FEE 0.00
```

### NOTICE OF VOLUNTARY DISMISSAL WITH PREJUDICE

COMES NOW the Plaintiff, SYBIL HALL, by and through the undersigned attorneys, pursuant to Florida Rules of Civil Procedure 1.420, and hereby files this notice of voluntary dismissal of the above-styled cause WITH PREJUDICE as to Defendants, NICK CARTER, HOWARD DOROUGH, ALEXANDER MCLEAN, KEVIN RICHARDSON and BRIAN LITTRELL.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, by U.S. Mail – postage paid, this ___27___ day of December, 2004 to: Jordan Keller, Esquire, Lassiter, Tidwell & Hildebrand, PLLC, 150 Fourth Avenue North, Ste. 1850, Tampa, FL 32719-2408; Paul Karl Lukacs, Esquire, Lavely & Singer, 2049 Century Park East, Suite 2400, Los Angeles, CA  90067-2906, Mark NeJame, Esquire, Nejame, Harrington, Barker, Quintina, Tumarkin, LeFay & Byron, P.A., One South Orange Avenue, Suite 304, Orlando, Florida 32801, Michael Ferderigos, Esquire, 7380 Sandland Road, Suite 350, Orlando, Florida, 32819, Victor L. Chapman, Esquire, Barrett, Chapman & Ruta, P.A., 18 Wall Street, Orlando, Florida 32801.

Clay Townsend, Esquire
FBN 363375
Keith R. Mitnik
FBN  436127
Morgan, Colling & Gilbert, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:    (407) 420-1414
Facsimile:    (407) 425-8171
Attorneys for Plaintiff

## CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Confidential Settlement Agreement and Mutual General Release ("Agreement") is made and entered into this _15_ day of _April_, 2006, by and between Sam Licata ("Licata") and Louis J. Pearlman ("Pearlman"), Backstreet Boys, Inc., an administratively dissolved Florida corporation, Backstreet Management, Inc., Trans-Action, L.C., Transcontinental Media, Inc., and TransContinental Records, Inc., (collectively referred to as the "Pearlman Entities").

WHEREAS, a dispute has arisen between Licata, Pearlman, and the Pearlman Entities over the Backstreet Boys band, which has resulted in Licata filing a complaint in the Circuit Court of Orange County, Florida, case number 02-CA-9476 ("the Civil Action"); and

WHEREAS, the parties agree to settle the Civil Action, and all other disputes between them that could have been asserted in the Civil Action.

NOW, THEREFORE, in consideration of the foregoing, and for good and valuable consideration, the receipt and sufficiency of which is hereby expressly acknowledged, Licata, Pearlman, and the Pearlman Entities covenant and agree as follows:

1.    In consideration for Licata's promises and covenants contained herein, Pearlman and the Pearlman entities will, collectively, pay to Licata the gross amount of Seven Hundred Seventy Nine Thousand Dollars and no/100 ($779,000.00), inclusive of all attorneys' fees and costs. Said amount will be delivered upon execution of this Agreement upon the following terms and conditions:

a.  Sam Licata previously accepted Pearlman and the Pearlman Entities' Offer of Judgment in the amount of One Hundred Eighty Three Thousand Dollars and no/100 ($183,000.00) which funds have been delivered to the Morgan & Morgan Trust Account. Upon execution of this Agreement, Licata shall be deemed to have withdrawn his acceptance of the Offer of Judgment and Pearlman and the Pearlman entities shall be deemed to have accepted Licata's withdrawal of the Offer of Judgment. The $183,000.00 in the Morgan & Morgan Trust Account shall be credited against the $779,000.00 settlement amount set forth above and Morgan & Morgan shall be authorized to disburse these funds to Licata upon execution of this Agreement.

b.  Two Hundred Thousand dollars and no/100 ($200,000) to be wire transferred to the Foley & Lardner LLP Trust Account by noon., Monday, April 17, 2006 and wire transferred to the Morgan & Morgan Trust Account by 5:00 p.m. on Monday April 17, 2006; Pearlman warrants and represents that he has the ability to make the referenced payment, and such warranty is a material inducement to Licata.  If the referenced payment is not made as described herein, Pearlman agrees to entry of an order requiring him to make the payment according to the terms described.  If Pearlman fails to make such payment as described, he agrees that such failure will constitute contempt of court, and agrees to submit himself to the punishment of the court.  The only defense would be if failure to comply is solely the fault of a third party and not insufficient funds and/or encumbrances upon funds.

c.  One Hundred Fifty Thousand Dollars and no/100 ($150,000.00) to be delivered to Morgan & Morgan by May 16, 2006; and

d. The balance of Two Hundred Forty Six Thousand Dollars and no/100 ($246,000.00) to be delivered to Morgan & Morgan by June 16, 2006.

