# EXHIBIT I

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X
LOUIS J. PEARLMAN and : Index No. 604122/05
TRANS CONTINENTAL RECORDS, INC. : (Hon. Bernard Fried)
:
Plaintiffs, :
:
-against- :
:
BRIAN LITTRELL, HOWARD D. DOROUGH, :
ALEXANDER MCLEAN, : **AFFIDAVIT**
KEVIN RICHARDSON, NICKOLAS CARTER, : **OF MARTIN D. SINGER**
BACKSTREET BOYS, INC. and BACKSTREET :
PRODUCTIONS, INC. :
:
Defendants. :
-----------------------------------------------------------X

I, MARTIN D. SINGER, DECLARE:

1. I am an attorney licensed to practice law by the State Bar of California. I am a member of Lavely & Singer Professional Corporation, which was counsel of record in or around 2000 for Nickolas Carter, Howard Dorough, Brian Littrell, Alexander J. McLean, Kevin Richardson, Backstreet Boys Inc. (a Delaware corporation) and Backstreet Productions Inc. (a Delaware corporation) (collectively, the "Backstreet Boys") against Louis J. Pearlman and business entities which were owned and/or controlled by Mr. Pearlman (collectively, the "Pearlman Parties").

2. In or around 2000, the Backstreet Boys and the Pearlman Parties were aware of claims which were made or which could be made against the Backstreet Boys and/or the Pearlman Parties by certain third parties. One of these third parties was Donna Wright who, at that time, had filed and commenced a cross-complaint asserting claims against certain of the Backstreet Boys and certain of the Pearlman Parties (Brian Littrell, Et Al. v. Wright Stuff Productions, Inc, Et Al., Orange County, Florida, Circuit Court Case No. 97-CI-8163). At that

1

time, Jeanne Tanzy Williams had filed and commenced a civil action asserting claims against certain of the Backstreet Boys and certain of the Pearlman Parties (Jeanne Tanzy Williams v. Louis J. Pearlman, Et Al., Orange County, Florida, Circuit Court Case No. 99-CA-7235).

3. In addition, the Backstreet Boys and the Pearlman Parties were aware that other third parties could potentially assert claims against the Backstreet Boys and the Pearlman Parties, even though these parties had not, as of the year 2000, commenced litigation. Two of these potential third party claimants did, in fact, ultimately commence litigation against the Backstreet Boys and the Pearlman Parties. See, e.g., Sam Licata v. Louis J. Pearlman, Et Al., Orange County, Florida, Circuit Court Case No. 02-CA-9476; Sybil Galler Hall v. Louis J. Pearlman, Et Al., Orange County, Florida, Circuit Court Case No. 02-CA-9479.

4. In my professional opinion and in the opinion of the Backstreet Boys, the liability being alleged by all of these claimants (Donna Wright, Jeanne Tanzy Williams, Sam Licata and Sybil Galler Hall) was due to the actions and omissions of Louis J. Pearlman and the business entities which he owned and/or controlled at the relevant times.

5. In July 2000, I instructed the Backstreet Boys' local counsel, Thomas P. Wert, Esq., of Carlton Fields, to deliver a letter to the Pearlman Parties demanding indemnity for all claims asserted by Jeanne Tanzy Williams. A true and correct copy of this letter from Mr. Wert to William Pringle, Esq., counsel for the Pearlman Parties, is attached hereto as Exhibit B.

6. The Pearlman Parties did not respond to the request for indemnification and did not, in fact, indemnify or reimburse the Backstreet Boys with regard to Ms. Williams' claims or the cost of defending against Ms. Williams' claims.

7. In addition, I began negotiating a settlement agreement between the Backstreet Boys and the Pearlman Parties which expressly allowed the Backstreet Boys to assert claims for indemnity against the Pearlman Parties. During September to December 2000, I engaged in

2

settlement negotiations directly with the Pearlman Parties' counsel, Michael D. Friedman, Esq., and Barry Brett, Esq.

7. During these negotiations, I and my office sent various correspondence to Mr. Friedman discussing settlement. For example, I sent a letter to Mr. Friedman dated September 13, 2000, and another letter dated November 22, 2000. My associate, Paul Karl Lukacs, Esq., sent a letter to Mr. Friedman dated December 13, 2000. True and correct copies of these three letters are attached hereto as Exhibit A.

8. In or around December 2000, I spent more than half a dozen hours on the telephone with Messrs. Friedman and Brett, negotiating a settlement of certain claims between the Backstreet Boys and the Pearlman Parties. The issue of the Backstreet Boys' ability to bring claims of indemnity against the Pearlman Parties was a significant aspect of the settlement negotiations. I repeatedly stated to Messrs. Friedman and Brett that any settlement required that the Backstreet Boys could bring claims for indemnity against the Pearlman Parties. Both Mr. Friedman and Mr. Brett agreed that the settlement would include a provision that would allow the Backstreet Boys to assert indemnity claims against the Pearlman Parties.

