UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                                  Case No. 6:07-bk-00761-KSJ

Chapter 11

LOUIS J. PEARLMAN, et al.
                                                                        (Substantively Consolidated)
_____/

**AARON CARTER'S RESPONSE
IN OPPOSITION OF TRUSTEE'S OBJECTION TO CLAIM**

Aaron Carter, by and through his counsel, Clay M. Townsend (collectively "Carter/Townsend" or "Claimants") files this response in opposition of the Chapter 11 Trustee's Objection to Claims (the "Objection") (ECF No. 4082), and in support says:

1. The Trustee has objected to the Claimants' Proof of Claim No. 121-1 filed in the Trans Continental Records, Inc. bankruptcy proceedings (Case No. 6:07-bk-00832-ABB) ("Trans Continental Records, Inc. case") and Claim No. 94-1 filed in the Louis J. Pearlman Enterprises, Inc. bankruptcy proceeding (Case No. 6:07-bk-01505-ABB) ("Louis J. Pearlman Enterprises, Inc. case") "since these claims are duplicative of Claim No. 584-1 filed in the Louis J. Pearlman case" which is the instant bankruptcy proceeding. Objection at ¶ 3.

2. The Trustee further objects to all three Proofs of Claim, including Claim No. 121-1 filed in the Trans Continental Records, Inc. case, Claim No. 94-1 filed in the Louis J. Pearlman Enterprises, Inc. case, and Claim No. 584-1 filed in the instant case "since the claims are without backup information to allow the Trustee to confirm valid claims for rights to legal fees and costs." Objection at ¶ 4.

<u>The Allegedly Duplicative Claims</u>

3. On July 27, 2007, the Claimant filed a Proof of Claim (Claim No. 584-1) in

-1-

the Louis J. Pearlman case in the amount of $25,687.01 related to pre-petition legal fees and costs incurred in pursuing and defending claims against the Debtor(s) related to Aaron Carter's Recording Agreement and Management Agreement with the Debtor(s), Louis J. Pearlman, Trans Continental Records, Inc. and Louis J. Pearlman Enterprises, Inc., including claims for fraud in the inducement and breach of fiduciary duty against each of the Debtor(s). A copy of Proof of Claim No. 584-1 is attached hereto as Exhibit A.

4. On that same day, the Claimants also filed an identical Proof of Claim (Claim No. 121-1) in the Trans Continental Records, Inc. case in the amount of $25,687.01 for pre-petition legal fees and costs incurred in pursuing and defending claims against the Debtor(s) related to Aaron Carter's Recording Agreement and Management Agreement with the Debtor(s), Louis J. Pearlman, Trans Continental Records, Inc. and Louis J. Pearlman Enterprises, Inc., including claims for fraud in the inducement and breach of fiduciary duty against each of the Debtor(s). A copy of Proof of Claim No. 121-1 is attached hereto as Exhibit B.

5. Also on the same day, the Claimants filed an identical Proof of claim (Claim No. 94-1) in the Louis J. Pearlman Enterprises, Inc. case in the amount of $25,687.01 for pre-petition legal fees and costs incurred in pursuing and defending claims against the Debtor(s) related to Aaron Carter's Recording Agreement and Management Agreement with the Debtor(s), Louis J. Pearlman, Trans Continental Records, Inc. and Louis J. Pearlman Enterprises, Inc., including claims for fraud in the inducement and breach of fiduciary duty against each of the Debtor(s). A copy of Proof of Claim No. 94-1 is attached hereto as Exhibit C.

6. Claim Nos. 584-1, Claim No. 121-1, and Claim No. 94-1 were filed in their

respective cases because the Defendants in the state court actions (i.e. the Debtors, Louis J. Pearlman, Trans Continental Records, Inc., and Louis J. Pearlman Enterprises, Inc.) are jointly and severally liable, and the filing of each of the proofs of claims were prior to the time that the Trans Continental Records, Inc. case and Louis J. Pearlman Enterprises, Inc. case were consolidated with the instant Louis J. Pearlman case.

7. The Claimants seek to recover on Claim No. 584-1 the amount of pre-petition legal fees and costs incurred in litigating and defending claims against the Debtor(s) related to Aaron Carter's Recording Agreement and Management Agreement with the Debtor(s), Louis J. Pearlman, Trans Continental Records, Inc. and Louis J. Pearlman Enterprises, Inc., including claims for fraud and breach of fiduciary duties against each of the Debtor(s). A copy of the Complaint in state court dated May 26, 2006 and supporting exhibits is attached hereto as Exhibit D (see Count III at pp. 17 - 18 for fraud in the inducement and Count VI at pp. 20-23 for breach of fiduciary duty).

8. Discovery in the state court action had completed and the case was moving toward trial on the substantive issues when the Debtor's bankruptcy action was filed imposing the automatic stay in the civil suit.

9. Prior to Claimants' action against the Debtors in state court in Florida, the Debtors petitioned the Superior Court in and for Los Angeles County, California to approve the Recording Agreement and Management Agreement with Aaron Carter, who was a minor at that time. The Claimants defended Aaron Carter's rights and the California Court denied Debtors' petition. A copy of the Order from the California Court denying the Debtors' Petition is attached hereto as Exhibit E.

