UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re ) | |
| ) | |
| LOUIS J. PEARLMAN, et. al., ) | Case No. 6:07-bk-00761-KSJ |
| ) | Chapter 11 |
| Debtors. ) | |
| ) | |

**MEMORANDUM OPINION**
**DENYING TRUSTEE'S MOTION FOR RECONSIDERATION**

Several years ago, Soneet R. Kapila, the Chapter 11 Trustee, filed hundreds of "claw back" adversary proceedings against hundreds of so-called "net losers." Each had invested monies in Mr. Pearlman's large Ponzi scheme[1] but, arguably, had received fewer "payments" than the amount they had invested. The Trustee ultimately dismissed these lawsuits and, in the process, agreed to the amount of each investor's ("Affected Investors") allowed claims (the "Order").[2] The Trustee now asks the Court to reconsider the allowance of these claims.[3]

The Trustee makes two arguments to justify reconsideration of the Order. First, the Trustee claims that his previous calculations of the proper allowed claim amounts were incorrect because some of the Affected Investors made investments and withdrawals from different, previously unassociated accounts that would change his calculations. In some cases the Affected Investor would get more; in other cases, the Affected Investor would get less.

---

[1] The Ponzi scheme had two main "investment" opportunities: the "EISA Program," which relates to certain claims of investors in the Employee Investment Savings Account program, and the "TCTS Stock Program," which relates to investments into Transcontinental Airlines Travel Services, Inc.

[2] *See*, Trustee's Motion to Settle and Compromise Certain Adversary Proceedings and to Establish and Implement Omnibus Procedures Related to Such Settlement (Doc. No. 2644), and the Order Granting the Motion entered on October 29, 2009 (Doc. No. 2714).

[3] Doc. No. 4390.

Second, since the settlement in October 2009, the Trustee has started to calculate the amount of investor claims differently using the Net Investment Method.[4]  He did not use this accounting method in 2009.  The Trustee now asks the Court to vacate the portion of the Order that determined the allowed claim amounts and permit the Trustee to start the claim allowance process anew.

For legal support, the Trustee cites Bankruptcy Rule 3008 and § 502(j) of the Bankruptcy Code[5] as the legal basis for his motion. Section 502(j) provides: "A claim that has been allowed or disallowed may be reconsidered for cause . . . ."[6] Bankruptcy Rule 3008 allows a party in interest to "move for reconsideration of an order allowing or disallowing a claim."[7] Notably, however, the Trustee does not discuss or consider the application of Rule 60 of the Federal Rules of Civil Procedure to his motion.

Federal Rule 60, which governs relief from judgments or orders, applies to bankruptcy proceedings through Bankruptcy Rule 9024.[8] Bankruptcy Rule 9024 in turn provides that "a motion . . . for the reconsideration of an order allowing or disallowing a claim against the estate entered *without contest* is not subject to the one year limitation prescribed in Federal Rule 60(c)."[9] The key language is "without contest." If the allowance of a claim was contested, then Federal Rule 60(c)'s one year time limit for reconsideration applies.[10]

The Eleventh Circuit Court of Appeals, in *In re Mouzon Enterprises*,[11] provides guidance as to whether a claim was contested or not.  Holding that, if an objection to claim was filed

---

[4] Doc. No. 3919. Corresponding Memorandum Opinion located at Doc. No. 3918.
[5] All references to the Bankruptcy Code refer to 11 U.S.C. § 101 *et. seq*.
[6] 11 U.S.C. § 502(j).
[7] Fed. R. Bankr. P. 3008.
[8] Fed. R. Bankr. P. 9024.
[9] *Id.*; Emphasis added.
[10] *See In re Mouzan Enterprises, Inc.*, 610 F.3d 1329, 1332-33 (11th Cir. 2010). The time limitation prescribes that a motion under Rule 60(b) must be made within a "reasonable time," and if it falls under the specific grounds enumerated in Rule 60(b)(1), (2), or (3), not more than a year after the original order. Fed. R. Civ. P. 60(c)(1).
[11] *In re Mouzan Enterprises, Inc.*, 610 F.3d 1329 (11th Cir. 2010).

before settlement, a "contest" existed and Rule 60(c)'s time limitations applied.[12]  In defining "contest," the Eleventh Circuit Court used tools of statutory construction to determine that, when a matter is considered a "contested matter," as contemplated by Bankruptcy Rule 9014, then an order settling that matter cannot be considered to be entered "without contest" for purposes of Bankruptcy Rule 9024.[13]  The Appellate Court reasoned that the underlying "contest" arose the moment the objection to claim was filed and applied Federal Rule 60(c)'s one year time limitation to bar untimely reconsideration.[14]  The fact that the parties settled rather than litigated the dispute is irrelevant.

