**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:
LOUIS J. PEARLMAN, *et al.*,   Case No. 6:07-bk-00761-KSJ
                               Chapter 11
            Debtor.            Substantively Consolidated
_____/

**TRUSTEE'S NOTICE OF COMPROMISE OF CONTROVERSY WITH BACKSTREET BOYS, MICHAEL OPPENHEIM, HOWARD DOROUGH, NICKOLAS CARTER, KEVIN RICHARDSON, BRIAN LITTRELL, ALEXANDER MCLEAN, BACKSTREET PRODUCTIONS, INC. AND BACKSTREET BOYS, INC.**

---

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

**Pursuant to Local Rule 2002-4, the court will consider this compromise of controversy without further notice or hearing unless a party in interest files an objection within 21 days from the day of service of this paper. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at George C. Young Federal Courthouse, 400 W. Washington Street, Suite 5100, Orlando, Florida 32801, and serve a copy to: Esther A. McKean, Esq., Akerman LLP, P.O. Box 231, Orlando, Florida 32802-0231 and Clay M. Townsend, Esq., Morgan & Morgan, P.A., 20 N. Orange Avenue, Suite 1500, Orlando, Florida 32801.**

**If you file and serve an objection within the time permitted, the court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

---

Pursuant to Fed. R. Bank. P. 9019 and Local Rule 9019-1, Soneet R. Kapila, as Liquidating Trustee (the "Trustee"), for the substantively consolidated bankruptcy estate of Louis J. Pearlman ("Pearlman" or the "Debtor"), moves this Court for an order approving the compromise between the Trustee on the one hand and Backstreet Boys,

{29770604;1}

Michael Oppenheim, Howard Dorough, Nickolas Carter, Kevin Richardson, Brian Littrell, Alexander McLean, Backstreet Productions, Inc. and Backstreet Boys, Inc. (together "Claimant"). In support of this Motion, the Trustee states as follows:

### BACKGROUND ON INDEMNIFICATION CLAIMS

2. On July 23, 2007, Claimant filed the identical proof of claim in the bankruptcy cases of Louis J. Pearlman and Trans Continental Records, Inc. as a $3,451,456.04 unsecured non-priority claim. *See* Claim No. 571-1 filed in the Louis J. Pearlman case and Claim No. 120-1 filed in Trans Continental Records, Inc. case (collectively the "Indemnification Claims").

3. The Claimant states the basis for the Indemnification Claims is "Other-Indemnification."

4. On June 17, 2013, the Trustee filed an Objection to Proof of Claims filed by the Claimant as to the Indemnification Claims (Doc. No. 4078).

5. On July 16, 2013, the Claimant filed a Response in Opposition of Trustee's Objection to Claim (Doc. No. 4110).

6. On May 12, 2014, Trustee filed Amended Objection to Proof of Claims filed by the Claimant as to the Indemnification Claim (Doc. No. 4765).

### BACKGROUND ON FEES CLAIMS

7. On July 26, 2007, Claimant filed the identical proof of claim in the bankruptcy cases of Louis J. Pearlman and Trans Continental Records, Inc. as a $87,728.58 unsecured non-priority claim. *See* Claim No. 572-1 filed in the Louis J.

Pearlman case and Claim No. 119-1 filed in Trans Continental Records, Inc. case (collectively the "Fees Claims").

8. The Claimant states the basis for the Fees Claims is "Other-Legal Fees/Cost."

9. On June 17, 2013, the Trustee filed an Objection to Proof of Claims filed by the Claimant as to the Fees Claims (Doc. No. 4079).

10. On July 16, 2013, the Claimant filed a Response in Opposition of Trustee's Objection to Claim (Doc. No. 4111)(the "Response"). The Response indicated the Claims "related to the legal fees and costs in seeking indemnification of a $3,451,456.04 claim" that was being litigated in the Supreme Court of the State of New York.

11. On May 12, 2014, Trustee filed Amended Objection to Proof of Claims filed by the Claimant as to the Fees Claims (Doc. No. 4766).

## BACKGROUND ON MEDIA ASSETS

12. Claimant on the one hand and Zomba Recording, LLC, Sony BMG Music Entertainment and all of its subsidiary record labels including, but not limited to Epic Records, Columbia Records, Jive Records and RCA Records and collectively all present and former parents, subsidiaries and affiliates (collectively "Zomba") on the other hand disagree on ownership rights as to certain property relating to Claimant possessed by the Trustee.

## THE COMPROMISE

13. On April 10, 2014, the Court in open Court ordered counsel for the

Trustee and Claimant to confer regarding the Objection.

14. The Trustee and Claimant conferred on multiple occasions and reached a compromise encompassing not only the disputed claim, but the media assets as well.

15. The Trustee seeks the entry of an Order approving the compromise between Claimant and Trustee with respect to the Objection.

16. The principal terms of the Compromise are as follows:

   a. Proof of Claim Nos. 571-1 and 572-1 in the Louis J. Pearlman case shall be withdrawn.

   b. The Trustee will pay Claimant $99,000.00 as a liquidated, full and final distribution amount for Claim Nos. 119-1 and 120-1 filed in the Trans Continental Records case.

   c. The law firm of Morgan & Morgan, P.A. shall retrieve from Akerman LLP's trust the items referenced in Exhibit A to the Settlement Agreement and hold the items in trust.

   d. The Trustee and Claimant shall release each other from any claim relating to the substantively consolidated bankruptcy cases.

   e. The Claimant shall indemnify, defend and hold Trustee harmless relating to the items referenced in Exhibit A to the Settlement Agreement commencing once Claimant, Morgan & Morgan, P.A. or their designees begin to take possession of said items.