2.    In consideration of the payment mentioned in the previous paragraph, the adequacy of which is hereby acknowledged, and as a material inducement to Pearlman and the Pearlman Entities to enter into this Agreement, Licata, on behalf of himself and his heirs, personal or legal representatives, successors and assigns, does hereby irrevocably and unconditionally remise, release, acquit, satisfy, and forever discharge Louis J. Pearlman individually, and the Pearlman Entities's shareholders, directors, officers, employees, agents, parent companies, affiliates, representatives, attorneys, insurers, successors (collectively "the Releasees") and assigns from any and all claims or causes of action whatsoever, in law or in equity, whether known or unknown at this time, based on any action, cause or thing occurring on or prior to the date hereof, and, in particular, without limiting the generality of the foregoing, all claims arising out of or relating to The Backstreet Boys, or any other claim or cause of action, whether accrued or conditional, that Licata has or may have against any of the Releasees. This release has no application to the pending case in New York City, in which Licata's counsel represents the Backstreet Boys.

3.    Subject to Licata's compliance with the terms of this Agreement, Pearlman and the Pearlman Entities, their shareholders, officers, directors, employees, agents, legal representatives, successors, and assigns, do hereby remise, release, acquit, satisfy, and forever, discharge Licata from any and all claims or causes of action whatsoever, including, but not limited to, those claims relating to the Civil Action.

4.    The parties agree to continue to abide by the Court's Order Approving Joint Stipulation to be Bound by the Confidentiality Agreement and Stipulated Protective Order Filed in Williams v. Pearlman, Case No. CI 99-7235-35. Counsel for the parties also agree to meet during the week of April 17, 2006 for the purpose of reviewing documents in Licata's counsel's possession to identify documents subject to return under the terms of the Order. Counsel for the parties agree that all agreed documents subject to return shall be returned no later than 60 days from execution of this Agreement, and will not be used by Licata's counsel for any purpose. Counsel for the parties agree that all disputes as to whether documents in Licata's counsel's possession are subject to return shall be submitted to the Court for determination. Until the matter is heard by the Court, counsel for Licata agrees that the disputed documents will not be used for any purpose.

5.    Upon completion of the payments set forth in Paragraph 1, Licata will dismiss the Civil Action against Pearlman and the Pearlman Entities with prejudice.

6.    Licata, Pearlman, and the Pearlman Entities agree to, pledge, covenant and promise to hold strictly confidential both the terms of this Agreement and the circumstances underlying it, except to the extent that they are required to reveal information under compulsion of legal process. Licata may reveal the details of this Agreement to his attorneys, accountants, and/or members of his immediate family (meaning spouse or parents) but only if those individuals agree to keep confidential the information revealed to them. If Licata and Pearlman are expressly asked about the status or outcome of the Civil Action, they may state only that the case was amicably resolved and that the terms of the Agreement prohibit further comment. Pearlman and

the Pearlman Entities may provide information concerning this Agreement to its board of directors, officers, employees, insurers, consultants, and attorneys only on a need-to-know basis. It shall not be a violation of this provision to disclose the terms and conditions of this Agreement as necessary in a proceeding to enforce it. The parties agree that each may issue a press release announcing a settlement of the Civil Action but that any such press release shall be limited to a statement that the parties have amicably resolved the Civil Action.

7.    Licata, Pearlman, and the Pearlman Entities agree specifically to be bound by the terms of this Agreement regardless of any subsequent determination by any court or administrative body that this Agreement or any portion thereof may be subsequently disclosed to the public. Licata, Pearlman, and the Pearlman Entities affirm that the confidentiality arrangements contained herein are crucial and extremely material provisions of this Agreement, the breach of which will subject and cause damages to Pearlman and the Pearlman Entities in a manner and amount that cannot reasonably be calculated. Accordingly, it is expressly understood and agreed that if either party to the Agreement establishes in a proceeding, brought to enforce the terms of this confidentiality provision, that there is a material breach by the other party, then the party in violation of this confidentiality provision shall be liable to the other party for $10,000.00 for each such violation, plus fees and costs, if applicable. The nonviolating party may, in addition to pursuing any other remedies set forth herein, obtain an injunction against the other party from any court having jurisdiction over this matter, restraining any further violation of this Agreement.

8.     There is no prevailing party in this case and each party will pay its own costs, expenses, and fees, including attorneys' fees, except as otherwise indicated in this Agreement.

9.     In the event Pearlman and/or Pearlman Entities default(s) under any payment terms set forth in Paragraph 1 above, after providing written notice to Pearlman's counsel set forth below, and Pearlman's failure to cure such default within three business days of providing notice, Licata shall be entitled to entry of the Confession of Judgment, attached as Exhibit A.  A fully executed Confession of Judgment, in the form as set forth in Exhibit A, shall be delivered to counsel for Licata upon execution of this Agreement and shall be held in escrow by Morgan & Morgan until such time as its conditions precedent for entry have been met.  Once the payment terms of Paragraph 1 have been satisfied, Morgan & Morgan shall return the original executed Confession of Judgment to counsel for Pearlman.