9. The negotiations resulted in the execution of an Agreement dated December 19, 2000 (the "Settlement Agreement"). True and correct copies of Pages 1, 11 and 12 of the Settlement Agreement are attached hereto as Exhibit C. The Settlement Agreement was drafted by Messrs. Friedman and Brett.

10. Paragraph 7 expressly allows the Backstreet Boys to assert claims for indemnity and/or contribution against the Pearlman Parties. For example, Paragraph 7(a) reads in relevant part: "The Backstreet Parties retain the right to seek indemnity and/or contribution from any and all of the Pearlman parties with regard to any and all *bona fide* claims made by any past, present, or future employee, independent contractor, or person engaged in any manner by any of the Pearlman Parties . . . ." (Emphasis in original.)

3

11. The intent of Paragraph 7 was and is to allow any of the Backstreet Boys to assert claims for indemnity and/or contribution against any of the Pearlman Parties for claims brought by former employees and agents. The reference in Paragraph 7(a) to "past" employees and contractors was a reference which included employees and contractors who were engaged prior to the effective dates of two prior settlement agreements entered into among the Backstreet Boys and the Pearlman Parties in 1998 and 1999.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Executed this 4th day of April, 2006, in Los Angeles County, California.

_____
MARTIN D. SINGER

State of California, County of Los Angeles
Subscribed and sworn to (or affirmed) before me
on this 4th day of April, 2006.
by Martin D. Singer,
personally known to me or proved to me on the
basis of satisfactory evidence to be the person(s)
who appeared before me.
Signature: Alethea Robertson



ALETHEA ROBERTSON
COMM. #1588605
NOTARY PUBLIC · CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires June 19, 2009

4

 

JOHN H. LAVELY, JR.
MARTIN D. SINGER
BRIAN G. WOLF
LYNDA B. GOLDMAN
EDWARD M. KUBEC
WILLIAM J. BRIGGS, II
R. PAUL KATRINAK
MICHAEL D. HOLTZ
W. BRENT BROCKERMEYER
PAUL KARL LUKACS
EVAN N. SPIEGEL
YAEL EFRON

# LAVELY & SINGER
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
SUITE 2400
2049 CENTURY PARK EAST
LOS ANGELES, CALIFORNIA 90067-2906

TELEPHONE
(310) 556-3501

TELECOPIER
(310) 556-3615

PAUL N. SORRELL
OF COUNSEL

September 13, 2000

**VIA TELECOPIER (212) 704-6288**

Michael D. Friedman, Esq.
PARKER, CHAPIN, FLATTAU & KLIMPL, LLP
1211 Avenue of the Americas
New York, New York 10036-8735

Re: **The Backstreet Boys/Lou Pearlman**
Our File No: 2435-4

Dear Michael:

Enclosed please find quarterly accounting statements for the period ending June 30, 2000 from Backstreet Boys, Inc., Backstreet Productions, Inc. and KBNHA. After you have had an opportunity to review the documents, please give me a call so we can continue our settlement discussions.

Best regards.

Sincerely,

MARTIN D. SINGER

Enclosure

MDS:psw

2435-4\LET 091300



PLAINTIFF'S EXHIBIT A(3)

LSII 00802

 

## LAVELY & SINGER
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
SUITE 2400
2049 CENTURY PARK EAST
LOS ANGELES, CALIFORNIA 90067-2906

JOHN H. LAVELY, JR.
MARTIN D. SINGER
BRIAN G. WOLF
LYNDA B. GOLDMAN
EDWARD M. KUBEC
WILLIAM J. BRIGGS, II
MICHAEL D. HOLTZ
W. BRENT BROCKERMEYER
ALLISON S. HART
PAUL KARL LUKACS
EVAN N. SPIEGEL
YAEL EFRON

TELEPHONE
(310) 556-3501

TELECOPIER
(310) 556-3615

PAUL N. SORRELL
OF COUNSEL

November 22, 2000

VIA TELECOPIER (212) 704-6288

Michael D. Friedman, Esq.
PARKER, CHAPIN, FLATTAU & KLIMPL, LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174

Re:   **The Backstreet Boys/Lou Pearlman**
      Our File No:   2435-4

Dear Michael:

In connection with our settlement discussions, I am enclosing herewith a copy of the most recent accounting statement from Zomba. If you have any questions, please feel free to contact me.