10. To the extent that the claims under Claim No. 121-1 and Claim No. 94-1 are

duplicative of Claim No. 584-1, the Claimants will accept payment on one or the other claims for $25,687.01 upon the Court's merger or withdrawal of a claim.

### The Allegedly Deficient Backup Information

11. While every prepetition debt becomes discharged under 11 U.S.C. §727, §727(b) makes clear this is "[e]xcept as provided in section 523 of this title[.]" <u>Zitani v. Reed,</u> 992 So.2d 403, 408 (Fla. 2d DCA 2008). Further, "a debt is nondischargeable if it is 'for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.' 11 U.S.C. § 523(a)(4)." <u>Id</u>.

12. The attached pleadings together with those filed with the claims provided the "minimal supporting documentation" for evaluation as one of the Claimants' claims in their Complaint against the Debtor(s) which included claims of fraud in the inducement and breach of fiduciary duty. See Exhibit D at pp. 17 - 18; 20 – 23; see also Objection at ¶ 9.

13. Furthermore, the Recording Agreement and Management Agreement (attached as composite Exhibit F hereto) provide an additional evidentiary basis for the claims.

14. The Claimants are entitled to an unsecured claim in this case for $25,687.01 pursuant to the Affidavit of Clay M. Townsend in Support of Aaron Carter's Proof of Claim ("Affidavit") that was filed with Claim Nos. 584-1, Claim No. 94-1, and Claim No. 121-1 on July 27, 2007. A copy of the Affidavit and cost ledger are attached hereto as Exhibit G setting forth supporting "backup information to allow the Trustee to confirm valid claims for rights to legal fees and costs." Objection at ¶ 4.

15. The Claimants reserve the right to supplement this Response with additional evidentiary support if necessary. Claimants are in possession of voluminous documents, pleadings, briefs, depositions, and other materials, which can be filed and/or served on the

Trustee, upon request. The sealing and confidentiality order previously entered in the state court action as to many of these materials is now moot as the Ninth Judicial Circuit in and for Orange County, Florida (Judge Renee Roche) unsealed all of the records. See <u>Carter v. Conde Nast Publications</u>, 983 So.2d 23 (Fla. 5th DCA 2008). Thus, additional documentation in further support of Claimants' claims is available upon the Trustee's request should the need for further evidentiary basis be required.

WHEREFORE, Aaron Carter/Clay Townsend respectfully requests that this Court enter an Order: (i) overruling the Trustee's objection; (ii) granting Claimants' Proof of Claim No. 584-1 as an unsecured claim in the amount of $25,687.01; (iii) merging and/or withdrawing Claim No. 121-1 in the Trans Continental Records, Inc. case and Claim No. 94-1 in the Louis J. Pearlman Enterprises, Inc. case if indeed this Court finds that such claims are indeed duplicative of Claim No. 584-1 after reviewing the supporting documentation herein and finds that the Debtors (Louis J. Pearlman, Trans Continental Records, Inc., and Louis J. Pearlman Enterprises, Inc.) are not jointly and severally liable; and (iv) for such other and further relief as is just and proper.

Dated: July 17, 2013

**MORGAN & MORGAN, P.A.**
*Attorneys for Plaintiff*

**<u>/s/ Clay M. Townsend</u>**
Clay M. Townsend (FBN: 363375)
Keith R. Mitnik (FBN: 436127)
20 N. Orange Avenue, Ste. 1500
Orlando, FL  32801
Phone: (407) 420-1414
Fax:    (407) 425-8171
CTownsend@forthepeople.com
KMitnik@forthepeople.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed on July 17, 2013 through the Court's CM/ECF electronic notification system and served electronically on all parties having appeared electronically in this case, and by U.S. mail on the following parties:

| | |
|---|---|
| Bankruptcy Clerk's Office | Samuel A. Miller, Esq. |
| United States Bankruptcy court | Akerman Senterfitt |
| Middle District of Florida, Orlando Div. | P.O. Box 231 |
| 400 W. Washington Street | Orlando, Florida 32801-0231 |
| Orlando, Florida  32801 | |

*/s/ Clay M. Townsend*
Clay M. Townsend, Esq.

# Exhibit Index

| Exhibit No. | Description | Date |
|---|---|---|
| A | Proof of Claim No. 584-1 in Louis J. Pearlman case | 07/27/07 |
| B | Proof of Claim No. 121-1 in the Trans Continental Records case | 07/27/07 |
| C | Proof of Claim No. 94-1 in the Louis J. Pearlman Enterprises case | 07/27/07 |
| D | Complaint and exhibits filed in Florida state court | 05/26/06 |
| E | Order from the California Court denying the Debtors' Petition to Approve the Contract of a Minor | 09/29/04 |
| F | Composite of the Management Agreement and Recording Agreement between Louis J. Pearlman, Trans Continental Records, Inc. and Louis J. Pearlman Enterprises, Inc. with Aaron Carter | 05/07/04<br>12/07/04 |
| G | Affidavit of Clay M. Townsend | 07/30/07 |