Here, the Trustee filed more than a simple objection to claim; he filed a formal adversary proceeding suing each Affected Investor to recover the monies each had received from the Debtors.  He clearly was "contesting" their claim, regardless of whether he filed a separate formal objection or not.  Surely the Trustee's hundreds of lawsuits against the Affected Investors disputing the amount of their claims created a "contest" for purposes of Bankruptcy Rule 9024.  As such, when a claim is allowed in connection with the settlement of an adversary proceeding, it is not made "without contest," and Federal Rule 60(c)'s one year time limit for reconsideration applies to the Trustee's motion.  Here, the Trustee filed his untimely motion more than four years after the Order.

Even if timeliness were not an issue, the Trustee has failed to establish cause to reconsider the previously allowed claims of the Affected Investors.  Section 502(j) provides that a "claim that has been allowed or disallowed may be reconsidered *for cause*."[15]  Courts have

---

[12] *Id.*
[13] *Id.* at 1333-34.
[14] *Id.* at 1334.
[15] 11 U.S.C. § 502(j).

substantial discretion in deciding whether to grant a motion to reconsider under § 502(j).[16] This Court previously noted that "cause" for reconsideration under § 502(j) considers weighing several factors, including: "(1) the extent and reasonableness of the delay, (2) the prejudice to any party in interest, (3) the effect on efficient court administration, and (4) the moving party's good faith."[17]

The Court is sympathetic to the Trustee's aim—to determine the allowed claim amount for these investors in the same manner as all other investors—and finds the Trustee filed the motion in good faith. But all three other factors weigh against reconsideration. As discussed above, the four year delay was not reasonable. Additionally, freely allowing reconsideration of orders approving settlements would deter settlement, which would negatively impact efficient court administration.

The second factor, prejudice, is more difficult to sort out. If the Court vacated its Order allowing the claims and then sustained all of the Trustee's future objections to the Affected Investor claims, the overall allowed claim amount for those claimants apparently would rise to roughly $35.7 million from $26.3 million.[18] Some affected investors' claims would increase, others would substantially decrease or even disappear. Although the overall distribution to Affected Investors, *as a group*, would increase, many *individual* Affected Investors would see their claims reduced or eliminated. These Affected Investors clearly are prejudiced.

The prejudice to other creditors is even more significant. The Order settling the claims of the Affected Investors settled only a small portion of claims held by the many other investors defrauded by the Debtors. Here, the Trustee seeks to increase the distribution to the Affected

---

[16] *In re Gomez*, 250 B.R. 397, 401 (Bankr. M.D. Fla. 1999) (citing *Int'l Yacht & Tennis, Inc. v. Wasserman (In re Int'l Yacht & Tennis, Inc.)*, 922 F.2d 659 (11th Cir. 1991)).
[17] *Id.*
[18] Doc. No. 4390, Ex. C.

Investors at the expenses of these other creditors who were not involved in the settlement in 2009.  Because the Trustee will pay all claims from one finite pot of money, by increasing the allowed amount paid to the Affected Investors, he necessarily and prejudicially is paying *less* to everyone else.

Moreover, settling parties need to know that once a settlement is reached, the settlement is binding then and four years later when distributions occur.  The Order gave Affected Investors 28 days to dispute the allowed claim amount;[19] if any investor thought their claim was inaccurately undervalued, they timely could have contested the determination. None did so.[20]  Settlements necessarily are compromises and, just because the rules change later or someone later got a better or worse deal, public policy dictates that settlements, once final, are binding.

In conclusion, the Order, entered on October 29, 2009, approving the Trustee's settlement with the Affected Investors was contested within the meaning of Bankruptcy Rule 9024.  Federal Rule 60(c)'s one-year bar prohibits granting the Trustee's untimely motion for reconsideration.  Further, even if the Trustee's motion were not time barred, this Court does not find adequate "cause" under § 502(j) of the Bankruptcy Code to reconsider the four-year-old order settling the adversary case.  The Trustee's motion for reconsideration[21] is denied.  A separate order consistent with this Memorandum Opinion shall be entered.

DONE AND ORDERED in Orlando, Florida, January 10, 2014.

KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

---

[19] Doc. No. 2714 at ¶ 9.
[20] Doc. No. 4390 at ¶ 8.
[21] Doc. No. 4390.

Samual A. Miller, Esquire, Attorney for Plaintiff, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.