17. A true and correct copy of the Settlement Agreement containing the controlling terms and conditions of the compromise is attached hereto as **Exhibit 1**.

## LEGAL ARGUMENT AND CITATION TO AUTHORITY

18.  Bankruptcy Rule 9019(a) provides that: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a).

19.  Approval of a settlement in a bankruptcy proceeding is within the sole discretion of the Court. In re Arrow Air, 85 BR 891 (Bankr. S.D. Fla. 1988). The standards for approval are well settled and require the Court to inquire into the reasonableness of the proposed settlement. See, e.g., Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968); In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir.), *cert. denied, sub nom.,* Cosoff v. Rodman, 464 U.S. 822 (1983); Florida Trailer and Equip. Co. v. Deal, 284 F.2d 567, 571 (5th Cir. 1960). The inquiry need only determine whether the settlement falls below the lowest point of the range of reasonableness. See W.T. Grant Co., 699 F.2d at 608.

20.  In the Eleventh Circuit, the Court must consider the following factors in determining whether to approve the settlement (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors and proper deference to their reasonable views in the premises. In re Justice Oaks, II, Ltd., 898 F.2d 1544, 1549 (11th Cir. 1990), cert. denied, 498 U.S. 959 (1990) (establishing the legal

standard for approval of settlements).  <u>See</u> <u>also</u> <u>In re Martin</u>, 91 F.3d 389 (3rd Cir. 1996); <u>In re Louise's Inc.</u>, 211 B.R. 798 (D. Del. 1997).

    21.    In evaluating the settlement reached, this Court—

> need not rest its decision whether to approve a settlement upon a resolution of ultimate factual and legal issues which underlie the disputes that are proposed to be compromised. <u>In re Teltronics Services, Inc.</u>, *supra*. In a Fifth Circuit decision which is binding on this Court, <u>Florida Trailer and Equipment Company v. Deal</u>, 284 F.2d 567, 571 (5th Cir.1960), the Court stated:
>
> Of course, the approval of a proposed settlement does not depend upon establishing as a matter of legal certainty that the subject claim or counterclaim is or is not worthless or valuable. The probable outcome in the event of litigation, the relative advantages and disadvantages are, of course, relevant factors for evaluation. *But the very uncertainties of litigation, as well as the avoidance of wasteful litigation and expense, lay behind the Congressional infusion of a power to compromise. This is a recognition of the policy of the law generally to encourage settlements. This could hardly be achieved if the test on hearing for approval meant establishing success or failure to a certainty. Parties would be hesitant to explore the likelihood of settlement apprehensive as they would then be that the application for approval would necessarily result in a judicial determination that there was no escape from liability or no hope of recovery and hence no basis for a compromise*. Thus, this Court need not resolve each disputed matter in determining the propriety of the settlement; rather, the Court may, and should, make a pragmatic decision on the basis of all equitable factors.

<u>In re Holywell Corp.</u>, 93 B.R. 291 (Bankr. S.D. Fla. 1988) (emphasis in original).

    22.    The benefits of proceeding with the compromise far outweigh the potential benefits of litigating the Claims.  While the Trustee is confident in his position that the Claims are not a liability of the bankruptcy estate, prosecuting the Objection may result in attorneys' fees and costs to the estate which would most likely result in lower distributions to creditors of the estate.

23. Finally, the compromise was developed and negotiated with the aid of knowledgeable and competent counsel with significant expertise in complex litigation, and bankruptcy issues.

24. Based upon the foregoing, the Trustee respectfully submits that the compromise falls well within the "range of reasonableness" and satisfies the legal standard set forth in <u>Justice Oaks</u>. Accordingly, the Trustee requests that the compromise be approved.

**WHEREFORE**, the Trustee respectfully requests this Court to enter an Order (i) approving the terms of compromise described herein; (ii) authorizing the Trustee to execute the document attached to the Settlement Agreement; and (iii) granting any additional relief as the Court deems appropriate.

Dated this 21st day of October, 2014.

> */s/ Samual A. Miller*
> Samual A. Miller, Esquire
> Florida Bar No. 034491
> Esther McKean, Esquire
> Florida Bar No. 28124
> 420 South Orange Avenue, Suite 1200
> Post Office Box 231
> Orlando, Florida 32802-0231
> Phone: (407) 423-4000
> Facsimile: (407) 843-6610
> E-mail: samual.miller@akerman.com
> esther.mckean@akerman.com

and

Michael I. Goldberg, Esquire
Florida Bar No.: 886602
Las Olas Centre II, Suite 1600
350 East Las Olas Blvd.
Ft. Lauderdale, FL 33301-2229
Phone: (954) 463-2700
Fax: (954) 463-2224
E-mail: michael.goldberg@akerman.com

**Attorneys for Soneet R. Kapila**
**Liquidating Trustee**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 21, 2014, I caused the foregoing to be served on all persons receiving notice in this bankruptcy case through the Court's CM/ECF system, by e-mail to all parties who requested service by e-mail at the 341 meeting in this case, and on October 22, 2014 by United States Mail, postage prepaid, to all parties on the Official Service List as amended on October 1, 2014 and to Clay M. Townsend, Esq., Morgan & Morgan, P.A., 20 N. Orange Avenue, Suite 1500, Orlando, Florida 32801 and Robert L. Young, Esq., CNL Center at City Commons, 450 S. Orange Avenue, Orlando, Florida 32801-3370.

*/s/ Samual A. Miller*
Samual A. Miller, Esq.