10.     Licata, Pearlman and the Pearlman Entities affirm that the only consideration for the execution of this Agreement is the terms and conditions stated above, and that no other promise or agreement of any kind has been made to or with them by any person or entity whatsoever individually or jointly, to cause them to execute this Agreement.

11.     In the event an action is commenced seeking enforcement of this Agreement, the prevailing party in such action shall be entitled to recover its attorneys' fees and costs from the other party.  The right to recover attorneys' fees shall not be limited in any way by the liquidated damage provision contained herein.

12.    The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement.

13.    This Agreement may not be amended except in a writing that is signed by Licata, Pearlman, and the Pearlman Entities.

14.    This Agreement is a contract that shall be construed and enforced in accordance with and subject to the laws of the State of Florida.

15.    Licata, Pearlman, and the Pearlman Entities acknowledge that:

A.    They have read, or had read to them, and fully understand every provision and all the terms of this Agreement;

B.    They have agreed to execute this Agreement freely, knowingly and voluntarily.    No threats or promises have been made in order to induce either party to sign this Agreement and neither party was subjected to any undue influence in agreeing to any of its terms;

C.    They have full knowledge of the implications of the settlement and release of claims contained herein;

D.    They agree that this document contains the whole of the settlement negotiations between the parties, and it is an integrated document; and

E.    They have had the opportunity to consult with counsel of their choosing prior to execution.

16.    This Agreement may be executed in multiple counterparts via facsimile, each of which shall be treated as an original.

IN WITNESS WHEREOF, the parties hereto evidence their agreement by their signatures.

DATED this 15th day of April 2006.

SAM LICATA

_____
Keith R. Mitnik
Florida Bar No. 436127

_____
Clay M. Townsend
Florida Bar No. 363375

**MORGAN & MORGAN, P.A.**
20 North Orange Avenue, 16th Floor
Orlando, Florida 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 425-8171
Attorneys for the Plaintiff

LOUIS J. PEARLMAN

_____

**BACKSTREET BOYS, INC.**, an administratively
dissolved Florida corporation

By: _____
Its: _____Former President_____

**BACKSTREET MANAGEMENT, INC.**

By: _____
Its: _____Former President_____

**TRANS-ACTION, L.C.**

By: _____
Its: _____Former Director_____

**TRANSCONTINENTAL MEDIA, INC.**

By: _____
Its: _____Former Chairman_____

**TRANSCONTINENTAL RECORDS, INC.**

By: _____
Its: _____Chairman_____

_____
Michael Gay
Florida Bar No. 0938191

_____
Mary D. Solik
Florida Bar No. 0856479

**FOLEY & LARDNER LLP**
111 North Orange Avenue
Suite 1800
Orlando, Florida 32801
Telephone: (407) 423-7656
Facsimile: (407) 648-1743
Attorneys for the Defendants

IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT, IN AND FOR
ORANGE COUNTY, FLORIDA

SAM LICATA p/k/a "PHOENIX STONE",

      Plaintiff,

vs.

LOUIS J. PEARLMAN, BACKSTREET
BOYS, INC., an administratively dissolved
Florida corporation, BACKSTREET
MANAGEMENT, INC., TRANS-ACTION,
L.C., TRANSCONTINENTAL MEDIA,
INC., and TRANSCONTINENTAL
RECORDS, INC.,

      Defendants.

CASE NO. 02-CA-009476
Business Court/Division 32

_____/

## CONFESSION OF JUDGMENT

Defendants, LOUIS J. PEARLMAN, BACKSTREET BOYS, INC., an administratively

dissolved Florida corporation, BACKSTREET MANAGEMENT, INC., TRANS-ACTION,

L.C., TRANSCONTINENTAL MEDIA, INC., and TRANSCONTINENTAL RECORDS, INC.,

jointly and severally, do hereby confess and stipulate to entry of a final judgment in the amount

of $1,000,000.00.    Upon full payment of the $1,000,000.00, Defendants, LOUIS J.

PEARLMAN, BACKSTREET BOYS, INC., an administratively dissolved Florida corporation,

BACKSTREET MANAGEMENT, INC., TRANS-ACTION, L.C., TRANSCONTINENTAL

MEDIA, INC., and TRANSCONTINENTAL RECORDS, INC., shall be forever discharged of

this Confession of Judgment.

**EXHIBIT A**

DATED this 15th day of April, 2006.

*LOUIS J. PEARLMAN*

_____

*BACKSTREET BOYS, INC., an*
*administratively dissolved Florida corporation*

By:_____
Its:_____

*BACKSTREET MANAGEMENT, INC.*

By:_____
Its:_____

*TRANS-ACTION, L.C.*

By:_____
Its:_____

*TRANSCONTINENTAL MEDIA, INC.*

By:_____
Its:_____

*TRANSCONTINENTAL RECORDS, INC.*

By:_____
Its:_____

# EXHIBIT A

2