Sincerely,

MARTIN D. SINGER

Enclosure

MDS:psw

2435-4\LET 112200

LSII 01535

12/13/00    15:25  FAX 1 310 556 3615        LAVELY & SINGER     →→→ PARKER CHAPIN                    ☒002

# LAVELY & SINGER
### PROFESSIONAL CORPORATION

JOHN H. LAVELY, JR.
MARTIN D. SINGER
BRIAN G. WOLF
LYNDA B. GOLDMAN
EDWARD M. KUBEC
WILLIAM J. BRIGGS, II
MICHAEL D. HOLTZ
W. BRENT BROCKERMEYER
ALLISON S. HART
PAUL KARL LUKACS
EVAN N. SPIEGEL
YAEL EFRON

ATTORNEYS AT LAW
SUITE 2400
2049 CENTURY PARK EAST
LOS ANGELES, CALIFORNIA 90067-2906

TELEPHONE
(310) 556-3501

TELECOPIER
(310) 556-3615

PAUL N. SORRELL
OF COUNSEL

December 13, 2000

VIA TELECOPIER: (212) 704-6288

Michael D. Friedman, Esq.
PARKER, CHAPIN, FLATTAU & KLIMPL, LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174

Re:  **The Backstreet Boys/Lou Pearlman**
Our File No:    2435-4

Dear Mr. Friendman:

This is in response to our discussion of earlier today. The following is the markup of the latest draft of the Settlement Agreement.

We have also amended the draft stipulation in the Donna Wright action so that it does not expressly refer to the Agreement. However, the Stipulation must make it clear that the Pearlman Parties are being dropped without prejudice from the indemnity count. This is required by Florida law. We will shortly provide you with additional comments to the releases.

We are anticipating additional input from our clients and their representatives and must therefore reserve the right to make additional comments.

This letter is written for settlement purposes and is without waiver of my clients' rights or remedies, all of which are hereby expressly reserved.

Sincerely,

*Paul Karl Lukacs*
PAUL KARL LUKACS

J&GPC-02116(TANZY)
CONFIDENTIAL

# CARLTON FIELDS

ATTORNEYS AT LAW

CNL CENTER AT CITY COMMONS
450 S. ORANGE AVENUE, SUITE 500
ORLANDO, FLORIDA 32801-3336

MAILING ADDRESS:
P.O. BOX 1171, ORLANDO, FL 32802-1171
TEL (407) 849-0300  FAX (407) 648-9099

July 26, 2000

William Pringle, Esq.
390 North Orange Avenue
Suite 2100
Orlando, FL 32801

**VIA HAND DELIVERY**

Re: Backstreet Boys/Williams

Dear Mr. Pringle:

On behalf of our clients Nickolas Carter, Howard Dorough, Brian Littrell, Kevin Richardson, Backstreet Productions, Inc., a Delaware corporation, and Backstreet Boys, Inc., a Delaware corporation, we hereby demand indemnification for all liability, attorneys' fees and costs in this action from your clients Louis J. Pearlman, Backstreet Management, Inc., Trans Continental Records, Inc. and any and all other related or affiliated individuals and/or business associations (collectively "Pearlman").

Pearlman was responsible for Jeanne Tanzy Williams' involvement with our clients. Ms. Williams worked for Pearlman, not our clients. Pearlman, not our clients, terminated Ms. Williams' involvement with the Backstreet Boys. Pearlman, not our clients, negotiated the release with Ms. Williams. At that time, Pearlman should have ensured that our clients' interests were protected to avoid exactly the type of lawsuit which Ms. Williams has now filed. In short, Ms. Williams and her claims should be Pearlman's responsibility, not our clients'.

Please inform us in writing whether your client will accept this demand for indemnification. If not, our clients have no choice but to fully pursue their rights.

Very truly yours,

Thomas P. Wert

TPW/wpc
cc: Jordan Keller, Esq.
    Paul Karl Lukacs, Esq.
    Martin D. Singer, Esq.

ORL#522480.01 CARLTON. FIELDS. WARD, EMMANUEL, SMITH & CUTLER. P.A.
TAMPA   ORLANDO   TALLAHASSEE   ST. PETERSBURG   MIAMI

**PLAINTIFF'S EXHIBIT B (2)**

08/02 WILLIAMS
04769

William Pringle, Esq.
July 26, 2000
Page 2

bcc:  Mr. Michael Green (via telecopier)
      Mr. Jeff Kwatinetz (via telecopier)
      David Baram, Esq. (via telecopier)
      John Branca, Esq. (via telecopier)
      Mitch Tenzer, Esq. (via telecopier)

ORL#522480.01

08/02 WILLIAMS
04770

## AGREEMENT

Agreement dated as of the 19 day of December 2000 ("Agreement"), by and among Louis J. Pearlman ("Pearlman"), Trans Continental Records, Inc., a Florida corporation ("Trans Continental"), the individual members of the music group professionally known as the Backstreet Boys (the "Group"), to wit, Nickolas Carter ("Carter"), Howard Dorough ("Dorough"), Brian Thomas Littrell ("Littrell"), Alexander J. McLean ("McLean") and Kevin Richardson ("Richardson") (sometimes collectively referred to herein as the "Members of the Group"), Backstreet Productions, Inc., a Delaware corporation ("BPI"), Backstreet Boys, Inc, a Delaware corporation ("BBI"), and KBNHA Enterprises, Inc., a Delaware corporation ("KBNHA"), all such parties referred to hereinabove are sometimes collectively referred to herein as the "Parties." Pearlman and Trans Continental are sometimes collectively referred to herein as the "Pearlman Parties." Carter, Dorough, Littrell, McLean, Richardson, BPI, BBI and KBNHA are sometimes collectively referred to herein as the "Backstreet Parties."

WHEREAS, the Parties (other than KBNHA) heretofore entered into a Settlement Agreement dated as of October 1, 1998, setting forth various rights and obligations between and among them (the "1998 Settlement Agreement"), which agreement was amended by subsequent agreement dated as of March 24, 1999 (the "1999 Amendment");

WHEREAS, the Parties (other than KBNHA), Johnny Wright and Backstreet Management, Inc. ("BMI") heretofore entered into an agreement, dated as of October 1, 1998, which, inter alia, terminated a certain management agreement dated as of September 17, 1993 (the "Settlement and Termination Agreement");

671163_7


PLAINTIFF'S EXHIBIT

J&GPC-01906(TANZY)
CONFIDENTIAL

risk or based upon any facts or matters known to the Backstreet Parties at the time of entering into the Settlement Agreements or at any other time or known to any agent, attorney or other representative on their behalf), except for the time and preclusion based objections or defenses to the extent expressly waived hereinabove, or (iv) create or enlarge any claim, right or cause of action of the Backstreet Parties against the Pearlman Parties which did not exist prior to or independent of this Agreement.

(e) Notwithstanding anything that may be contained in this Agreement, each of the Parties expressly and unconditionally retains any claim that he or it may have in the Florida Action or otherwise against the D. Wright Parties, or any of them, Johnny Wright and/or Wright Entertainment Group, including rights of declaratory relief and interpleader.

7. **Reserved Indemnification And Contribution Claims.**

(a) The Backstreet Parties retain the right to seek indemnity and/or contribution from any or all of the Pearlman Parties with regard to any and all bona fide claims made by any past, present, or future employee, independent contractor, or person engaged in any manner by any of the Pearlman Parties including, but not limited to Jeanne Tanzy Williams, in which the claimant alleges that the Backstreet Parties owe money or other consideration for goods delivered or services performed while the claimant was engaged by the Pearlman Parties.

(b) The Pearlman Parties retain the right to seek indemnity and/or contribution from any and all of the Backstreet Parties with regard to any and all bona fide claims made by any past, present or future employee, independent contractor or person engaged in any manner by the Backstreet Parties in which the claimant alleges that the Pearlman Parties owe monies or other consideration for goods delivered or services performed while the claimant was engaged by the Backstreet Parties.

J&GPC-01916(TANZY)
CONFIDENTIAL

(c)     Other than the claim of Jeanne Tanzy Williams, which the Parties acknowledge is currently pending in the Ninth Judicial Circuit Court in and for Orange County Florida, no Party is aware of any claim, pending or threatened, which would give rise to a right of indemnification and/or contribution under this Paragraph 7 and nothing contained herein shall constitute a concession or admission that any Party is or would be liable for any indemnification and/or contribution hereunder. Nothing contained in this Paragraph 7 is intended to waive any defenses or legal positions that any Party may currently have with respect to claims which may be asserted pursuant to this Paragraph.

8.    **Escrow Accounts**. The Backstreet Parties hereby surrender any claim to, and transfer and assign to the Pearlman Parties all of their rights and interests in and to, the proceeds (including any accrued interest thereon) in (i) a certain escrow account established in or about October 1998 maintained by the law firm of Rudolph & Beer, 432 Park Avenue South, New York, New York, and (ii) a certain escrow account established in or about October 1998 maintained by the law firm Parker Chapin LLP, and further agree that the Pearlman Parties may, at their discretion, receive or direct distribution of the proceeds of such escrow accounts and terminate the accounts.

9.    **Releases**. The following releases by and between the Parties shall be effective only upon full and timely payment by the Backstreet Parties of their obligations as set forth in Paragraphs 2(a), 2(b), 2(c) and 2(e) hereof.

(a)     Each of the Backstreet Parties, on behalf of themselves and their respective subsidiaries, affiliates, predecessors, successors, assigns, heirs, executors, administrators, present and former officers, directors, shareholders and employees (collectively, the "BSB RELEASORS"), in consideration of the sum of Ten Dollars ($10.00), and for other good and valuable consideration, receipt of which is hereby acknowledged, hereby fully, finally

-12-

671163_7

J&GPC-01917(TANZY)
CONFIDENTIAL